## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **DERRICK JAMES WILLIAMSON, JR.** | )( | |
| **PRO SE** | )( | |
| **Plaintiff,** | )( | |
| | )( | |
| **v.** | )( | |
| | )( | |
| **ALABAMA DEPARTMENT OF MENTAL** | )( | **Case No. 7:19-cv-00669-GMB** |
| **HEALTH AND MENTAL RETARDATION** | )( | |
| **ET AL.,** | )( | |
| **Defendants** | )( | |

## ANSWER

Comes now the Defendant designated as the Alabama Department of Mental Health and Mental Retardation and files the following as its Answer to the Complaint in this matter.

### RESPONSE TO PARAGRAPHS REGARDING PLAINTIFF

1.     This paragraph does not require a response.

2.     The Defendant admits that the Plaintiff is a Mental Health Security Officer II and that he is an African-American employee.  The Defendant denies the remaining assertions, as stated, of Paragraph 2.

### RESPONSE TO PARAGRAPHS REGARDING DEFENDANTS

3.     The Defendant denies that police officers employed by the Department have full arrest authority and denies that the individual Defendants were acting under color of state law. The Defendant admits the remaining assertions, with the clarification that ADMH does not house all criminal commitment patients at Taylor Hardin.

4.     The Defendant admits the assertions of paragraph number four.

5.     Associate Commissioner Zelda Diane Baugher has a primary business address at 100 North Union Street in Montgomery.  Defendant admits the remaining assertions of paragraph five.

6.      The Defendant admits the assertions of paragraph number six.

7.      The Defendant admits the assertions of paragraph number seven.

8.      The Defendant admits the assertions of paragraph number eight.

9.      The Defendant admits the assertions of paragraph number nine.

10.     The Defendant admits the assertions of paragraph number ten.

### RESPONSE TO PARAGRAPHS REGARDING JURISDICTION

11.     Paragraph 11 asserts that the Plaintiff is making claims pursuant to the United States Constitution and certain federal statutes.  The Defendant denies that the Plaintiff can maintain a claim pursuant to these constitutional provisions and statutes.

12.     Paragraph 12 asserts that the Plaintiff is making a claim under certain federal and state statutes and rules.  The Defendant denies that the Plaintiff can maintain a claim pursuant to these statutes and rules.

### RESPONSE TO PARAGRAPHS REGARDING FACTS

13.     The Defendant denies the assertions of paragraph number thirteen.

14.     The Defendant denies the assertions of paragraph number fourteen.

15.     The Defendant denies the assertions of paragraph number fifteen.

16.     The Defendant admits that the performance appraisal was revised by Anderson. The Defendant denies the remaining assertions of paragraph sixteen.

17.     The Defendant admits that Jackson was notified of what the Plaintiff perceived to be criminal activity within Taylor Hardin and that she advised that officers should follow an administrative/non-criminal process in certain instances instead of seeking criminal action.  The Defendant denies the remaining assertions of paragraph seventeen.

18.     The Defendant admits that the Plaintiff reported what he perceived to be potential ethical violations committed by Jackson.  The Defendant denies the remaining assertions of paragraph eighteen.

2

19.     The Defendant denies the assertions of paragraph number nineteen.

20.     The Defendant denies the assertions of paragraph number twenty.

21.     The Defendant denies the assertions of paragraph twenty-one as written.

22.     The Defendant denies the assertions of paragraph number twenty-two.

23.     The Defendant admits that the Plaintiff was not hired as a Mental Health Special Agent I.  The Defendant denies the remainder of the assertions in paragraph twenty-three.

24.     The Defendant denies the assertions of paragraph number twenty-four.

25.     The Defendant admits that Anderson revoked the Plaintiff's access to the National Crime Information Center.  The Defendant denies the remaining assertions of paragraph twenty-five.

26.     The Defendant admits that the Plaintiff was verbally counseled by Anderson.  The Defendant denies the remaining assertions of paragraph twenty-six.

