# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR., PRO SE ) ) | |
| *PLAINTIFF* ) | CASE NO.: **7:19-CV-00669-GMB** |
| ) | |
| V. ) | |
| ) | |
| ALABAMA DEPARTMENT OF MENTAL ) HEALTH AND MENTAL RETARDATION, ) ET AL ) | OPPOSED IN PART |
| ) | |
| *DEFENDANTS* ) | |

## RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS

COMES NOW, the Plaintiff, DERRICK JAMES WILLIAMSON, JR., and files his Response to the Defendants' Motion to Dismiss.

## STANDARD FOR MOTION TO DISMISS

In considering a Motion to Dismiss under Federal Rules of Civil Procedure 12(b), this court must consider the legal adequacy of the Complaint, not the weight of evidence potentially offered at trial. See *Sawinski v. Bill Currie Ford, Inc.*, 866 F. Supp. 1383 (M.D. Fla 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L. Ed.2d 80 (1957)). Well-pleaded facts within the Plaintiff's Complaint and all reasonable inferences drawn from those facts must be considered true. See *Jackson v. Okaloosa County, Fla.*, 21 F. 3d 1531, 1534 (11th Cir. 1994). Specific facts are not required; statements need only "give the defendant fair notice of what the claim is and the grounds upon which it rests". See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)

Additionally, a well pleaded Complaint may proceed even if a savvy judge gains perception that actual proof of presented facts is improbable, and that recovery is unlikely. See *Twombly*, 550 U.S. at 556. Finally, "Dismissal is a harsh penalty that should only be imposed in extreme circumstances…" *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383 (M.D. Fla. 1994); *Lebbos v. Heinrichs,* 696 F. Supp. 1279, 1285 (N.D. Cal 1988). "Dismissal should only be granted with care in order to avoid improperly denying the plaintiff the opportunity to have [their] claim[s] adjudicated on the merits." *Sawinski*, 866 F. Supp. 1383 (citing *Cohen v. McAllister*, 688 F.Supp. 1040, 1043 (W.D.Pa. 1988)).

## ARGUMENTS

Based upon review of the Defendants' Motion to Dismiss, Plaintiff declines a substantial response to Argument 1 based upon inapplicable contentions, concedes regarding Argument 2, and contends that Argument 3's request for dismissal is due to be DENIED. The Plaintiff presents the following based upon the Defendants' argument that "certain claims against them" must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6):

**1. "THE PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES FOR MONETARY RELIEF ARE DUE TO BE DISMISSED."**

In response to, "The Plaintiff has made the following claims against the Defendants (in various combinations) in their official capacities for monetary relief:", the Plaintiff views no claim in the Complaint for monetary relief in any of the named Defendants' "official capacity" regarding Counts 1 – 11 seeing that monetary relief is plead with specificity. Pursuant to Alabama Code 36-1-12(b), Plaintiff agrees that such claims (referring to official capacity claims), if were present, would be barred by Sovereign Immunity for monetary relief

for the purpose of 42 U.S.C. § 1983. Therefore, Plaintiff will not substantially respond regarding these contentions.

## 2. "THE PLAINTIFF'S CLAIM FOR DOUBLE JEOPARDY (COUNT 3) IS DUE TO BE DISMISSED."

Plaintiff concedes in response to arguments set forth regarding this claim.

## 3. "THE PLAINTIFF'S CLAIM FOR CONSPIRACY UNDER 42 U.S.C. § 1985(2) (COUNT 9) IS DUE TO BE DISMISSED."

Defendants' assert that 42 U.S.C. § 1985(2) "applies only to federal court matters". Defendants' assertion is irrefutably false in that 42 U.S.C. § 1985(2) presents two separate clauses. Clause One sets forth the following:

> *"(2) Obstructing justice; intimidating party, witness, or juror If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror"*

Clause Two, in which the Plaintiff claims the Defendants are violating through such conspiracy, sets forth the following:

