IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR. PRO SE | )( )( |
| Plaintiff, | )( )( |
| v. | )( )( |
| ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION ET AL., | )( )( )( |
| Defendants | )( )( |

Case No. 7:19-cv-00669-GMB

OPPOSED

### DEFENDANT BAUGHER'S MOTION TO DISMISS

Comes now the Defendant Zelda Diane Baugher and moves this Honorable Court to dismiss the following claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PARTIES

The Plaintiff, Derrick James Williamson, Jr., is a Mental Health Security Officer II working for the Alabama Department of Mental Health. (Doc. 1, ¶ 2). The Alabama Department of Mental Health ("ADMH") "is a state agency tasked with overseeing the State of Alabama's mission in combatting mental illness." (Doc. 1, ¶ 3). See ALA. CODE § 22-50-2 (1975).[1] Defendant Associate Commissioner Zelda Diane Baugher is the Associate Commissioner for Mental Illness. See ALA. CODE § 22-50-16 (1975). (Doc. 1, ¶ 3).

### ALLEGATIONS

The Plaintiff has made allegations against Defendant Baugher related to the Plaintiff's employment at Taylor Hardin. He has made claims under federal statutory law, state common law, and state statutory law.

---

[1] The name of the department changed to the "Department of Mental Health" effective May 2009. (See ALA. CODE § 22-50-2.1; Act 2009-635, p. 1947, § 2).

## **ARGUMENT**

1. **The Plaintiff's claims against Defendant Baugher in her official capacity for monetary relief are due to be dismissed.**

The Plaintiff has made the following claims against Defendant Baugher in her official capacity for monetary relief:

1. Count 1 - § 42 U.S.C. 1983 - First Amendment Speech, Association, Access to Press, Redress & Privacy

2. Count 2 - § 42 U.S.C 1983 - First Amendment Retaliation against

3. Count 4 - § 42 U.S.C. 1983 - Fourth Amendment Due Process & Equal Protection

4. Count 5 - § 42 U.S.C. 1983 – 42 U.S. Code 1981 (b)(c)- Breach of Contract

5. Count 6 - § 42 U.S.C. 1983 - 42 U.S.C. 1981 - Equal Rights

6. Count 8 - § 42 U.S.C. 1983 – 42 U.S. Code 1981 – Retaliation

7. Count 9 - § 42 U.S. Code 1985(2) – Conspiracy

8. Count 10 - § 42 U.S. Code 1985(3) – Conspiracy

9. Count 11 - § 42 U. S. Code 1986 – Action for Neglect to Prevent

Although the headings of Counts 1 through 11 state that these claims are made against Defendant Baugher in her official capacity, the prayer for relief under each count requests relief against her in her individual capacity only. Paragraphs 3 through 10 (which is titled "Defendants") also state that the Plaintiff's claims are made against each Defendant in his or her official and individual capacities. Any claims by the Plaintiff's against Defendant Baugher in her official capacity for monetary relief are due to be dismissed.

ADMH is a department of the government of the State of Alabama. ALA. CODE § 22-50-2 (1975). Baugher, as Associate Commissioner, is a state official. See ALA. CODE § 22-50-2. See also Cross v. State of Alabama, State Department of Mental Health and Mental Retardation, 49

2

F.3d 1490, 1503 (11th Cir. 1995) (finding that the Commissioner and the Associate Commissioner of ADMH are state officials). Taylor Hardin "is a state institution created by the Department under the authority of the Alabama Legislature." Cross, 49 F.3d at 1503, citing ALA. CODE § 22-50-11.

The Eleventh Amendment bars the Plaintiff's Section 1983 claims for monetary damages against Defendant Baugher in her official capacity. See Taylor v. Alabama, 95 F.Supp.2d 1297, 1311 (M.D. Ala. 2000) ("Where a plaintiff asks for monetary damages from a state employee in his or her official capacity, 'the state is considered the real party in interest because an award of damages would be paid by the state.'"). See also Cross, 49 F.3d at 1503 "'Official capacity actions seeking damages are deemed to be against the entity of which the officer is an agent.'" Id., quoting Lassiter v. Alabama A&M University, 3 F.3d 1482, 1485 (11th Cir. 1993). In these claims, the State of Alabama is "considered the real party in interest because an award of damages would be paid by the state." Cross, 49 F.3d at 1503, quoting Carr v. City of Florence, Alabama, 916 F.2d 1521, 1525 (11th Cir. 1990). See also Moody v. Board of Trustees of the Univ. of Ala., 2:16-cv-01495, 2017 WL 2984879 (N. D. Ala. July 13, 2017); Strickland v. Board of Trustees of the Univ. of Ala., 2:14-cv-1389-WMA, 2014 WL 6749019 (N.D. Ala. Dec. 1, 2014). In Cross, the plaintiff brought claims under Section 1983 against the ADMH Commissioner, an associate commissioner, and the facility director of Taylor Hardin in their individual and official capacities. 49 F.3d at 1494. The Eleventh Circuit held that the Eleventh Amendment prohibited claims under Section 1983 against these defendants for money damages in their official capacities. Id. at 1503. Similarly, in this case, the Plaintiff's claims against Defendant Baugher in her official capacity for monetary relief are due to be dismissed.[2]

---

[2] This motion does not seek dismissal of Counts 1 through 11 against this Defendant in her individual capacity.

