FILED
2019 Jul-15 PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR., PRO SE ) | |
| **PLAINTIFF** ) | CASE NO.: **7:19-CV-00669-GMB** |
| ) | |
| V. ) | |
| ) | |
| ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, ET AL ) | OPPOSED |
| ) | |
| **DEFENDANTS** ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT BAUGHER'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Derrick James Williamson, Jr., and submits his response to Defendant Baugher's Motion to Dismiss.

### STANDARD FOR MOTION TO DISMISS

In considering a Motion to Dismiss under Federal Rules of Civil Procedure 12(b), this court must consider the legal adequacy of the Complaint, not the weight of evidence potentially offered at trial. See *Sawinski v. Bill Currie Ford, Inc.*, 866 F. Supp. 1383 (M.D. Fla 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)). Well-pleaded facts within the Plaintiff's Complaint and all reasonable inferences drawn from those facts must be considered true. See *Jackson v. Okaloosa County, Fla.*, 21 F. 3d 1531, 1534 (11th Cir. 1994). Specific facts are not required; statements need only "give the defendant fair notice of what the claim is and the grounds upon which it rests". See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

Additionally, a well pleaded Complaint may proceed even if a savvy judge gains perception that actual proof of presented facts is improbable, and that recovery is unlikely. See *Twombly*, 550 U.S. at 556. Finally, "Dismissal is a harsh penalty that should only be imposed in extreme circumstances…" *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383 (M.D. Fla. 1994); *Lebbos v. Heinrichs*, 696 F. Supp. 1279, 1285 (N.D. Cal 1988). "Dismissal should only be granted with care in order to avoid improperly denying the plaintiff the opportunity to have [their] claim[s] adjudicated on the merits." *Sawinski*, 866 F. Supp. 1383 (citing *Cohen v. McAllister*, 688 F.Supp. 1040, 1043 (W.D.Pa. 1988)).

Finally, *Pro Se* pleadings are to be liberally construed. See *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (pro se pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). "A document filed *Pro Se* is to be liberally construed, and a *Pro Se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008).

## ARGUMENTS

Based upon a review of Defendant Baugher's Motion to Dismiss, Plaintiff declines a substantial response to Argument 1 and contends that Argument 2's request for dismissal is due to be **DENIED**.

## 1. "PLAINTIFF'S CLAIMS AGAINST DEFENDANT BAUGHER IN HER OFFICIAL CAPACITY FOR MONETARY RELIEF ARE DUE TO BE DISMISSED."

In response to, "The Plaintiff has made the following claims against Defendant Baugher in her official capacity for monetary relief:", the Plaintiff views no claim in the Complaint for monetary relief in Defendant Baugher's "official capacity" regarding Counts 1 – 11 seeing that monetary relief is plead with specificity. Pursuant to Alabama Code 36-1-12(b), Plaintiff agrees that such claims (referring to official capacity claims), if were present, would be barred by Sovereign Immunity for monetary relief for the purpose of 42 U.S.C. § 1983. Therefore, Plaintiff will not substantially respond regarding these contentions.

## 2. "THE PLAINTIFF'S CLAIM FOR CONSPIRACY UNDER 42 U.S.C. § 1985(2) (COUNT 9) IS DUE TO BE DISMISSED."

Plaintiff interprets or perceives several elements regarding the controversies of this claim to be truly a Motion for Summary Judgment, nonetheless, Plaintiff presents the following withstanding dismissal prior to discovery:

Plaintiff disagrees that he has "not adequately pled that Defendant Baugher obstructed a state court proceeding". As expressed, the second clause of 42 U.S.C. § 1985 "applies to conspiracies to obstruct the course of justice in state courts." *Bragg v. Madison*, 20 F. App'x 278, 285 (6th Cir.2001). Plaintiff additionally agrees that under the second clause, "there must be some racial, or perhaps otherwise class-based, invidiously discriminating animus behind the conspirators' actions." *Williams*, 629 F.2d at 451 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L.Ed.2d 338 (1971)). Plaintiff presents that 42 U.S.C. § 1985 expresses a civil cause of action for Plaintiffs who are injured during the course of a conspiracy regarding one or more of four themes: (1) the deprivation of any person or class of persons of equal privileges and immunities under the law; (2) the thwarting or hindrance of state authorities from providing or securing to all persons the equal protection of the laws; (3) the prevention by force, intimidation, or threat any voter from giving his support or advocacy

in federal elections; or (4) to injure any citizen because of such support or activism. See *Collins v. Hardyman*, 341 U.S. 651, 660 (1951).

