

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK JAMES WILLIAMSON, JR. | )( | |
| PRO SE | )( | |
|       **Plaintiff,** | )( | |
| | )( | |
| **v.** | )( | |
| | )( | |
| **ALABAMA DEPARTMENT OF MENTAL** | )( | **Case No. 7:19-cv-00669-GMB** |
| **HEALTH AND MENTAL RETARDATION** | )( | |
| **ET AL.,** | )( | **OPPOSED** |
|       **Defendants** | )( | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
## DEFENDANTS' MOTION TO DISMISS

Come now the Defendants Lynn Beshear, Lynn Hubbard, Annie Delois Jackson, Joe Long, Robert Anderson, Jr., and Joseph Rittner, and, as their reply to Plaintiff's Response to Defendants' Motion to Dismiss, state as follows:

1.      The Plaintiff seems to concede that, while denying that there are claims against for monetary relief against the Defendants in their official capacities included Counts 1 through 11 of the Complaint, they would be due to be dismissed.

2.      The Plaintiff has consented to the dismissal of Count Three (double jeopardy).

3.      Despite Plaintiff's assertions, he has not stated a claim for conspiracy under 42 U.S.C. §1985(2) (Count 9) under which relief can be granted.  That statute provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure

> him or his property for lawfully enforcing, or attempting to enforce, the
> right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. §1985(2) contains two clauses: one that applies to federal court (before the semicolon) and one that applies to state court proceedings (after the semicolon). The Plaintiff has not stated a claim under either clause.

First, the only federal court proceeding involving the Plaintiff is the case before this Court. Plaintiff has not alleged that these Defendants interfered with a federal court proceeding. Therefore, he has not stated a claim under the first clause.

Second, the Plaintiff has not adequately pled that these Defendants have obstructed a state court proceeding. "'The second clause of § 1985(2) "applies to conspiracies to obstruct the course of justice in state courts.' Bragg v. Madison, 20 F. App'x 278, 285 (6th Cir.2001). To state a claim under the second part of § 1985(2), " 'there must be some racial, or perhaps otherwise class-based, invidiously discriminating animus behind the conspirators' actions.' " Williams, 629 F.2d at 451 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)); see also Kush, 460 U.S. at 726." Smith v. Breen, 2010 WL 2557447 (W.D. Tenn. June 21, 2010). This prong "focuses on the deprivation of equal protection of the laws with respect to state court judicial proceedings." Gochett v. Miller Helpers, Inc., 2017 WL 85381 (M.D. Tenn. Jan. 10, 2017).

First, there is no allegation that these Defendants conspired to act with any discriminatory animus, which is a requirement for the Plaintiff to recover under the second clause of §1985(2). In Was v. Young, 796 F.Supp.1041 (E.D. Mich. 1992), the court dismissed the plaintiffs' claim made under § 1985(2) because they had failed to make any allegations that the defendants "conspired to deprive them of equal protection of the law by acting with discriminatory intent." Id. at 1053.

Second, although the Complaint alleges that these Defendants conspired to obstruct justice in state court, the Plaintiff did not identify a state court proceeding with which these Defendants

2

allegedly interfered.  Paragraph 157, the only factual paragraph in Count 9, does not state facts that would support a claim that these Defendants interfered with justice in a state court matter; this paragraph focuses on the Plaintiff's personnel matters. In fact, the last paragraph of Count 9 alleges that the Plaintiff has "suffered declined life, liberty, and property interest in direct effect of the disseminated performance appraisal along with preceding disciplinary action." (Doc 1, paragraph 160).  The Plaintiff does not allege how he has been injured or what damages he has allegedly suffered. The Plaintiff states in his Response that these Defendants obstructed his exercising his authority as a police officer and that they have "hindered and injured the Plaintiff regarding his duty to the public and have criminally sought to obstruct authority designated to the Plaintiff by law."  (Doc. 27, p. 4-5).  He points to a criminal matter that he referred to the district attorney's office but makes no allegation about the disposition of the criminal matter, only that Defendant Jackson advised that "officers should follow an administrative/non-criminal process in lieu of seeking criminal action and advised she wished to have a factor in law enforcement determinations." (Doc. 1, paragraph 17).

In Was, although one plaintiff was a witness in a state-court criminal proceeding, she was not a party to that action, Id.  She was not the defendant and had no legal stake in the outcome. Id. The court stated, "Since the second part of 42 U.S.C. § 1985(2) requires a showing of 'intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of person, or class of persons, to the equal protection of the laws,' and since Plaintiff's civil rights were not the subject of the state proceeding, Plaintiff does not have a jurisdictional predicate for a claim under the second part of 42 U.S.C. § 1985(2)." Id.  Similarly, in this case, the Plaintiff was not the defendant in the criminal matter at issue and did not have a legal stake in the outcome. Because his civil rights were not the subject of the criminal proceeding, he has failed to state a claim under this statute.

Moreover, while the Plaintiff's claim against Defendant Jackson under this theory is questionable, he does not even allege any specific actions by Defendants Beshear, Hubbard, Long, Anderson, or Rittner that would constitute conspiracy or any discriminatory animus on their part. Therefore, this claim is due to be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

TERRI OLIVE TOMPKINS

**_/s/ TERRI OLIVE TOMPKINS_**
Attorney for Defendants
PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.
1201 Greensboro Avenue
Tuscaloosa, Alabama  35401
Telephone: (205) 345-5100

THOMAS KLINNER
EDWARD C. HIXON

**_/s/THOMAS B. KLINNER_**
Attorney for Defendants
Alabama Department of Mental Health
P. O. Box 301410
Montgomery, AL 36130

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading or paper has been served upon:

Derrick James Williamson, Jr.
8816 Old Greensboro Road, Apt. 20104
Tuscaloosa, AL 35405

on this 15th day of July, 2019, by electronically filing, delivering a copy to him, by mailing a copy to him by first class United States Mail, postage prepaid, addressed to him at his last known address or, if no address is known, by leaving it with the Clerk of this Court.

**_/s/ TERRI OLIVE TOMPKINS_**
Attorney for Defendants

4