FILED
2019 Aug-16 AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

2019 AUG 16 A 11: 29

DERRICK JAMES WILLIAMSON, JR.,
N.D. OF ALABPRO SE

### *PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

### *DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF INTERROGATORIES

---

## FIRST SET OF INTERROGATORIES TO DEFENDANTS

---

**COMES NOW**, the Plaintiff, Derrick James Williamson, Jr., in accordance with

Uniform Initial Order (I)(D), and files the following discovery requests:

1. First Set of Interrogatories to Defendant Alabama Department of Mental Health

2. First Set of Interrogatories to Defendant Lynn Hubbard

3. First Set of Interrogatories to Defendant Joseph Rittner

4. First Set of Interrogatories to Defendant Annie Jackson

5. First Set of Interrogatories to Defendant Joe Long

Respectfully Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

## CERTIFICATE OF SERVICE

I, Derrick James Williamson, Jr., certify that on 8/13/2019, I served a copy of these

interrogatories on:

### *EDWARD CARY HIXON*
Lead Attorney for Defendants
P.O. Box 301410
Montgomery, Alabama, 36130
*(Electronic Mailing)*

### *TERRI OLIVE TOMPKINS*
Attorney for Defendant(s)
1201 Greensboro Avenue
Tuscaloosa, Alabama, 35401
*(Electronic Mailing)*

### *THOMAS B. KLINNER*
Attorney for Defendant(s)
P.O. Box 301410
Montgomery, Alabama, 36130
*(Electronic Mailing)*

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR., PRO SE | |
| ***PLAINTIFF*** | CASE NO.: **7:19-CV-00669-LSC** |
| V. | |
| ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, ET AL | FIRST SET OF INTERROGATORIES |
| ***DEFENDANTS*** | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT ADMH (DEPARTMENT)

Plaintiff, Derrick James Williamson, Jr., requests that Defendant Alabama Department of Mental Health and Mental Retardation ("Alabama Department of Mental Health" in short) respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned, at 8816 Old Greensboro RD, Tuscaloosa, Alabama, 35405 or any other consented method.

### INSTRUCTIONS

A. Each Interrogatory is to be answered fully on the basis of information which is in your possession or control.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession or control, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Interrogatories herein shall be deemed continuing if the Plaintiff requires additional information based upon such responses. Plaintiff may require supplements or may seek leave to request additional interrogatories of the court prior to close of discovery.

E. If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and/or paragraph within the record or via document disclosure, such references, if adequately identified, will serve as a satisfactory response to such Interrogatory.

## DEFINITIONS

A. "Awareness" or "aware" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the person these interrogatories are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the party these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health and Mental Retardation ("Alabama Department of Mental Health" in short), the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties in appropriate context.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams;

sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters of correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, or other forms of communication, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document means to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

    a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    b. The identity or descriptive code number, file number, title or label of such document;

    c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

e. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

f. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L. In any matter responsive to any of the interrogatories with asserted privilege, the department, defendant, or subject of such interrogatory is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such interrogatory is directed to, shall identify as to each privileged communication or document:

  a. its date;
  b. its author(s);
  c. the business title or position of its author(s);
  d. its recipient(s);
  e. the business title or position of its recipient(s);
  f. its number of pages;
  g. its stated subject matter;
  h. the legal basis upon which the agency claims privilege;
  i. the specific portion of the interrogatory or document to which the communication or document is responsive.

M. Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before any hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

N. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

O. All definitions are additionally subject to any and all further references, contentions, and/or information provided by the Black's Law Dictionary and Merriam-Webster Dictionary, if applicable.

P. All of the following interrogatories shall be continuing in nature until the end of discovery, and you must supplement your answers as additional information becomes known or available to you.

## NOTE

*IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL THE PLAINTIFF BEFORE OBJECTING IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT*

*IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY WHEN POSSIBLE*

*IF AN INTERROGATORY IS INAPPLICABLE OR ANSWERED "NO", A FOLLOWING CONTINGENT QUESTION (SUBPART) WILL NOT BE TOTALED IN THE FINAL COUNT FOR DISCOVERY PURPOSES*

## INTERROGATORIES

1. Following the Plaintiff's complaints, grievances, and/or concerns of potential and/or actual illegal, immoral, and/or unethical conduct or actions, what protections, procedures, and/or actions were taken or implemented regarding the Plaintiff?

