FILED
2019 Aug-16  AM 11:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

2019 AUG 16  A 10: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

***PLAINTIFF***

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

***DEFENDANTS***

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF PRODUCTION

---

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANTS

---

**COMES NOW**, the Plaintiff, Derrick James Williamson, Jr., in accordance with

Uniform Initial Order (I)(D), and files the following discovery requests:

1. First Set of Request for Production to Defendant Lynn Beshear

2. First Set of Request for Production to Defendant Lynn Hubbard

3. First Set of Request for Production to Defendant Zelda Diane Baugher

4. First Set of Request for Production to Defendant Joseph Rittner

5. First Set of Request for Production to Defendant Annie Jackson

6. First Set of Request for Production to Defendant Joe Long

Respectfully Submitted,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

7:19-CV-00669-LSC

## CERTIFICATE OF SERVICE

I, Derrick James Williamson, Jr., certify that on 8/8/2019, I notified of the imminence of

such requests. I, Derrick James Williamson, Jr., furtherly certify that on 8/13/2019, I served a

copy of these production requests on:

### *EDWARD CARY HIXON*
Lead Attorney for Defendants
P.O. Box 301410
Montgomery, Alabama, 36130
*(Electronic Mailing)*

### *TERRI OLIVE TOMPKINS*
Attorney for Defendant(s)
1201 Greensboro Avenue
Tuscaloosa, Alabama, 35401
*(Electronic Mailing)*

### *THOMAS B. KLINNER*
Attorney for Defendant(s)
P.O. Box 301410
Montgomery, Alabama, 36130
*(Electronic Mailing)*

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

1

FILED

2019 AUG 16  A 11: 35

U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

*PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

*DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF REQUEST FOR
PRODUCTION

---

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT LYNN BESHEAR

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that
Defendant Lynn Beshear produce and/or permit inspection and copying of the documents listed
in this request. The inspection and performance of related acts shall be made at a site agreed
upon by the parties, within 30 days of service of this request.

### INSTRUCTIONS

A. Unless otherwise specified, the documents called for by these document requests are
   documents in your possession, custody or control that were applicable, effective,
   prepared, written, generated, sent, dated, or received at any time. Documents that have
   been produced previously by Initial Disclosure need not be produced again.

B. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any
   response to this request for production for which you learn that the response is in some
   material respect incomplete or incorrect and if the additional or corrective information
   has not otherwise been made known to us during the discovery process or in writing.

C. All documents that respond, in whole or in part, to any part or clause of any paragraph of
   these document requests shall be produced in their entirety, including all attachments and
   enclosures. Only one copy need be produced of documents that are responsive to more
   than one paragraph or are identical except for the person to whom it is addressed if you
   indicate the persons or group of persons to whom such documents were distributed.
   Documents that in their original condition were stapled, clipped, or otherwise fastened
   together shall be produced in such form. Please place the documents called for by each
   paragraph in a separate file folder or other enclosure marked with the paragraph to which

such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

D. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Email transcripts made be forwarded in PDF format unless otherwise specified.

E. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

F. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

G. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to the department, if applicable.

## DEFINITIONS

A. "Awareness" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the subject these Requests for Production are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the Defendant these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health, the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to

properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

    a.  The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    b.  The identity or descriptive code number, file number, title or label of such document;

    c.  The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    d.  The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

    e.  The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    f.  Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L.  In any matter responsive to any of the Request for Production with asserted privilege, the department, defendant, or subject such Request for Production is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such Request for Production is directed to shall identify as to each privileged communication or document:

    a.  its date;
    b.  its author(s);
    c.  the business title or position of its author(s);
    d.  its recipient(s);
    e.  the business title or position of its recipient(s);
    f.  its number of pages;
    g.  its stated subject matter;
    h.  the legal basis upon which the agency claims privilege;
    i.  the specific portion of the Request for Production or document to which the communication or document is responsive.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. RECORDS, DOCUMENTATION, AND/OR COMPLAINTS REGARDING ANNIE
   JACKSON WHICH DETAIL ETHICAL, MORAL, AND/OR UNLAWFUL/ILLEGAL
   CONCERNS (EXCLUDING DOCUMENTATION FILED BY THE PLAINTIFF).