27.     The Defendant denies the assertions of paragraph number twenty-seven.

28.     The Defendant denies the assertions of paragraph number twenty-eight.

29.     The Defendant denies, as written, the assertions of paragraph twenty-nine.

30.     The Defendant admits that the Plaintiff filed a Complaint.  The Defendant denies the remaining assertions of paragraph thirty.

31.     The Defendant admits that the Plaintiff filed a Complaint regarding the reprimand he received on May 2, 2018.  The Defendant denies the remaining assertions of paragraph thirty-one.

32.     The Defendant denies the assertions of paragraph number thirty-two.

33.     The Defendant admits that the Plaintiff was not hired as an Administrator II.  The Defendant denies the remaining assertions of paragraph thirty-three.

34.     The Defendant admits the assertions of paragraph number thirty-four.

35.     The Defendant denies the assertions of paragraph number thirty-five.

3

36.     The Defendant denies the assertions of paragraph number thirty-six.

37.     The Defendant admits that the Plaintiff filed a charge of discrimination/retaliation with the Equal Employment Opportunity Commission.   The Defendant denies the remaining assertions of paragraph thirty-seven.

38.     The Defendant admits that the Plaintiff received a written warning.  The Defendant denies the remaining assertions of paragraph thirty-eight.

39.     The Defendant denies the assertions of paragraph number thirty-nine.

40.     The Defendant admits that the Plaintiff filed an EEOC charge of retaliation.  The Defendant denies the remaining assertions of paragraph forty.

41.     The Defendant admits that the Plaintiff received a written reprimand.   The Defendant denies the remaining assertions of paragraph forty-one.

42.     The Defendant admits that the Plaintiff filed an EEOC charge of retaliation.  The Defendant denies the remaining assertions of paragraph forty-two.

43.     The Defendant admits that attorney William Dawson was present for the pre-disciplinary conference.  The Defendant denies the remaining assertions of paragraph forty-three.

44.     The Defendant denies the assertions of paragraph number forty-four.

45.     The Defendant admits that the Plaintiff filed an EEOC charge of retaliation.  The Defendant denies the remaining assertions of paragraph forty-five.

46.     The Defendant admits that Dawson sent a letter requesting reconsideration and that ADMH legal counsel responded.  The Defendant denies the remaining assertions of paragraph forty-six.

47.     The Defendant admits that the Plaintiff received a performance appraisal on or about October 20, 2018.  The Defendant denies the remaining assertions of paragraph forty-seven.

48.     The Defendant admits that the performance appraisal, after completed, was sent to the State of Alabama Personnel Department.  The Defendant denies the remaining assertions of paragraph forty-eight.

49.     The Defendant denies the assertions of paragraph number forty-nine.

50.     The Defendant admits that the Plaintiff requested a meeting with Defendant Beshear.  The Defendant denies the remaining assertions of paragraph fifty.

51.     The Defendant denies the assertions of paragraph number fifty-one.

52.     The Defendant denies the assertions of paragraph number fifty-two.

53.     The Defendant denies the assertions of paragraph number fifty-three.

54.     The Defendant denies the assertions of paragraph number fifty-four.

55.     The Defendant admits that the Plaintiff applied for an Administrative II position and that he was not interviewed for that position.  The Defendant denies the remaining assertions of paragraph fifty-five.

56.     The Defendant denies the assertions of paragraph number fifty-six.

57.     The Defendant admits that the Plaintiff was declined a meeting with Defendant Beshear.  The Defendant denies the remaining assertions of paragraph fifty-seven.

58.     The Defendant admits that Defendant Rittner declined to prosecute.  The Defendant denies the remaining allegations of paragraph fifty-eight.

59.     The Defendant admits that the Plaintiff was not hired as a Mental Health Security Officer III (Captain).  The Defendant denies the remaining assertions of paragraph fifty-nine.