> *"or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws"*

It is well established that this second clause of 42 U.S.C. § 1985(2) "applies to conspiracies to obstruct the course of justice in state courts" *Gochett v. Miller Helpers Inc.*, No. 3-16-1844 (M.D. Tenn. Jan. 10, 2017) and that "the second part of 1985(2) creates a similar cause of

action for interference with state proceedings" *Kimble v. McDuffy, INC.*, 454 U.S. 1110 (1981). Also see *Kush v. Rutledge*, 103 S.Ct. 1483, 1487 (1983) (same principles apply to claims regarding private conspiracies to obstruct justice regarding state court proceedings); *Smith v. Breen*, 2010 WL 2557447 at * 15 (W.D. Tenn. June 21, 2010); *Green v. Tenn. Dept. of Human Servs.*, 2008 WL 2074113 at * 9 (M.D. Tenn. May 14, 2008); *Bragg v. Madison*, 20 Fed. Appx. 278, 285 (6th Cir. 2001); *Was v. Young*, 796 F.Supp. 1041, 1053 (E.D. Mich. 1992). The phrase stated by the Defendants within *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 n. 2 (11th Cir. 2000) references and relies upon 42 U.S.C. § 1985(2) Clause One which is inapplicable to this claim and the entirety of this Complaint.

The Defendants assert that the "Plaintiff has only alleged conspiracy with respect to personnel matters" and this is blatantly false. Plaintiff has alleged and set forth criminal conspiracy in regard to law enforcement and witness obstructions which impede, hinder, and defeat, in any manner; and the Defendants' intent to injure the Plaintiff from enforcing and attempting to enforce the right of any person. See paragraphs 17, 21, 25, 27, 28, 29, 51, and other applicable paragraphs within the Complaint. Plaintiff has authority under Alabama Code § 22-50-21 (as an appointed sworn police officer) and pursuant to the Tenth Amendment (delegation of police power to the states) to enforce, among numerous, Alabama Code § 13A-10-2, Alabama Code § 13A-10-41, Alabama Code § 13A-11-7 (presented in Complaint) and;

**Alabama Code § 13A-4-3 "Criminal Conspiracy"**

> *"(a) A person is guilty of criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement.*
>
> *(b) If a person knows or should know that one with whom he agrees has in turn agreed or will agree with another to effect the same criminal objective, he shall be deemed to have agreed with such other person, whether or not he knows the other's identity.*

*(c) A person is not liable under this section if, under circumstances manifesting a voluntary and complete renunciation of his criminal purpose, he gave a timely and adequate warning to law enforcement authorities or made a substantial effort to prevent the enforcement of the criminal conduct contemplated by the conspiracy. Renunciation by one conspirator, however, does not affect the liability of another conspirator who does not join in the abandonment of the conspiratorial objective. The burden of injecting the issue of renunciation is on the defendant, but this does not shift the burden of proof.*

*(d) It is no defense to a prosecution for criminal conspiracy that:*

*(1) The person, or persons, with whom defendant is alleged to have conspired has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or is immune from prosecution, or*

*(2) The person, or persons, with whom defendant conspired could not be guilty of the conspiracy or the object crime because of lack of mental responsibility or culpability, or other legal incapacity or defense, or*

*(3) The defendant belongs to a class of persons who by definition are legally incapable in an individual capacity of committing the offense that is the object of the conspiracy."*

It has been alleged, with substantial evidence to offer during discovery, that Defendants have hindered and injured the Plaintiff regarding his duty to the public and have criminally sought to obstruct authority designated to the Plaintiff by law. Plaintiff additionally asserts there were active state court proceedings commenced by the Plaintiff which were presented within the Complaint. Plaintiff recognizes that such state law enforcement authority is still contested by the Defendants in their Answer to the Complaint; contested facts are not a ground for dismissal. Therefore, Plaintiff states a valid claim pursuant to 42 U.S.C. § 1985(2) Clause Two and Defendants Motion to Dismiss, based upon their single citation, is due to be DENIED.

## CONCLUSION

WHEREFORE, Plaintiff respectively requests this Honorable Court and your Honor deny Defendants' Motion to Dismiss regarding Count 9 of the Complaint and adjudicate

6

Argument 1 on the merits of sustaining Defendants in their official capacity for injunctive and/or declaratory relief.

**Date:** Wednesday, June 26, 2019

Respectfully Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

## CERTIFICATE OF SERVICE

  I, Derrick James Williamson, Jr., certify that on 6/27/2019 I served a copy of this document on the Defendants' attorneys by hand delivering / mailing it to 1201 Greensboro Avenue, Tuscaloosa, Alabama, 35402 / 100 North Union Street, Suite 536, Montgomery, Alabama, 36130.

**Date:** Thursday, June 27th, 2019

*[signature]*

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com