2. **The Plaintiff's claim for conspiracy under 42 U.S.C. § 1985(2) (Count 9) is due to be dismissed.**

The Plaintiff has asserted a claim against Baugher under 42 U.S.C. § 1985(2). (Doc. 1, p. 40-42). The Plaintiff alleges that Defendant Baugher, along with other Defendants, "conspired for the purpose of impeding, hindering, and obstructing the Plaintiff in regard to a due course of justice in state courts." (Doc. 1, ¶ 158).

The Plaintiff has not stated a claim for conspiracy under 42 U.S.C. §1985(2) (Count 9) under which relief can be granted. That statute provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. §1985(2) contains two clauses: one that applies to federal court (before the semicolon) and one that applies to state court proceedings (after the semicolon). The Plaintiff has not stated a claim under either clause.

First, the only federal court proceeding involving the Plaintiff is the case before this Court. Plaintiff has not alleged that Defendant Baugher interfered with a federal court proceeding. Therefore, he has not stated a claim under the first clause.

Second, the Plaintiff has not adequately pled that Defendant Baugher obstructed a state court proceeding. "'The second clause of § 1985(2) "applies to conspiracies to obstruct the course of justice in state courts.' Bragg v. Madison, 20 F. App'x 278, 285 (6th Cir.2001). To state a claim

4

under the second part of § 1985(2), " 'there must be some racial, or perhaps otherwise class-based, invidiously discriminating animus behind the conspirators' actions.' " Williams, 629 F.2d at 451 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)); see also Kush, 460 U.S. at 726." Smith v. Breen, 2010 WL 2557447 (W.D. Tenn. June 21, 2010). This prong "focuses on the deprivation of equal protection of the laws with respect to state court judicial proceedings." Gochett v. Miller Helpers, Inc., 2017 WL 85381 (M.D. Tenn. Jan. 10, 2017).

First, there is no allegation that Defendant Baugher acted with any discriminatory animus, which is a requirement for the Plaintiff to recover under the second clause of §1985(2). ). In Was v. Young, 796 F.Supp.1041 (E.D. Mich. 1992), the court dismissed the plaintiffs' claim made under § 1985(2) because they had failed to make any allegations that the defendants "conspired to deprive them of equal protection of the law by acting with discriminatory intent." Id. at 1053.

Second, although the Complaint alleges that Defendant Baugher conspired to obstruct justice in state court, the Plaintiff did not identify a state court proceeding with which she allegedly interfered. Paragraph 157, the only factual paragraph in Count 9, does not state facts that would support a claim that she interfered with justice in a state court matter; this paragraph focuses on the Plaintiff's personnel matters. In fact, the last paragraph of Count 9 alleges that the Plaintiff has "suffered declined life, liberty, and property interest in direct effect of the disseminated performance appraisal along with preceding disciplinary action." (Doc 1, paragraph 160). The Plaintiff does not allege how he has been injured or what damages he has allegedly suffered. The Plaintiff states in his Response that these Defendants obstructed his exercising his authority as a police officer and that they have "hindered and injured the Plaintiff regarding his duty to the public and have criminally sought to obstruct authority designated to the Plaintiff by law." (Doc. 27, p. 4-5). He points to a criminal matter that he referred to the district attorney's office but makes no allegation about the disposition of the criminal matter and does not allege that Defendant Baugher

5

was involved. (Doc. 1, paragraph 17). In <u>Was</u>, although one plaintiff was a witness in a state-court criminal proceeding, she was not a party to that action, <u>Id.</u> She was not the defendant and had no legal stake in the outcome. <u>Id.</u> The court stated, "Since the second part of 42 U.S.C. § 1985(2) requires a showing of 'intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws,' and since Plaintiff's civil rights were not the subject of the state proceeding, Plaintiff does not have a jurisdictional predicate for a claim under the second part of 42 U.S.C. § 1985(2)." <u>Id.</u> Similarly, in this case, the Plaintiff was not the defendant in the criminal matter at issue and did not have a legal stake in the outcome. Because his civil rights were not the subject of the criminal proceeding, he has failed to state a claim under this statute. Because the Plaintiff does not allege any specific action by Defendant Baugher that would constitute conspiracy or any discriminatory animus on her part, this this claim is due to be dismissed for failure to state a claim.

## CONCLUSION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Baugher respectfully requests that this Honorable Court dismiss the claims contained in Counts 1 through 11 for monetary damages against her in her official capacity and dismiss Count 9 (42 U.S.C. § 1985(2) – Conspiracy).

Respectfully submitted,

TERRI OLIVE TOMPKINS

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendant Baugher
PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.
1201 Greensboro Avenue
Tuscaloosa, Alabama  35401
Telephone: (205) 345-5100

THOMAS KLINNER
EDWARD C. HIXON

*/s/THOMAS B. KLINNER*
Attorney for Defendant Baugher
Alabama Department of Mental Health
P. O. Box 301410
Montgomery, AL 36130

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading or paper has been served upon:

Derrick James Williamson, Jr.
8816 Old Greensboro Road, Apt. 20104
Tuscaloosa, AL 35405

on this 10th day of July, 2019, by electronically filing, delivering a copy to him, by mailing a copy to him by first class United States Mail, postage prepaid, addressed to him at his last known address or, if no address is known, by leaving it with the Clerk of this Court.

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendant Baugher