Prior to a review of Defendant Baugher's argument regarding this claim, the Court must consider that the Plaintiff is only required to liberally state that the Defendants did: (1) "conspire", (2) "for the purposes of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory", and (3a) "with intent to deny to any citizen the equal protection of the laws" or (3b) with intent "to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of laws." (42 U.S.C. § 1985(2) Clause Two). Plaintiff opposes that these elements have not been satisfied based upon his initial pleading.

First, Baugher contends on the basis of there being no allegation of "discriminatory animus". Plaintiff clearly asserts under the "Sixth Cause of Action" regarding "equal rights" (¶¶ 127 – 135) that Baugher "intentionally deprived the Plaintiff of the full and equal benefit of all laws as enjoyed by white citizens" (¶ 128) and that "punishment in relation to incidents were not comparative to punishment issued to Caucasian counterparts and Defendants were cognizant of this which is indicia of discrimination. Race was a motivating factor in decisions made" (¶ 129). Furthermore, paragraph 155 under this claim states "by reason of the aforementioned underlying wrong as expressed in this complaint" incorporating *discriminatory animus* alleged within the complaint. Paragraph 156 under this claim states "Plaintiff was additionally treated differently than similarly situated Caucasian employees with the same authority as the Plaintiff". This first argument, regarding the absence of *"discriminatory intent"*, fails on the face of the pleading and is erroneous. Plaintiff additionally asserts, in the implausible absence of discriminatory animus, that *"class-based invidious discriminatory animus"*, as presented in the Defendant's citation, can also be

interpreted by the hindrance and intimidation targeted at law enforcement officials within the department (¶ 17). Plaintiff avows that law enforcement officers are an appropriate "class" for the purposes of 42 U.S.C. § 1985(2).

Second, Defendant acknowledges that she is alleged to have conspired to obstruct justice in state court and asserts that the Plaintiff has not identified a state court proceeding with which she allegedly interfered. Although an existing state court proceeding is not required for this Clause as in 1985(2) Clause One, Plaintiff asserts that such interference is inferred based upon action taken by Baugher regarding paragraphs 38, 47 and 157. Plaintiff has sufficiently plead that state court proceedings were commenced in paragraph 28 regarding two staff members employed within the confines of Taylor Hardin Secure Medical Facility and in paragraph 17 regarding a current patient at the facility. Baugher, as previously expressed, is the supervising official of Facility Director Annie Jackson. Baugher was sufficiently aware via a written complaint that Jackson was interfering with the Plaintiff's access to state court and his lawful authority regarding criminal proceedings which placed her on notice to discipline Jackson and to intervene. Baugher willingly declined to do so, sanctioned Jackson's unlawful conduct, declined appeals as well as interfered with the Plaintiff's method of combating a written reprimand (¶ 21) hindering the Plaintiff from making such contact with state courts (¶ 32) furthering this conspiracy. Baugher was then subjected to liability as presented within the Complaint regarding claims referencing 42 U.S.C. § 1985(C). See *Bivens Gardens Office Bldg., Inc. v. Barnett Banks Inc.*, 140 F.3d 898, 912 (11th Cir.1998) (explaining that a civil conspiracy ordinarily requires "an agreement between two or more people to achieve an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to the plaintiff"). Baugher additionally refused to appropriately consider an appeal of the Plaintiff's annual performance appraisal which referenced limitations regarding the Plaintiff's access to

state courts and his ability to enforce the rights of citizens as presented within the Complaint (¶ 47).