2. Provide nature and/or descriptions of complaints of discrimination, retaliation, and/or any act alleged or deemed unlawful under civil rights statutes filed regarding Defendant Baugher, Defendant Hubbard, Defendant Rittner, Defendant Long, Defendant Jackson, and/or Defendant Anderson including Complainants' names, relevant dates, and phone numbers.

3. Provide the number of each employee stationed/assigned to Taylor Hardin Secure Medical Facility by race and/or national origin including the number of adverse/disciplinary actions imposed on each race and/or national origin dating back to May of 2017. Include written warnings, written reprimands, suspensions, and terminations.

4. What is the nature, description, and/or extent of disciplinary actions and/or disciplinary reviews, including relevant dates and times, conducted or focused upon Defendant Baugher and Defendant Jackson? Personnel and/or supervisory files may be provided.

5. What is the nature, description, and/or extent of excluding Taylor Hardin Secure Medical Facility (hereinafter "THSMF") personnel and/or utilizing a hiring panel external to

THSMF in conducting an interview of the Plaintiff for his currently assigned employment position/title? (Interview conducted on or about 4/17/2017)

6. Provide a list of policies and/or procedures affecting personnel employed at Taylor Hardin Secure Medical Facility including titles, relevant dates, policy numbers, page count per policy, and total number of pages regarding such policies/procedures.

7. If you contend there are legitimate non-retaliatory reason for the acts or events Plaintiff alleges were retaliatory, state with particularity all facts supporting the contentions.

8. Identify persons employed with the department who have filed Equal Employment Opportunity Charges against the department dating back to 1/1/2010, the subject such charges were filed against, and whether such individuals are still employed with the department. Additionally, in the event the person(s) are no longer employed, provide a brief disposition regarding such resignation and/or termination.

9. Identify each person, organization, and/or association which have retrieved references regarding the Plaintiff's employment and the nature, description, and/or date of such action.

10. Identify all relevant injunctions and/or court orders against and/or adversely affecting the department regarding discrimination, retaliation, and/or unlawful, illegal, or immoral behavior, actions, or unlawful business practices.

11. Regarding the department's Employee Complaint Procedure (ADMH Policy 60-102), explain whether the department has utilized neutral, impartial, and/or external hearing officers who are not employed with the department.

12. If not, explain the application of law (due process) to not utilizing external, impartial, and/or neutral hearing officers in post-deprivation hearings regarding the Plaintiff's disciplinary and/or adverse actions.

Respectively Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

1

FILED

2019 AUG 16  A 11: 29

U.S. DISTRICT COURT
N.D. OF ALA.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

*PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

*DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF INTERROGATORIES

---

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT LYNN HUBBARD

Plaintiff, Derrick James Williamson, Jr., requests that Defendant Lynn Hubbard respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned, at 8816 Old Greensboro RD, Tuscaloosa, Alabama, 35405 or any other consented method.

### INSTRUCTIONS

A. Each Interrogatory is to be answered fully on the basis of information which is in your possession or control.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession or control, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Interrogatories herein shall be deemed continuing if the Plaintiff requires additional information based upon such responses. Plaintiff may require supplements or may seek leave to request additional interrogatories of the court prior to close of discovery.

E. If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and/or paragraph within the record or via document disclosure, such references, if adequately identified, will serve as a satisfactory response to such Interrogatory.

## DEFINITIONS

A. "Awareness" or "aware" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the person these interrogatories are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the party these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health and Mental Retardation ("Alabama Department of Mental Health" in short), the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties in appropriate context.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams;

sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters of correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, or other forms of communication, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document means to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

    a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    b. The identity or descriptive code number, file number, title or label of such document;

    c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

e. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

f. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L. In any matter responsive to any of the interrogatories with asserted privilege, the department, defendant, or subject of such interrogatory is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such interrogatory is directed to, shall identify as to each privileged communication or document:

   a. its date;
   b. its author(s);
   c. the business title or position of its author(s);
   d. its recipient(s);
   e. the business title or position of its recipient(s);
   f. its number of pages;
   g. its stated subject matter;
   h. the legal basis upon which the agency claims privilege;
   i. the specific portion of the interrogatory or document to which the communication or document is responsive.

M. Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before any hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

N. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

O. All definitions are additionally subject to any and all further references, contentions, and/or information provided by the Black's Law Dictionary and Merriam-Webster Dictionary, if applicable.

P. All of the following interrogatories shall be continuing in nature until the end of discovery, and you must supplement your answers as additional information becomes known or available to you.

## **NOTE**

*IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE
CALL THE PLAINTIFF BEFORE OBJECTING IN ORDER TO ATTEMPT TO NARROW THE
QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT*

*IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY WHEN
POSSIBLE*

*IF AN INTERROGATORY IS INAPPLICABLE OR ANSWERED "NO", A FOLLOWING
CONTINGENT QUESTION (SUBPART) WILL NOT BE TOTALED IN THE FINAL COUNT
FOR DISCOVERY PURPOSES*

## **INTERROGATORIES**

1. At any time during the course of the Plaintiff's employment with the department, did you communicate directly with him other than by electronic communications?

2. If so, what was the nature, description, and/or extent of such communication including a relevant date, time, and/or purpose? (Subpart, Question 1)

3. During your course of Human Resources oversight and/or associations with the Plaintiff, did you at any time feel emotional distress, anguish, anger, and/or any other relevant emotion due to the Plaintiff's complaint(s), statement(s), and/or presented concerns?

4. Provide a detailed description of your knowledge and/or awareness of adverse and/or negative opinions, facts, or discrepancies regarding the Plaintiff which may have affected any decision, interview, communications, and/or review in regard to him.

5. Within the course of your employment with the department, have you been alleged, accused, and/or referenced in any complaint of discrimination, retaliation, and/or unlawful employment practice regarding any one else other than the Plaintiff?

6. If so, provide the name, phone number, and/or any other relevant information regarding the Complainant in such actions and a description of such complaints, grievances, and/or concerns. (Subpart, Question 5)

7. Regarding any complaint, grievance, and/or concern forwarded to you by the Plaintiff or by any other person regarding the Plaintiff, what actions did you take? Provide relevant dates, times, policies, procedures, and/or other classifying information and whether you notified the Plaintiff of findings.

8. Regarding any complaint, grievance, and/or concern forwarded to you by the Plaintiff or by any other person regarding the Plaintiff, did you take the same actions you implemented in former/previous complaints, grievances, and/or concerns of a similar nature?

9. If not, provide the Complainant's name, race, and phone number as well as the nature, description and/or any other relevant information regarding such complaints, grievances, and/or concerns. (Subpart, Question 8)

10. During the course of the Plaintiff's employment with the department, have you disseminated, transmitted, and/or communicated negative, adverse, and/or unfavorable information to any person regarding the Plaintiff?

11. If so, what was the nature, description, and/or extent of such communication including a relevant date, time, and/or purpose? (Subpart, Question 10)

12. Provide a list including titles, dates, times, and/or descriptions of any Human Resources, employment law, and/or discrimination trainings and/or professional conferences achieved or attended in your course of employment with the department. Include any other relevant training pertaining to any claim directed toward you in this lawsuit and/or complaint obtained in the course of any Human Resources or supervisory position.

Respectively Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

*PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

*DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF INTERROGATORIES

---

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT JOSEPH RITTNER

---

Plaintiff, Derrick James Williamson, Jr., requests that Defendant Joseph Rittner respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned, at 8816 Old Greensboro RD, Tuscaloosa, Alabama, 35405 or any other consented method.

### INSTRUCTIONS

A. Each Interrogatory is to be answered fully on the basis of information which is in your possession or control.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession or control, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Interrogatories herein shall be deemed continuing if the Plaintiff requires additional information based upon such responses. Plaintiff may require supplements or may seek leave to request additional interrogatories of the court prior to close of discovery.

E. If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and/or paragraph within the record or via document disclosure, such references, if adequately identified, will serve as a satisfactory response to such Interrogatory.