2. SUPERVISORY FILE/NOTES REGARDING ANNIE JACKSON'S EMPLOYMENT
   WHILE UNDER YOUR SUPERVISION.

3. WRITTEN AND/OR ELECTRONIC RECORDS REGARDING THE PLAINTIFF
   (EXCLUDING COMM. EXEMPTED BY LAW AND COMMUNICATIONS
   DIRECTLY TO PLAINTIFF).

Respectfully Requested,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

1

2019 AUG 16  A 11: 28

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

*PLAINTIFF*

CASE NO.: **7:19-CV-00669-LSC**

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

FIRST SET OF REQUEST FOR
PRODUCTION

*DEFENDANTS*

---

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT LYNN HUBBARD

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that Defendant Lynn Hubbard produce and/or permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

### INSTRUCTIONS

A. Unless otherwise specified, the documents called by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time. Documents that have been produced previously by Initial Disclosure need not be produced again.

B. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

C. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with the paragraph to which

such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

D. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Email transcripts made be forwarded in PDF format unless otherwise specified.

E. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

F. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

G. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to the department, if applicable.

## DEFINITIONS

A. "Awareness" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the subject these Requests for Production are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the Defendant these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health, the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to

4

properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

    a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    b. The identity or descriptive code number, file number, title or label of such document;

    c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

    e. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    f. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L. In any matter responsive to any of the Request for Production with asserted privilege, the department, defendant, or subject such Request for Production is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such Request for Production is directed to shall identify as to each privileged communication or document:

    a. its date;
    b. its author(s);
    c. the business title or position of its author(s);
    d. its recipient(s);
    e. the business title or position of its recipient(s);
    f. its number of pages;
    g. its stated subject matter;
    h. the legal basis upon which the agency claims privilege;
    i. the specific portion of the Request for Production or document to which the communication or document is responsive.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. RECORDS, NOTES, APPLICATIONS, AND ASSESSMENTS (EXCLUDING PLAINTIFF'S APPLICATION MATERIALS), CONDUCTED REGARDING THE FOLLOWING POSITIONS AND/OR PROMOTIONS: MH SPECIAL AGENT I (PCQ# 8813191) - 2/16/18, ADMINISTRATOR II (PCQ# 8813370) - 10/19/18, MH SECURITY OFFICER III (PCQ# 8826327) - 10/19/18, & MH SECURITY OFFICER III (PCQ# 8836079) - 10/19/18. SUCH REQUEST INCLUDES COMPLETED INTERVIEW PANEL RATING/ASSESSMENT DOCUMENTS.

Respectfully Requested,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

1

FILED

2019 AUG 16  A 11: 35

U.S. DERRICK JAMES WILLIAMSON, JR.,
N.D. OF

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

*PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

*DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF REQUEST FOR
PRODUCTION

---

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT ZELDA BAUGHER**

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that Defendant Zelda Diane Baugher produce and/or permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

## INSTRUCTIONS

A. Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time. Documents that have been produced previously by Initial Disclosure need not be produced again.

B. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

C. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with the paragraph to which

such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

D. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Email transcripts made be forwarded in PDF format unless otherwise specified.

E. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

F. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

G. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to the department, if applicable.

## **DEFINITIONS**

A. "Awareness" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the subject these Requests for Production are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the Defendant these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health, the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to

properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

   a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

   b. The identity or descriptive code number, file number, title or label of such document;

   c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

   d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

   e. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

   f. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L. In any matter responsive to any of the Request for Production with asserted privilege, the department, defendant, or subject such Request for Production is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such Request for Production is directed to shall identify as to each privileged communication or document:

   a. its date;
   b. its author(s);
   c. the business title or position of its author(s);
   d. its recipient(s);
   e. the business title or position of its recipient(s);
   f. its number of pages;
   g. its stated subject matter;
   h. the legal basis upon which the agency claims privilege;
   i. the specific portion of the Request for Production or document to which the communication or document is responsive.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. RECORDS, DOCUMENTATION, AND/OR COMPLAINTS REGARDING ANNIE
   JACKSON WHICH DETAIL ETHICAL, MORAL, AND/OR UNLAWFUL/ILLEGAL
   CONCERNS (EXCLUDING DOCUMENTATION FILED BY THE PLAINTIFF).