60.     The Defendant denies, as written, the assertions of paragraph sixty.

61.     The Defendant admits that the Plaintiff was considered for transfer to day shift and that other officers working that shift presented a letter to Jackson.  The Defendant denies the remaining assertions of paragraph sixty-one.

62.     The Defendant admits that the Plaintiff provided a written response to the letter. The Defendant denies the remaining assertions of paragraph sixty-two.

63.     The Defendant admits that a pre-disciplinary conference was scheduled. The Defendants denies the remaining assertions of paragraph sixty-three.

64.     The Defendant admits that the Plaintiff attended the scheduled pre-disciplinary conference and presented rebuttals to charges.  The Defendant denies the remaining assertions of paragraph sixty-four.

65.     The Defendant admits that the Plaintiff was suspended and that he filed a Complaint.  The Defendant denies the remaining assertions of paragraph sixty-five.

66.     The Defendant admits that the Plaintiff sent a letter to Defendant Beshear.  The Defendant denies the remaining assertions of paragraph sixty-six.

67.     The Defendant admits that the Plaintiff was transferred to day shift.  The Defendant denies the remaining assertions of paragraph sixty-seven.

68.     The Defendant admits that the Plaintiff was given a hearing in which Eric Carpenter acted as the Hearing Officer.  The Defendant denies the remaining assertions of paragraph sixty-eight.

69.     The Defendant admits that Defendant Beshear upheld the five-day suspension.  The Defendant denies the remaining assertions of paragraph sixty-nine.

70.     The Defendant denies the assertions of paragraph number seventy.

71.     The Defendant denies the assertions of paragraph number seventy-one.

72.     The Defendant denies the assertions of paragraph number seventy-two.

73.     The Defendant denies the assertions of paragraph number seventy-three.

74.     The Defendant denies the assertions of paragraph number seventy-four.

75.     The Defendant denies the assertions of paragraph number seventy-five.

76.     The Defendant denies the assertions of paragraph number seventy-six.

77.     The Defendant admits that the Plaintiff was disciplined.  The Defendant denies the remaining assertions of paragraph seventy-seven.