Baugher additionally contends that "Plaintiff does not allege how he has been injured or what damages he has allegedly suffered" which is additionally erroneous seeing that Plaintiff sufficiently plead paragraphs 78 and 211 - 214 presenting "Irreparable Harm, Injury, & Adversity" and Baugher's refusal to provide an appropriate appeal regarding the Plaintiff's written reprimand and performance appraisal resulted in tangible and intangible injuries (¶ 47). Furthermore, Plaintiff is not required to plead excessively specific injuries regarding this claim but is simply required to allege a resulting injury as a prong of 42 U.S.C. § 1985(C).

Baugher asserts that the disposition of the criminal matter was not expressed and that she was not alleged to be "personally" involved. Baugher additionally presents that the Plaintiff's "civil rights" were not the subject of the referenced proceeding. Plaintiff asserts that the second clause of 42 U.S.C. § 1985 states:

> *"or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for <u>lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws</u>"* (42 U.S.C. § 1985 Clause Two)

This clause presents that the Plaintiff is not required to be a subject of a state proceeding. Such requirement is non-existent within this clause and the Defendant has applied case law which is inapplicable regarding these contentions. See *Was v. Young*, 796 F.Supp.1041 (E.D. Mich. 1992). Additionally, this clause does not require a state court proceeding, although two are expressed within the complaint. The expressed language specifically does not refer to an active or pending state court proceeding regarding this clause as opposed to 42 U.S.C. § 1985 Clause One. Baugher, along with other Defendant conspirators, have additionally impeded the

Case 7:19-cv-00669-LSC   Document 30   Filed 07/15/19   Page 7 of 8

7

Plaintiff in his current and potential future use of state court for such proceedings in the event there was such a requirement.

Additionally, regarding "Plaintiff was not the defendant in the criminal matter at issue and did not have a legal stake in the outcome", Plaintiff has sufficiently plead that he has the authority pursuant to Alabama Code § 22-50-21 and the Tenth Amendment to lawfully enforce criminal statutes through their referral to state courts and governing authorities. *See* (Docket Entry 27, p. 4). Such statutes may indeed, and have, required the enforcement or <u>attempted</u> enforcement of rights when witnesses and victims are involved. Baugher, in furthering a conspiracy to injure the Plaintiff in his duty to the public and his personal property, has been sufficient linked. Essentially, Plaintiff proclaims that 42 U.S.C. § 1985(2) presents a similar cause of action to 42 U.S.C. § 1985(1) regarding obstructing justice of officers through *class-based* and/or *discriminatory animus* as presented in his uncontended paragraph 159 stating that "Defendants conspired for the purpose of injuring the Plaintiff in lawfully enforcing, or attempting to enforce, the right of employees (persons) for the equal protection of the laws". Plaintiff recognizes that case law is scarce regarding the interpretation of this <u>blatant</u> language expressed within the clause, although, *Was* is intrinsically inapplicable. Baugher has failed to present a motive for dismissal regarding the Plaintiff's right to lawfully enforce the "right of any person" to the "equal protection of the laws". Although not a "defendant" and without a personal "legal stake", an state officer's ability to uphold the United States Constitution in absence of intimidation, hindrance, or impedance is inherent within 42 U.S.C. § 1985(2) Clause Two.

Because the Plaintiff, indeed, alleges *class-based* and *discriminatory animus* regarding Baugher's action, that proceedings had been commenced although not required by 42 U.S.C. § 1985(2) Clause Two, and Baugher was sufficiently aware and presented opposing action to the

Plaintiff's stance on obstruction, Defendant's Motion to Dismiss regarding this claim is due to be **DENIED**.

**WHEREFORE**, Plaintiff respectively requests this Honorable Court and your Honor adjudicate sustaining Defendant Baugher in her official capacity for declaratory and injunctive relief withstanding monetary damages and **DENY** Defendant Baugher's Motion to Dismiss regarding Count 9.

Respectfully Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

## CERTIFICATE OF SERVICE

I, Derrick James Williamson, Jr., certify that on 7/12/2019 I served a copy of this document on:

***TERRI OLIVE TOMPKINS***
Attorney for Defendant(s)
1201 Greensboro Avenue
Tuscaloosa, Alabama, 35401
(Hand Delivery)

***THOMAS B. KLINNER***
Attorney for Defendant(s)
P.O. Box 301410
Montgomery, Alabama, 36130
(Mailing)

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com