## DEFINITIONS

A. "Awareness" or "aware" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the person these interrogatories are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the party these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health and Mental Retardation ("Alabama Department of Mental Health" in short), the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties in appropriate context.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams;

sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters of correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, or other forms of communication, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document means to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

   a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

   b. The identity or descriptive code number, file number, title or label of such document;

   c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

   d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

    e.  The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    f.  Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L. In any matter responsive to any of the interrogatories with asserted privilege, the department, defendant, or subject of such interrogatory is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such interrogatory is directed to, shall identify as to each privileged communication or document:

    a.  its date;
    b.  its author(s);
    c.  the business title or position of its author(s);
    d.  its recipient(s);
    e.  the business title or position of its recipient(s);
    f.  its number of pages;
    g.  its stated subject matter;
    h.  the legal basis upon which the agency claims privilege;
    i.  the specific portion of the interrogatory or document to which the communication or document is responsive.

M. Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before any hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

N. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

O. All definitions are additionally subject to any and all further references, contentions, and/or information provided by the Black's Law Dictionary and Merriam-Webster Dictionary, if applicable.

P. All of the following interrogatories shall be continuing in nature until the end of discovery, and you must supplement your answers as additional information becomes known or available to you.

### NOTE

*IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL THE PLAINTIFF BEFORE OBJECTING IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT*

*IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY WHEN POSSIBLE*

*IF AN INTERROGATORY IS INAPPLICABLE OR ANSWERED "NO", A FOLLOWING CONTINGENT QUESTION (SUBPART) WILL NOT BE TOTALED IN THE FINAL COUNT FOR DISCOVERY PURPOSES*

### INTERROGATORIES

1. Prior to 5/4/2018, did you have awareness/knowledge that the Plaintiff in this action had been disciplined, made reports of discrimination and/or retaliation, or have awareness/knowledge of any other negative actions, topics, communications, and/or subjects related to the Plaintiff?

2. If so, what is the nature, description, and/or extent of such awareness/knowledge? (Subpart, Question 1)

3. Within your history or employment with the department, have you been made the subject of an investigation (administrative and/or criminal), inquiry, grievance, and/or complaint pertaining to discrimination, retaliation, or illegal/immoral/unethical practices?

4. If so, what is the nature, description, and/or extent of such investigations (administrative and/or criminal), inquiries, grievances and/or complaints and their final dispositions if known? (Subpart, Question 3)

5. In regard to any duties, tasks, or opinions regarding the Plaintiff's employment, did you have any negative or adverse effect or present any negative or adverse ideals regarding his duties, tasks, communications, and/or opinions?

6. If so, what is the nature, description, and/or extent of such? (Subpart, Question 5)

7.  Regarding complaints forwarded to you regarding or from the Plaintiff, what is the nature, description, and extent of such complaints including their final dispositions?

8.  During your knowledge, associations, and/or communications with the Plaintiff, what is your personal and professional view of the Plaintiff's concerns, complaints, grievances, and/or proposals regarding the department and/or any Defendant listed within this lawsuit/proceeding?

9.  Regarding complaints, criminal charges, and/or negative information pertaining to Defendant Annie Delois Jackson, Defendant Joe Long, Defendant Robert Anderson, Jr., Captain Jeremy Booth, and/or Special Agent Kevin McDaniel, did you follow all policies and/or procedures according to the department and/or governing authorities?

10. Prior to the Mental Health Special Agent I interviews occurring in or about May of 2018, what, if any, pre-conceived notions, thoughts, or determinations regarding such position were made, communicated, and/or discussed with any person? Provide a detailed description.

11. Describe your awareness, knowledge, and/or familiarity of negative and/or unfavorable (immoral, illegal, and/or unethical) information and/or communications pertaining to the employment history of Defendant Annie Delois Jackson, Defendant Joe Long, and/or Defendant Robert Anderson, Jr., with relevant dates pertaining to such. Include Captain Jeremy Booth and/or Special Agent Kevin McDaniel in so far as such information pertains to their "police record" and/or "work record" for purposes of employment hiring/promoting decisions.

12. Describe your awareness, knowledge, and/or familiarity of the department's prior methods, actions, and/or procedures to potentially conceal, cover-up, and/or prevent public disclosure of unethical, illegal, and/or immoral information or communications.

Respectfully Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION** 2019 AUG 16  A 11: 30

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

U.S. DISTRICT COURT
N.D. OF ALABAMA

*PLAINTIFF*

CASE NO.: **7:19-CV-00669-LSC**

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

FIRST SET OF INTERROGATORIES

*DEFENDANTS*

---

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT ANNIE D. JACKSON

---

Plaintiff, Derrick James Williamson, Jr., requests that Defendant Annie Delois Jackson respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned, at 8816 Old Greensboro RD, Tuscaloosa, Alabama, 35405 or any other consented method.