2. SUPERVISORY FILE/NOTES REGARDING ANNIE JACKSON'S EMPLOYMENT
   WHILE UNDER YOUR SUPERVISION.

3. WRITTEN AND/OR ELECTRONIC RECORDS REGARDING THE PLAINTIFF
   (EXCLUDING COMM. EXEMPTED BY LAW AND COMMUNICATIONS
   DIRECTLY TO PLAINTIFF).

Respectfully Requested,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

FILED

2019 AUG 16  A 11: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

## *PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

## *DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF REQUEST FOR
PRODUCTION

---

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT JOSEPH RITTNER

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that Defendant Joseph Rittner produce and/or permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

### INSTRUCTIONS

A. Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time. Documents that have been produced previously by Initial Disclosure need not be produced again.

B. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

C. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with the paragraph to which

such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

D. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Email transcripts made be forwarded in PDF format unless otherwise specified.

E. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

F. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

G. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to the department, if applicable.

## DEFINITIONS

A. "Awareness" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the subject these Requests for Production are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the Defendant these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health, the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to

properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

 a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

 b. The identity or descriptive code number, file number, title or label of such document;

 c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

 d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

 e. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

 f. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L. In any matter responsive to any of the Request for Production with asserted privilege, the department, defendant, or subject such Request for Production is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such Request for Production is directed to shall identify as to each privileged communication or document:

 a. its date;
 b. its author(s);
 c. the business title or position of its author(s);
 d. its recipient(s);
 e. the business title or position of its recipient(s);
 f. its number of pages;
 g. its stated subject matter;
 h. the legal basis upon which the agency claims privilege;
 i. the specific portion of the Request for Production or document to which the communication or document is responsive.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. RECORDS, DOCUMENTS, AND/OR INVESTIGATION SUMMARY PERTAINING
   TO CRIMINAL CHARGES/A COMPLAINT FORWARDED FOR REVIEW BY THE
   PLAINTIFF ON 10/20/2018 (BSI CASE #: G6-5499-18 - CLOSED/UNFOUNDED).

2. RECORDS, DOCUMENTS, AND/OR MEMORANDUMS (ELECTRONIC OR
   PHYSICAL) PERTAINING TO THE PLAINTIFF.

3. INVESTIGATION SUMMARIES PERTAINING TO ANY COMPLAINT
   FORWARDED BY THE PLAINTIFF (EXCLUDE EXEMPTED INFO. BY LAW).

Respectfully Requested,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

1

FILED

2019 AUG 16  A II: 28

U.S. DISTRICT COURT
N.D. OF DERRICK JAMES WILLIAMSON, JR.,

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

PRO SE

*PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL

*DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF REQUEST FOR
PRODUCTION

---

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT ANNIE JACKSON

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that Defendant Annie Jackson produce and/or permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

### INSTRUCTIONS

A. Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time. Documents that have been produced previously by Initial Disclosure need not be produced again.

B. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

C. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with the paragraph to which

such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

D. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Email transcripts made be forwarded in PDF format unless otherwise specified.

E. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

F. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

G. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to the department, if applicable.

## DEFINITIONS

A. "Awareness" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the subject these Requests for Production are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the Defendant these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health, the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

H. "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to

4

properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

    a.  The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

    b.  The identity or descriptive code number, file number, title or label of such document;

    c.  The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    d.  The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

    e.  The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    f.  Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L.  In any matter responsive to any of the Request for Production with asserted privilege, the department, defendant, or subject such Request for Production is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such Request for Production is directed to shall identify as to each privileged communication or document:

    a.  its date;
    b.  its author(s);
    c.  the business title or position of its author(s);
    d.  its recipient(s);
    e.  the business title or position of its recipient(s);
    f.  its number of pages;
    g.  its stated subject matter;
    h.  the legal basis upon which the agency claims privilege;
    i.  the specific portion of the Request for Production or document to which the communication or document is responsive.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. SUPERVISORY FILE(S), SUPERVISORY NOTES, EMAILS, AND/OR MEMORANDUMS, WHETHER ELECTRONICALLY STORED OR PHYSICALLY STORED, WHICH MENTION AND/OR REFERENCE THE PLAINTIFF'S EMPLOYMENT W/ AL. DEPT. OF MENTAL HEALTH OR HIS CHARACTER (EXCLUDING COMMUNICATIONS EXEMPTED BY LAW).