78.     The Defendant denies the assertions of paragraph number seventy-eight.

**RESPONSE TO PARAGRAPHS REGARDING
RIGHT TO SUE LETTERS FROM EEOC**

79.     The Defendant admits the assertions contained in paragraph 79.

80.     The Defendant admits the assertions contained in paragraph 80.

81.     The Defendant admits the assertions contained in paragraph 81.

**RESPONSE TO FIRST CAUSE OF ACTION**

82.     This paragraph does not require a response.

83.     Count One does not allege a cause of action against ADMH.  Therefore, no response is required.

84.     Count One does not allege a cause of action against ADMH.  Therefore, no response is required.

85.     Count One does not allege a cause of action against ADMH.  Therefore, no response is required.

86.     Count One does not allege a cause of action against ADMH.  Therefore, no response is required.

87.     Count One does not allege a cause of action against ADMH.  Therefore, no response is required.

88.     Count One does not allege a cause of action against ADMH.  Therefore, no response is required.

89.     Count One does not allege a cause of action against ADMH.  Therefore, no response is required.

## RESPONSE TO SECOND CAUSE OF ACTION

90.     This paragraph does not require a response.

91.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

92.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

93.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

94.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

95.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

96.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

97.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

98.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

99.     Count Two does not allege a cause of action against ADMH.   Therefore, no response is required.

## RESPONSE TO THIRD CAUSE OF ACTION

100.     This paragraph does not require a response.

101.     Count Three does not allege a cause of action against ADMH.   Therefore, no response is required.

8

102.    Count Three does not allege a cause of action against ADMH.   Therefore, no response is required.

103.    Count Three does not allege a cause of action against ADMH.   Therefore, no response is required.

104.    Count Three does not allege a cause of action against ADMH.   Therefore, no response is required.

### RESPONSE TO FOURTH CAUSE OF ACTION

105.    This paragraph does not require a response.

106.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

107.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

108.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

109.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

110.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

111.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

112.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

113.    Count Four does not allege a cause of action against ADMH.   Therefore, no response is required.

## RESPONSE TO FIFTH CAUSE OF ACTION

114.    This paragraph does not require a response.

115.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

116.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

117.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

118.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

119.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

120.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

121.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

122.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

123.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

124.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

125.    Count Five does not allege a cause of action against ADMH.    Therefore, no response is required.

126.    Count Five does not allege a cause of action against ADMH.  Therefore, no response is required.

### RESPONSE TO SIXTH CAUSE OF ACTION

127.    This paragraph does not require a response.

128.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

129.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

130.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

131.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

132.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

133.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

134.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

135.    Count Six does not allege a cause of action against ADMH.  Therefore, no response is required.

### RESPONSE TO SEVENTH CAUSE OF ACTION

136.    This paragraph does not require a response.

137.    Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

138.     Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

139.     Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

140.     Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

141.     Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

142.     Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

143.     Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

144.     Count Seven does not allege a cause of action against ADMH.  Therefore, no response is required.

## RESPONSE TO EIGHTH CAUSE OF ACTION

145.     This paragraph does not require a response.

146.     Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

147.     Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

148.     Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

149.     Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

150.   Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

151.   Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

152.   Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

153.   Count Eight does not allege a cause of action against ADMH.  Therefore, no response is required.

**RESPONSE TO NINTH CAUSE OF ACTION**

154.   This paragraph does not require a response.

155.   Count Nine does not allege a cause of action against ADMH.   Therefore, no response is required.

156.   Count Nine does not allege a cause of action against ADMH.  Therefore, no response is required.

157.   Count Nine does not allege a cause of action against ADMH.  Therefore, no response is required.

158.   Count Nine does not allege a cause of action against ADMH.  Therefore, no response is required.

159.   Count Nine does not allege a cause of action against ADMH.  Therefore, no response is required.

160.   Count Nine does not allege a cause of action against ADMH.  Therefore, no response is required.

**RESPONSE TO TENTH CAUSE OF ACTION**

161.   This paragraph does not require a response.

13

162.    Count Ten does not allege a cause of action against ADMH.  Therefore, no response is required.

163.    Count Ten does not allege a cause of action against ADMH.  Therefore, no response is required.