### INSTRUCTIONS

A. Each Interrogatory is to be answered fully on the basis of information which is in your possession or control.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession or control, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Interrogatories herein shall be deemed continuing if the Plaintiff requires additional information based upon such responses. Plaintiff may require supplements or may seek leave to request additional interrogatories of the court prior to close of discovery.

E. If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and/or paragraph within the record or via document disclosure, such references, if adequately identified, will serve as a satisfactory response to such Interrogatory.

## DEFINITIONS

A. "Awareness" or "aware" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the person these interrogatories are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the party these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health and Mental Retardation ("Alabama Department of Mental Health" in short), the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties in appropriate context.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams;

sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters of correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, or other forms of communication, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document means to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

   a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

   b. The identity or descriptive code number, file number, title or label of such document;

   c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

   d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

4

    e.  The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    f.  Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L. In any matter responsive to any of the interrogatories with asserted privilege, the department, defendant, or subject of such interrogatory is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such interrogatory is directed to, shall identify as to each privileged communication or document:

    a.  its date;
    b.  its author(s);
    c.  the business title or position of its author(s);
    d.  its recipient(s);
    e.  the business title or position of its recipient(s);
    f.  its number of pages;
    g.  its stated subject matter;
    h.  the legal basis upon which the agency claims privilege;
    i.  the specific portion of the interrogatory or document to which the communication or document is responsive.

M. Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before any hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

N. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

O. All definitions are additionally subject to any and all further references, contentions, and/or information provided by the Black's Law Dictionary and Merriam-Webster Dictionary, if applicable.

P. All of the following interrogatories shall be continuing in nature until the end of discovery, and you must supplement your answers as additional information becomes known or available to you.

## NOTE

*IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL THE PLAINTIFF BEFORE OBJECTING IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT*

*IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY WHEN POSSIBLE*

*IF AN INTERROGATORY IS INAPPLICABLE OR ANSWERED "NO", A FOLLOWING CONTINGENT QUESTION (SUBPART) WILL NOT BE TOTALED IN THE FINAL COUNT FOR DISCOVERY PURPOSES*

## INTERROGATORIES

1. During your course of supervision, oversight, and/or associations with the Plaintiff, did you at any time feel, utilize, and/or express anger, exasperation, and/or irritation due to the Plaintiff's complaint(s), statement(s), and/or presented concerns?

2. During your course of supervision, oversight, and/or associations with the Plaintiff, did you react inappropriately, unprofessionally, and/or react unskillfully in regard to the Plaintiff at any time?

3. Prior to the Plaintiff's complaints, concerns, and/or grievances, whether directed to you or another person, did you take any negative and/or adverse action regarding the Plaintiff's employment which may include undocumented instances and/or unfavorable communications?

4. If so, what is the nature, description, and/or extent of such? (Subpart, Question 3)

5. Have you disseminated, given, and/or provided any negative, adverse, and/or personal information regarding the Plaintiff to any other person, entity, organization, and/or association?

6. If so, what is the nature, description, and/or extent of such including relevant documentation?

7. Were all disciplinary, adverse, and/or negative actions instituted and/or administered by you (regarding the Plaintiff), written, composed, and/or instructed personally by you?

8. If not, what is the nature, description, and/or extent of such; including the name, date, organization, and relevant phone number of such person and/or entity responsible? (Subpart, Question 6)

9. When the Plaintiff responded to, attempted to appeal/appealed, and/or expressed that disciplinary and/or adverse actions were improper, wrong, and/or contrary, what actions did you take for each instance?

10. During communications regarding the Plaintiff with any Defendant in this action, lawsuit, and/or Complaint, explain the extent of your communications, deliberations, and/or objections that the Plaintiff's law enforcement authority and/or job description should be limited, altered, and/or prevented.

11. What is the nature, description, and/or extent of any orders, directives, and/or requests given, provided, and/or disseminated to any other person and/or Defendant regarding the Plaintiff? Particular focus regarding the Plaintiff's five-day unpaid suspension.

12. Following, or prior to, the Plaintiff's complaints, concerns, and/or grievances, what persons, entities, organizations, and/or associations did you consult or communicate with regarding such?