Respectfully Requested,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

1

FILED

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

2019 AUG 16  A 11: 28

U.S. DISTRICT COURT
N.D. OF ALA

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

*PLAINTIFF*                                                     CASE NO.: **7:19-CV-00669-LSC**

V.

ALABAMA DEPARTMENT OF MENTAL                   FIRST SET OF REQUEST FOR
HEALTH AND MENTAL RETARDATION,                            PRODUCTION
ET AL

*DEFENDANTS*

---

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT JOE LONG

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that Defendant Joe Long produce and/or permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

### INSTRUCTIONS

A. Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time. Documents that have been produced previously by Initial Disclosure need not be produced again.

B. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

C. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with the paragraph to which

such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

D. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Email transcripts made be forwarded in PDF format unless otherwise specified.

E. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

F. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

G. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to the department, if applicable.

## **DEFINITIONS**

A. "Awareness" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Defendant" refers to the subject these Requests for Production are directed to unless another Defendant is specified by name.

C. "You," "your," or "yourself," means the Defendant these questions are directed to.

D. "Department" refers to the Alabama Department of Mental Health, the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Person", "persons," "people", and "individual" means any natural person, whether currently employed with the department, retired, not associated, or never associated with the department. Additionally, includes subjects, individuals, human beings, and/or third parties.

F.  "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G.  "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

H.  "Produce" and "provide" mean to provide either a legible true copy of the original or any document, writing, and/or communication.

I.  "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

J.  "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

K.  "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to

properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

   a.  The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

   b.  The identity or descriptive code number, file number, title or label of such document;

   c.  The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

   d.  The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

   e.  The name(s) of the person(s) having present possession, custody, or control of such document(s); and

   f.  Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

L.  In any matter responsive to any of the Request for Production with asserted privilege, the department, defendant, or subject such Request for Production is directed to, shall set forth completely the grounds for the asserted privilege, along with copies of the provisions or other written materials upon which such assertion is made. The department, defendant, or subject such Request for Production is directed to shall identify as to each privileged communication or document:

   a.  its date;
   b.  its author(s);
   c.  the business title or position of its author(s);
   d.  its recipient(s);
   e.  the business title or position of its recipient(s);
   f.  its number of pages;
   g.  its stated subject matter;
   h.  the legal basis upon which the agency claims privilege;
   i.  the specific portion of the Request for Production or document to which the communication or document is responsive.

### **REQUEST FOR PRODUCTION OF DOCUMENTS**

5

1. EVIDENCE (DOCUMENTS AND/OR ELECTRONICALLY STORED INFORMATION) SUPPORTING CHARGES, DISCIPLINE, AND/OR ADVERSE ACTIONS INSTITUTED ON OR ABOUT 5/2/2018, 8/23/2018, 9/19/2018, 10/17/2018, AND 2/14/2019 REGARDING THE PLAINTIFF.

2. EVIDENCE SUPPORTING ANY OTHER DISCIPLINE CONDUCTED UPON THE PLAINTIFF WHILE EMPLOYED AT TAYLOR HARDIN SECURE MEDICAL FACILITY.

3. RECORD OF DISCIPLINE INSTITUTED UPON JEREMY BOOTH & KEVIN MCDANIEL.

4. COMPLAINTS, WRITTEN RECORD, AND/OR DOCUMENTS DETAILING ISSUES/CONCERNS OF DISCRIMINATION, UNFAIR TREATMENT, AND/OR ILLEGAL/UNLAWFUL PROCEDURES FILED BY BESSIE CARTER, LORENZO GAMBLE, AND/OR ANY OTHER AFRICAN AMERICAN TARGETED, FOCUSED, AND/OR MENTIONING ROBERT ANDERSON, JR.

Respectfully Requested,

Derrick James Williamson, Jr., Pro Se
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405
**Cellphone:** (205) 422-9664
**Email:** aeonpctech@live.com

7:19-CV-00669-LSC