164.    Count Ten does not allege a cause of action against ADMH.  Therefore, no response is required.

165.    Count Ten does not allege a cause of action against ADMH.  Therefore, no response is required.

### RESPONSE TO ELEVENTH CAUSE OF ACTION

166.    This paragraph does not require a response.

167.    Count Eleven does not allege a cause of action against ADMH.  Therefore, no response is required.

168.    Count Eleven does not allege a cause of action against ADMH.  Therefore, no response is required.

### RESPONSE TO TWELFTH CAUSE OF ACTION

169.    This paragraph does not require a response.

170.    This Defendant denies the assertions of Paragraph 170.

171.    This Defendant denies the assertions of Paragraph 171.

172.    This Defendant denies the assertions of Paragraph 172.

173.    This Defendant denies the assertions of Paragraph 173.

174.    This Defendant denies the assertions of Paragraph 174.

### RESPONSE TO THIRTEENTH CAUSE OF ACTION

175.    This paragraph does not require a response.

176.    Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

177.     Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

178.     Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

179.     Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

180.     Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

181.     Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

182.     Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

183.     Count Thirteen does not allege a cause of action against ADMH.  Therefore, no response is required.

**RESPONSE TO FOURTEENTH CAUSE OF ACTION**

184.     This paragraph does not require a response.

185.     Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

186.     Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

187.     Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

188.     Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

189.    Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

190.    Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

191.    Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

192.    Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

193.    Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

194.    Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

195.    Count Fourteen does not allege a cause of action against ADMH.  Therefore, no response is required.

**RESPONSE TO FIFTEENTH CAUSE OF ACTION**

196.    This paragraph does not require a response.

197.    Count Fifteen does not allege a cause of action against ADMH.  Therefore, no response is required.

198.    Count Fifteen does not allege a cause of action against ADMH.  Therefore, no response is required.

199.    Count Fifteen does not allege a cause of action against ADMH.  Therefore, no response is required.

200.    Count Fifteen does not allege a cause of action against ADMH.  Therefore, no response is required.

201.    Count Fifteen does not allege a cause of action against ADMH.  Therefore, no response is required.

202.    Count Fifteen does not allege a cause of action against ADMH.  Therefore, no response is required.

**RESPONSE TO SIXTEENTH CAUSE OF ACTION**

203.    This paragraph does not require a response.

204.    Count Sixteen does not allege a cause of action against ADMH.  Therefore, no response is required.

205.    Count Sixteen does not allege a cause of action against ADMH.  Therefore, no response is required.

206.    Count Sixteen does not allege a cause of action against ADMH.  Therefore, no response is required.

207.    Count Sixteen does not allege a cause of action against ADMH.  Therefore, no response is required.

208.    Count Sixteen does not allege a cause of action against ADMH.  Therefore, no response is required.

209.    Count Sixteen does not allege a cause of action against ADMH.  Therefore, no response is required.

210.    Count Sixteen does not allege a cause of action against ADMH.  Therefore, no response is required.

**RESPONSE TO PARAGRAPH REGARDING
IRREPARABLE HARM, INJURY AND ADVERSITY**

211.    This paragraph does not require a response.

212.   This Count does not allege a cause of action against ADMH.   Therefore, no response is required.

213.   This Count does not allege a cause of action against ADMH.   Therefore, no response is required.

214.   This Count does not allege a cause of action against ADMH.   Therefore, no response is required.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

## AFFIRMATIVE DEFENSE ONE

Plaintiff's claims are barred by the applicable statutes of limitation.

## AFFIRMATIVE DEFENSE TWO

The Alabama Department of Mental Health did not discriminate (intentional or otherwise) against the Plaintiff on the basis of race or any other basis.

## AFFIRMTIVE DEFENSE THREE

The Complaint fails to state a claim upon which relief can be granted.

## AFFIRMATIVE DEFENSE FOUR

The Court lacks jurisdiction over the persons involved in this action.

## AFFIRMATIVE DEFENSE FIVE

The Court lacks jurisdiction over the subject matter of this action.

## AFFIRMATIVE DEFENSE SIX

The Defendant denies generally that the Plaintiff is entitled to receive any portion of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSE SEVEN

The Defendant is absolutely immune from suit for monetary damages or other relief pursuant to the Eleventh Amendment to the United States Constitution.

## AFFIRMATIVE DEFENSE EIGHT

The Defendant is absolutely immune to Plaintiff's state law claims pursuant to Article 1, § 14 of the Constitution of the State of Alabama.

## AFFIRMATIVE DEFENSE NINE

The Defendant asserts that the portions of the Plaintiff's Complaint which attempt to state a cause of action pursuant to 42 U.S.C. Section 1983 fail to establish a claim upon which relief can be granted.

## AFFIRMATIVE DEFENSE TEN

The proper name of this Defendant is the Alabama Department of Mental Health.

Respectfully submitted,

TERRI OLIVE TOMPKINS

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendant ADMH
PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.
1201 Greensboro Avenue
Tuscaloosa, Alabama  35401
Telephone: (205) 345-5100

THOMAS B. KLINNER
EDWARD C. HIXON

*/s THOMAS B. KLINNER*
Attorneys for Defendant ADMH
Alabama Department of Mental Health
Bureau of Legal Services
Department of Mental Health
P. O. Box 301410
Montgomery, AL 36130-1410

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading or paper has been served upon:

Derrick James Williamson, Jr.
8816 Old Greensboro Road, Apt. 20104
Tuscaloosa, AL 35405

on this 25th day of June, 2019, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

<u>*/s/ TERRI OLIVE TOMPKINS*</u>
Attorney for Defendants