13. Regarding the Plaintiff's suspension instituted, in or about February of 2019, what was the nature, description, and/or extent of communications with any other persons and/or Defendants regarding such including any further disciplinary actions taken?

14. Regarding each of the disciplinary actions regarding the Plaintiff, what is the relevant date, name, phone number, and description of persons/incidents of former like, similar, and/or comparable disciplinary actions instituted from the beginning of the Plaintiff's employment to the completion of this document? (Only include information pertaining to Taylor Hardin Secure Medical Facility)

15. Prior to, and during, your employment with the department, what are the relevant dates, employer names, employer phone numbers, nature, and/or description of any employer and/or entity who may have instituted discipline regarding, pertaining to, and/or focused on you in a position of supervision or authority?

16. At any time during the Plaintiff's employment with the department, did you communicate, advise, and/or disseminate that the Plaintiff should not/would not be promoted, provided a raise, and/or any other advancement opportunity?

17. If so, what is the nature, description, and/or extent of such; including the name, date, organization, and relevant phone number of such person and/or entity? (Subpart, Question 14)

18. In reference to written reprimands instituted regarding the Plaintiff, what, if any, actions did you take prior and after regarding such disciplinary action including what investigatory process was utilized?

19. From your personal recollection, knowledge, and/or awareness, have all policies and procedures of Taylor Hardin Secure Medical Facility and the department been equally and/or appropriately enforced, instituted, and/or utilized?

20. Regarding the Plaintiff's five-day unpaid suspension instituted on or about 2/14/2019, explain your application and extent of knowledge/awareness of whether such suspension violated the Plaintiff's first or fourteenth amendment rights.

Respectively Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION** 2019 AUG 16  A 11: 30

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR., PRO SE | U.S. DISTRICT COURT N.D. OF ALABAMA |
| *PLAINTIFF* | CASE NO.: **7:19-CV-00669-LSC** |
| V. | |
| ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, ET AL | FIRST SET OF INTERROGATORIES |
| *DEFENDANTS* | |

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT JOE LONG

Plaintiff, Derrick James Williamson, Jr., requests that Defendant Joe Long respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned, at 8816 Old Greensboro RD, Tuscaloosa, Alabama, 35405 or any other consented method.

### INSTRUCTIONS

A. Each Interrogatory is to be answered fully on the basis of information which is in your possession or control.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession or control, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Interrogatories herein shall be deemed continuing if the Plaintiff requires additional information based upon such responses. Plaintiff may require supplements or may seek leave to request additional interrogatories of the court prior to close of discovery.

E. If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and/or paragraph within the record or via document disclosure, such references, if adequately identified, will serve as a satisfactory response to such Interrogatory.

## **DEFINITIONS**

A. "Awareness" or "aware" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the person these interrogatories are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the party these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health and Mental Retardation ("Alabama Department of Mental Health" in short), the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties in appropriate context.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams;

sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters of correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, or other forms of communication, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document means to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

    a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    b. The identity or descriptive code number, file number, title or label of such document;

    c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

4

    e.  The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    f.  Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L.  In any matter responsive to any of the interrogatories with asserted privilege, the department, defendant, or subject of such interrogatory is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such interrogatory is directed to, shall identify as to each privileged communication or document:

    a.  its date;
    b.  its author(s);
    c.  the business title or position of its author(s);
    d.  its recipient(s);
    e.  the business title or position of its recipient(s);
    f.  its number of pages;
    g.  its stated subject matter;
    h.  the legal basis upon which the agency claims privilege;
    i.  the specific portion of the interrogatory or document to which the communication or document is responsive.

M.  Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before any hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

N.  When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

O.  All definitions are additionally subject to any and all further references, contentions, and/or information provided by the Black's Law Dictionary and Merriam-Webster Dictionary, if applicable.

P.  All of the following interrogatories shall be continuing in nature until the end of discovery, and you must supplement your answers as additional information becomes known or available to you.

## NOTE

*IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL THE PLAINTIFF BEFORE OBJECTING IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT*

*IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY WHEN POSSIBLE*

*IF AN INTERROGATORY IS INAPPLICABLE OR ANSWERED "NO", A FOLLOWING CONTINGENT QUESTION (SUBPART) WILL NOT BE TOTALED IN THE FINAL COUNT FOR DISCOVERY PURPOSES*

## INTERROGATORIES

1.  Provide a detailed description of your knowledge and/or awareness of adverse and/or negative opinions, facts, or discrepancies regarding the Plaintiff which may have affected any decision, interview, communications, and/or review in regard to him.

2.  Within the course of your employment with the department, have you been alleged, accused, and/or referenced in any complaint of discrimination, retaliation, and/or unlawful employment practice regarding any one else other than the Plaintiff?

3.  If so, provide the name, phone number, and/or any other relevant information regarding the Complainant in such actions and a description of such complaints, grievances, and/or concerns. (Subpart, Question 2)

4.  Regarding any complaint, grievance, and/or concern forwarded to you by the Plaintiff or by any other person regarding the Plaintiff, what actions did you take? Provide relevant dates, times, policies, procedures, and/or other classifying information and whether you notified the Plaintiff of findings.

5.  Prior to, and during, your employment with the department, what are the relevant dates, employer names, employer phone numbers, nature, and/or description of any employer and/or entity who may have instituted discipline regarding, pertaining to, and/or focused on you in a position of supervision or authority?

6. Regarding each of the disciplinary actions regarding the Plaintiff, what is the relevant date, name, phone number, and description of persons/incidents of former like, similar, and/or comparable disciplinary actions instituted from the beginning of the Plaintiff's employment to the completion of this document? (Only include information pertaining to Taylor Hardin Secure Medical Facility)

7. Have you disseminated, given, and/or provided any negative, adverse, and/or personal information regarding the Plaintiff to any other person, entity, organization, and/or association?

8. If so, what is the nature, description, and/or extent of such including relevant documentation? (Subpart, Question 7)

9. From your personal recollection, knowledge, and/or awareness, have all policies and procedures of Taylor Hardin Secure Medical Facility and the department been equally and/or appropriately enforced, instituted, and/or utilized?

10. If not, please explain relevant discrepancies regarding such and explain whether you have observed such discrepancies regarding the employment of Director Annie Jackson. (Subpart, Question 9)

11. In your oversight of the Human Resources Division of Taylor Hardin Secure Medical Facility as Personnel Manager, have you received and/or have knowledge or awareness of any complaints, grievances, and/or illegal, unethical, and/or immoral behavior regarding Human Resources Director Lynn Hubbard and/or Director Annie Jackson?

12. Have you, at any time, consorted, communicated, and/or conspired with any fellow Defendant within this action to communicate, share, and/or deliberate on negative topics, subjects, and/or actions regarding the Plaintiff's employment?

13. If so, please explain in detail with relevant dates, times, and/or other appropriate or relevant information. (Subpart, Question 12)

14. Regarding any negative, adverse, or subjective actions regarding the Plaintiff's employment, in your professional and personal opinion, have the Plaintiff's rights and/or privileges been unlawfully, illegally, and/or immorally affected?

15. Regarding Taylor Hardin Secure Medical Facility, identify all persons disciplined within their employment who were subsequently promoted dating back five years prior to the completion of this interrogatory.

16. Provide a list including titles, dates, times, and/or descriptions of any Human Resources, employment law, and/or discrimination trainings and/or professional conferences achieved or attended in your course of employment with the department. Include any other relevant training pertaining to any claim directed toward you in this lawsuit and/or complaint obtained in the course of any Human Resources or supervisory position.

17. Describe your responsibilities and/or duties in regard to the administration of disciplinary action within your position as Personnel Manager at Taylor Hardin Secure Medical Facility.

18. Regarding Tony Porter, a former police officer and police supervisor at Taylor Hardin Secure Medical Facility (similarly situated comparator), and Defendant Robert Anderson, Jr., were you aware of any unlawful, illegal, immoral, and/or improper procedures, protocols, and/or exceptions regarding their employment?

19. If so, please explain in detail with relevant dates, times, and/or other appropriate or relevant information. (Subpart, Question 18)

20. In your personal and professional opinion, would a reasonable person employed within Taylor Hardin Secure Medical Facility be able to retain, recall, and/or remember all the policies and procedures applicable to the facility? Explain the application of this question to yourself as well.

Respectively Submitted,

**Date:** Tuesday, August 13, 2019

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com