FILED
2019 Dec-17  PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| **DERRICK JAMES WILLIAMSON, JR.** | )( |
| **PRO SE** | )( |
| **Plaintiff,** | )( |
| | )( |
| **v.** | )( |
| | )( |
| **ALABAMA DEPARTMENT OF** | )(   **Case No. 7:19-cv-00669-LSC** |
| **MENTAL HEALTH AND MENTAL** | )( |
| **RETARDATION, ET AL.,** | )( |
| | )( |
| **Defendants** | )( |

## ANSWER OF DEFENDANT ADMH TO SECOND AMENDED AND VERIFIED COMPLAINT

Comes now the Defendant designated as the Alabama Department of Mental Health and Mental Retardation and answers the Plaintiff's Second Amended and Verified Complaint as follows:

### RESPONSE TO PARAGRAPHS REGARDING PLAINTIFF

1.     This paragraph does not require a response.

2.     The Defendant admits that the Plaintiff is a Mental Health Security Officer II and that he is an African-American employee.  Defendant also admits the Plaintiff did not receive any discipline as Mental Health Security Officer I. The Defendant denies the remaining assertions, as stated, of this paragraph.

3.     Defendant admits that Plaintiff was promoted.  Defendant denies the remaining assertions of this paragraph.

1

4.      The Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

5.      The Defendant admits that Plaintiff has been disciplined.  Defendant denies the remaining assertions of this paragraph.

### RESPONSE TO PARAGRAPHS REGARDING DEFENDANTS

6.      The Defendant admits the assertions of this paragraph.

7.      The Defendant admits the assertions of this paragraph.

8.      The Defendant admits the assertions of this paragraph.

9.      The Defendant denies that ADMH houses all criminal commitments at Taylor Hardin.  The Defendant admits the remaining assertions of this paragraph.

10.      The Defendant admits that police officers employed by ADMH have the powers enumerated in Alabama Code section 22-50-21.

11.      The Defendant admits the assertions of this paragraph.

12.      The Defendant admits the assertions of this paragraph.

13.      The Defendant admits the assertions of this paragraph.

14.      The Defendant admits the assertions of this paragraph.

15.      The Defendant admits the assertions of this paragraph.

16.      The Defendant admits the assertions of this paragraph.

17.      The Defendant admits the assertions of this paragraph.

18.      The Defendant admits the assertions of this paragraph.

19.      The Defendant admits the assertions of this paragraph.

20.    The Defendant admits the assertions of this paragraph.

21.    The Defendant admits the assertions of this paragraph.

## RESPONSE TO PARAGRAPHS RE: JURISDICTION AND VENUE

22.    Paragraph 22 admits that the Plaintiff is making claims pursuant to the United States Constitution and certain federal statutes.  The Defendant denies that the Plaintiff can maintain a claim pursuant to these constitutional provisions and statutes.

23.    Paragraph 23 asserts that the Plaintiff is making a claim under certain federal and state statutes and rules.  The Defendant denies that the Plaintiff can maintain a claim pursuant to these statutes and rules.

24.    The Defendant denies that the Plaintiff is entitled to the relief requested.

25.    The Defendant admits that venue is proper.

## RESPONSE TO PARAGRAPH REGARDING PREQUISITES

26.    The Defendant admits that the Plaintiff has received "Notice of Suit Rights" letters from the Equal Employment Opportunity Commission but denies that he has received such a letter yet on all charges of discrimination that he has filed. The Defendant denies the remaining assertions of this paragraph.

## RESPONSES TO PARAGRAPHS REGARDING FACTS
### Establishment of Relationship with State of Alabama

27.    The Defendant denies that Section 279 of the Constitution of Alabama applies to the oath taken by the Plaintiff. The Defendant admits the remaining assertions of this paragraph.

28.    The Defendant denies the assertions of this paragraph.

### Response to Establishment of Employment Contract with ADMH

29.    The Defendant admits that that Plaintiff has quoted selected portions of Alabama Code section 22-50-11. The Defendant denies the remaining assertions of this paragraph.

30.    The Defendant denies the assertions of this paragraph.

31.    Upon information and belief, the Defendant admits the assertions of this paragraph.

32.    Upon information and belief, the Defendant admits the assertions of this paragraph.

33.    Upon information and belief, the Defendant admits the assertions of this paragraph.

34.    The Defendant denies the assertions of this paragraph.

35.    The Defendant admits the assertions of this paragraph.

36.    The Defendant admits the assertions of this paragraph.

37.    Upon information and belief, the Defendant admits the assertions of the first and second sentence. The Defendant denies the remainder of the assertions of this paragraph.

38.    The Defendant admits that the Plaintiff has quoted portions of the job announcement.

39.    The Defendant admits that the Plaintiff has quoted portions of these documents correctly.

40.    The Defendant admits the first sentence of this paragraph. The Defendant denies the remainder of the assertions of this paragraph.

41.    Upon information and belief, the Defendant admits the assertions of this paragraph.

42.    Upon information and belief, the Defendant admits the assertions of this paragraph.

43.    Upon information and belief, the Defendant admits the assertions of this paragraph.

44.    The Defendant admits that the Plaintiff may have accurately quoted the policies and regulations. The Defendant denies that the policies and regulations overcome the at-will employment doctrine and denies the remaining assertions of this paragraph.

**Response to Hubbard's Powers, Rights & Duties as Assignee**

45.     The Defendant admits that this paragraph lists some of the job duties of Hubbard. The Defendant denies the remaining assertions of this paragraph.

**Long's Powers, Rights & Duties as Assignee**

46.     The Defendant admits that this paragraph lists some of the job duties of Long. The Defendant denies the remaining assertions of this paragraph.

**Preliminary Incident (Report of Discrimination)**

47.     The Defendant denies the assertions of this paragraph.

48.     The Defendant denies the assertions of this paragraph.

49.     Upon information and belief, the Defendant admits that Anderson did document that the Plaintiff had "unsatisfactory cooperation" with co-workers when he questioned the clinical judgment of the nursing staff when administering a PRN. The Defendant denies the remaining assertions of this paragraph.

50.     The Defendant admits that these officers made complaints. The Defendant denies the remaining assertions of this paragraph.

51.     The Defendant admits that Hubbard did address these issues in a September 29, 2016 letter. The Defendant denies, as stated, the remaining assertions of this paragraph.

52.     The Defendant denies the assertions of this paragraph.

53.     The Defendant denies the assertions of this paragraph.

54.     The Defendant denies the assertions of this paragraph.

55.     The Defendant denies the assertions of this paragraph.

56.     The Defendant admits that the Plaintiff received a favorable appraisal, that Anderson increased the initial score, and that the Plaintiff has quoted portions of the evaluation correctly. The Defendant denies the remaining assertions of this paragraph.

### Response to Commencement of Pattern of Retaliation

57.     The Defendant denies the assertions of this paragraph.

### Response to First Obtained Warrant

58.     The Defendant does not have sufficient information to admit or deny this assertion.  Therefore, the assertions of this paragraph are denied.

59.     The Defendant does not have sufficient information to admit or deny this assertion.  Therefore, the assertions of this paragraph are denied.

60.     The Defendant admits that Jackson was notified of what the Plaintiff perceived to be criminal activity within Taylor Hardin.  The Defendant denies the remaining assertions of this paragraph.

61.     The Defendant denies the assertions of this paragraph.

62.     The Defendant denies the assertions of this paragraph.

63.     The Defendant admits that Jackson advised that officers should follow an administrative/non-criminal process in certain instances instead of seeking criminal action.  The Defendant denies the remaining assertions of this paragraph.

64.     The Defendant denies the assertions of this paragraph.

## Preliminary Report of Ethical Concerns

65.     The Defendant admits that the Plaintiff reported what he perceived to be potential ethical violations committed by Jackson.  The Defendant denies the remaining assertions of this paragraph.

## Response to Warrants & Arrest for Theft of Government Property

66.     The Defendant admits that the Plaintiff did file criminal charges against Tamika Cotton and Tarneice Henderson and that both pled guilty.  The Defendant admits that Jackson communicated to the Plaintiff that he should let her know when he is making an arrest.  The Defendant denies the remaining assertions of this paragraph.

## Response to Report of Staff's Theft of Government Theft

67.     The Defendant admits that Anderson did distribute a written memorandum to the employees of the Police Services Division regarding completing time slips and/or paid time off.  The Defendant denies the remaining assertions of this paragraph.

68.     The Defendant denies the assertions of this paragraph.

69.     The Defendant admits that Anderson was notified by Human Resources of the incident.  The Defendant denies the remaining assertions of this paragraph.

## Response to Overlooking Caucasian's Abuse of THSMF Patient

70.     The Defendant denies the assertions of this paragraph.

## Response to First Issued Written Discipline

71.     The Defendant admits that Anderson issued a written reprimand to the Plaintiff and that portions of that document are correctly quoted. The Defendant denies the remaining assertions of this paragraph.

72.     The Defendant denies that ASEA is a collective bargaining organization. The Defendant admits the remaining assertions of this paragraph.

73.     The Defendant denies the assertions of this paragraph.

74.     The Defendant admits that the Plaintiff did file a complaint and that Hubbard declined to rescind the reprimand.  The Defendant denies the remaining assertions of this paragraph.

75.     The Defendant admits that Hubbard said to Plaintiff something to the effect that he needed to learn to follow ADMH policy and procedures.  The Defendant denies the remaining assertions of this paragraph.

76.     The Defendant denies the assertions of this paragraph.

## Response to General Facts

77.     The Defendant admits that the Plaintiff filed multiple internal complaints expressing grievances.  The Defendant denies the remaining assertions of this paragraph.

78.     The Defendant denies the assertions of this paragraph.

79.     The Defendant admits the assertions of this paragraph.

**Response to Jackson's Advisement Regarding Plaintiff's Advancement**

80.     The Defendant denies the assertions of this paragraph.

**Response to Notification the Plaintiff Intended to File Suit**

81.     The Defendant admits that Jackson sent an email but denies that the Plaintiff quoted the email in its entirety.

**Response to Declined Promotion: Mental Health Special Agent I**

82.     The Defendant admits that the Plaintiff applied for a position as a Mental Health Special Agent I.  The Defendant denies the remaining assertions of this paragraph.

83.     The Defendant admits that Luther Davis had the highest score.  The Defendant denies the remaining assertions of this paragraph.

84.     The Defendant denies the assertions of this paragraph.

85.     The Defendant admits that Rittner wrote the questions for the interview. The Defendant denies the remaining assertions of this paragraph.

86.     The Defendant denies the assertions of this paragraph.

87.     The Defendant denies the assertions of this paragraph.

88.     The Defendant denies the assertions of this paragraph.

89.     The Defendant admits that the person selected for the position had the potential to have direct contact with clients/patients.

90.     The Defendant denies the assertions of this paragraph.

91.     The Defendant denies the assertions of this paragraph.

92.     The Defendant admits the assertions of this paragraph.

93.     The Defendant admits that Rittner was the final decisionmaker.   The Defendant denies the remaining assertions of this paragraph.

### Response to General Facts Continued

94.     The Defendant admits the first sentence of this paragraph.   The Defendant denies the remaining assertions of this paragraph.

95.     The Defendant denies the assertions of this paragraph.

### Response to Warrant for Disorderly Conduct (Gosa)

96.     Upon information and belief, the Defendant admits the assertions of this paragraph.

### Response to NCIC Privileges Revoked

97.     The Defendant admits that Anderson did revoke the Plaintiff's access to the National Crime Information Center temporarily because the Plaintiff was running criminal background checks in violation of facility policy.   The Defendant admits that Anderson did revise the policy to make it more specific about approved uses of the system.   The Defendant denies the remaining assertions of this paragraph.

98.     The Defendant denies the assertions of this paragraph.

### Response to Investigated for Internal Portfolio

99.     The Defendant admits that Hubbard advised the Plaintiff that some of the content of the portfolio was concerning to her and directed the Plaintiff not to create the portfolio.   The Defendant admits that the Plaintiff had talked with

Anderson about some of the designs in the portfolio.  The Defendant denies the remaining assertions of this paragraph.

100.   Upon information and belief, the Defendant admits the assertions of this paragraph.

101.   The Defendant admits that Hubbard gave or took the portfolio to the ADMH Legal Services Division.  The Defendant denies the remaining assertions of this paragraph.

### Response to Anderson's Powers, Rights, & Duties as Assignee

102.   The Defendant admits that some of Anderson's job duties are listed. The Defendant denies the remaining assertions of this paragraph.

### Response to Sexual Abuse of THSMF Patient

103.   The Defendant admits that Plaintiff was counseled by Anderson.  The Defendant denies the remaining assertions of this paragraph.

104.   The Defendant admits that Anderson told Plaintiff he had violated HIPAA.  The Defendant denies the remaining assertions of this paragraph.

105.   The Defendant denies the assertions of this paragraph.

106.   The Defendant denies the assertions of this paragraph.

107.   The Defendant denies the assertions of this paragraph.

108.   The Defendant denies the assertions of this paragraph.

109.   The Defendant admits that Anderson told the Plaintiff that his actions violated HIPAA.  The Defendant admits that Anderson told the Plaintiff that he did

not trust him because the Plaintiff had repeated sensitive law enforcement information that Anderson had asked the Plaintiff to keep confidential.

110.   The Defendant admits that the Plaintiff did file an internal complaint. The Defendant denies the remaining assertions of this paragraph.

111.   The Defendant admits that Rittner did handle this issue.  The Defendant denies the remaining allegations of this paragraph.

### Response to Report of Unethical Practices, Obstruction, and Plaintiff's Notification of his Authority

112.   The Defendant admits the assertions in the first sentence of this paragraph and that the Plaintiff made a verbal complaint to Jackson.  The Defendant admits that the Plaintiff charged Gosa with disorderly conduct.  The Defendant denies the remaining assertions of this paragraph.

113.   The Defendant admits the assertions of this paragraph.

114.   The Defendant denies, as stated, the assertions of this paragraph.

115.   The Defendant admits that Jackson made this statement in response to the Plaintiff's threat to sue the Department.

116.   The Defendant denies the assertions of this paragraph.

### Response to District Attorney's Notification to Maintain Oath

117.   The Defendant denies the assertions of this paragraph.

### Response to Jackson May Circumvent Arrests & Criminal Prosecutions

118.   The Defendant denies the assertions of this paragraph.

119.   The Defendant admits that this statement was made by Department counsel in a position statement submitted to the EEOC.

120.   The Defendant admits that Jackson is not a law enforcement officer, has no peace officer certification, and has no law enforcement training.   The Defendant admits that the Plaintiff threatened to attempt to prosecute Jackson.   The Defendant denies the remaining assertions of this paragraph.

### Response to General Facts Continued

121.   The Defendant admits that the Plaintiff filed a complaint.   The Defendant denies the remaining assertions of this paragraph.

122.   The Defendant admits the assertions of this paragraph.

### Response to Report of Unlawful Criminal History Access

123.   The Defendant admits that Anderson allowed the psychologists to view the criminal histories of patients.   The Defendant denies the remaining assertions of this paragraph.

124.   The Defendant admits that the psychologists could not view the information in the computer but could access the criminal histories that had been printed.   The Defendant denies the remaining assertions of this paragraph.

125.   The Defendant denies the assertions of this paragraph.

### Response to Complaint Regarding 5/2/2018 Reprimand

126.   The Defendant admits that the Plaintiff filed a complaint.   The Defendant denies the remaining assertions of this paragraph.

14

127.   The Defendant admits that Hubbard wrote this.  The Defendant denies the remaining assertions of this paragraph.

### Response to Alabama State Employees Association – Assistance Declined

128.   The Defendant admits, upon information and belief, that the Plaintiff contacted ASEA. The Defendant denies the assertions of this paragraph.

129.   The Defendant denies the assertions of this paragraph.

### Response to Jackson's Powers, Rights & Duties as Assignee

130.   The Defendant admits that some of Jackson's job duties are listed. The Defendant denies the remaining assertions of this paragraph.

### Response to Declined Promotion: Administrator II (Clinical Investigator)

131.   The Defendant admits that the Plaintiff applied for this position.  The Defendant denies the remaining assertions of this paragraph.

### Response to Report of Unlawful Firearms Procedures

132.   The Defendant admits the assertions of this paragraph.

133.   The Defendant admits that the Plaintiff verbally notified Rittner of his complaint regarding firearms qualifications procedures.  The Defendant admits that Rittner told Anderson to have the officers requalified as soon as possible.  The Defendant denies the remaining assertions of this paragraph.

134.   The Defendant admits that the Plaintiff was verbally counseled by Anderson. The Defendant denies the remaining assertions of this paragraph.

135.   The Defendant denies the assertions of this paragraph.

136.    The Defendant denies the assertions of this paragraph.

137.    The Defendant denies the assertions of this paragraph.

138.    The Defendant admits that the Plaintiff filed a complaint with APOSTC.  The Defendant denies the remaining assertions of this paragraph.

139.    The Defendant denies the assertions of this paragraph.

140.    The Defendant admits that Anderson and Madden appeared in Montgomery for an audit.  The Defendant denies the remaining assertions of this paragraph.

## Response to First EEOC Charge

141.    The Defendant admits that the Plaintiff filed an EEOC charge.  The Defendant denies the remaining assertions of this paragraph.

## Response to Beshear Attempts to Place Anderson on Mandatory Leave

142.    The Defendant admits that Anderson retired rather than be placed on mandatory leave.  The Defendant admits that the letter from Beshear to Anderson dated August 21, 2018, included the reasons listed in this paragraph and that State Personnel Director Jackie Graham signed the letter.

143.    Upon information and belief, the Defendant admits the assertions in this paragraph.

**Response to Second Issued Written Discipline**

144.   The Defendant admits the assertions of this paragraph.

145.   The Defendant admits that the statements to the Plaintiff during the administration of discipline were written before the meeting.  The Defendant denies the remaining assertions of this paragraph.

146.   The Defendant admits that the written warning included information for which the Plaintiff had not previously been disciplined.  The Defendant denies the remaining assertions of this paragraph.

147.   The Defendant denies the assertions of this paragraph.

148.   The Defendant admits that Jackson, Baugher, Hubbard, and Rittner refused were involved in the administration of disciplinary action.  The Defendant denies the remaining assertions of this paragraph.

149.   The Defendant admits the assertions of this paragraph.

150.   The Defendant admits that this paragraph quotes part but not all of Hubbard's response.

151.   The Defendant has no knowledge as to how the Plaintiff perceived this directive.  Therefore, the Defendant denies the assertions of this paragraph.

152.   The Defendant admits that Rittner told the Plaintiff that he was receiving "a slap on the wrist" when he received the written warning.  The Defendant denies the remaining assertions of this paragraph.

153.   The Defendant admits that the Plaintiff has stated that he was not required to follow directions from the facility director.  The Defendant denies the remaining assertions of this paragraph.

154.   The Defendant admits that the Plaintiff correctly quoted Alabama Administrative Code § 670-X-19-.01(b)(2).

155.   The Defendant denies the assertions of this paragraph.

### Response to Second EEOC Charge

156.   The Defendant admits that the Plaintiff filed an EEOC charge.  The Defendant denies the remaining assertions of this paragraph.

### Response to Third Issued Written Discipline

157.   The Defendant admits that Plaintiff received a written reprimand and notice of a pre-disciplinary conference.   The Defendant denies the remaining assertions of this paragraph.

### Response to Report to National Labor Relations Board

158.   The Defendant admits the assertions of this paragraph.

### Response to Third EEOC Charge

159.   The Defendant admits that the Plaintiff filed an EEOC charge.  The Defendant denies the remaining assertions of this paragraph.

### Response to Random Directive to No Longer Wear Personal Badge

160.   The Defendant admits the assertions of this paragraph.

**Response to Fourth Issued Written Discipline**

161.   The Defendant admits that William Dawson was present for the PDC and refuted details in reference to this separate incident.

162.   The Defendant denies the assertions of this paragraph.

163.   The Defendant admits that Plaintiff presented ten defenses to the written warning received on 10.17.18.   The Defendant denies the remaining assertions of this paragraph.

**Response to External & Transfer Employment Consideration**

164.   The Defendant admits that the Plaintiff was advised that a transfer to another facility would be a competitive transfer.   The Defendant denies the remaining assertions of this paragraph.

165.   Upon information and belief, the Defendant admits the first sentence of this paragraph.  The Defendant denies the remaining assertions of this paragraph.

166.   The Defendant denies the assertions of this paragraph.

167.   The Defendant denies the assertions of this paragraph.

168.   The Defendant admits that some but not all of the Defendants were interviewed as part of the background check process. The Defendant admits that another Taylor Hardin employee talked with the agency representative.   The Defendant denies the remaining assertions of this paragraph.

**Response to Memorandum & Directive Regarding MOVE**

169.   The Defendant admits that Booth determined that the MOVE system did not fit the needs of Taylor Hardin and was not to be used for reporting by Taylor Hardin.

170.   The Defendant admits that the Plaintiff did discuss UCR reporting with Booth.  The Defendant denies the remaining assertions of this paragraph.

171.   The Defendant denies, as stated, the assertions of this paragraph.

**Fourth EEOC Charge**

172.   The Defendant admits the assertions of this paragraph.

**General Facts Continued**

173.   The Defendant admits that Booth verbally counseled the Plaintiff for coming in to work early.  The Defendant admits that a meeting occurred with former Captain Noah Reeves but denies that Captain Reeves rescinded this directive.  The Defendant admits the fourth sentence of this paragraph.  The Defendant denies the remaining assertions of this paragraph.

174.   The Defendant admits the first sentence of this paragraph.  The Defendant denies the remaining assertions of this paragraph.

175.   The Defendant admits that Dawson sent a letter requesting reconsideration and that ADMH legal counsel responded.  The Defendant denies the remaining assertions of this paragraph.

176.   The Defendant admits the assertions of this paragraph.

## Response to Issued Performance Appraisal

177.   The Defendant admits that the Plaintiff received a performance appraisal on or about 10.20.18 and that the score was 14.11.  The Defendant denies the remaining assertions of this paragraph.

178.   The Defendant admits the assertions of this paragraph.

179.   The Defendant admits the assertions of this paragraph.

180.   The Defendant denies the assertions of this paragraph.

181.   The Defendant admits that the performance appraisal, once completed, was sent to the State of Alabama Personnel Department.  The Defendant denies the remaining assertions of this paragraph.

182.   The Defendant admits the assertions of this paragraph.

## Response to General Facts Continued

183.   The Defendant admits that the Plaintiff filed internal complaints but denies the remaining assertions of this paragraph.

184.   The Defendant admits that Plaintiff requested a meeting with Defendant Beshear.   The Defendant denies the remaining assertions of this paragraph.

## Response to Anxiety & Emotional Distress

185.   The Defendant denies the assertions of this paragraph.

186.   Upon information and belief, the Defendant admits the assertions of this paragraph.

21

### Response to Assistance with Vanbeek's Concerns

187.   The Defendant admits that the Plaintiff was copied on an email sent by Vanbeek. The Defendant denies the remaining assertions of this paragraph.

188.   The Defendant admits that Vanbeek resigned. The Defendant denies the remaining assertions of this paragraph.

### Response to Culture of Patient Care Survey

189.   The Defendant admits that the facility conducted a Culture of Patient Care survey in 2018 and that staff did indicate concerns with staffing and safety. The Defendant denies the remaining assertions of this paragraph.

190.   The Defendant admits that 23% of the staff who completed the survey rated the safety at the facility as poor and that 20% who completed the survey rated the safety at the facility as failing.  The Defendant denies the remaining assertions of this paragraph.

191.   The Defendant denies the assertions of this paragraph.

### Response to General Facts Continued

192.   The Defendant denies the assertions of this paragraph.

193.   The Defendant denies the assertions of this paragraph.

### Response to APOSTC Announces Lawful Standards

194.   The Defendant denies the assertions of this paragraph.

### Response to Report to State of Alabama Ethics Commission

195.   The Defendant denies the assertions of this paragraph.

## Response to Booth's Defamation of the Plaintiff

196.   The Defendant denies that this statement was provided to the other Defendants.  The Defendant admits the remaining assertions of this paragraph.

197.   The Defendant admits that Booth was the Interim Director of Police Services in November of 2018.  The Defendant denies the remaining assertions of this paragraph.

198.   The Defendant denies the assertions of this paragraph.

199.   The Defendant admits that Booth obtained statements. The Defendant denies the remaining assertions of this paragraph.

## Response to Declined Promotion: Administrator II

200.   The Defendant admits that the Plaintiff applied for the position and that he was not selected for an interview.  The Defendant denies the remaining assertions of this paragraph.

201.   The Defendant denies the assertions of this paragraph.

202.   The Defendant admits that the Department declined to provide the race of the selected individual.  The Defendant denies the remaining assertions of this paragraph.

203.   The Defendant denies the assertions of this paragraph.

## Response to Report of Discrimination to State Personnel Department

204.   The Defendant denies the assertions of this paragraph.

205.   The Defendant denies the assertions of this paragraph.

206.   The Defendant denies the assertions of this paragraph.

## Response to General Facts Continued

207.   Upon information and belief, the Defendant admits the assertions of this paragraph.

208.   The Defendant admits that the Plaintiff was denied a meeting with Defendant Beshear. The Defendant denies the remaining assertions of this paragraph.

## Response to Charging of Jackson Declined

209.   The Defendant admits that Rittner wrote in a memo to the Plaintiff dated November 20, 2018, that it was Rittner's opinion "that the spirit of that law, or how that law was written, does not encompass Ms. Jackson's actions." The Defendant denies that the Plaintiff presented probable cause and denies the remaining assertions of this paragraph.

210.   The Defendant admits that ADMH Policy 70-35 is correctly quoted but denies the remaining assertions of this paragraph.

211.   The Defendant admits that the Plaintiff told Rittner that the matter should have been referred to the District Attorney. The Defendant admits that Rittner is a law enforcement officer with the responsibility of conducting investigations. The Defendant denies the remaining assertions of this paragraph.

212.   The Defendant admits that the Plaintiff quoted this document accurately.

213.   The Defendant admits that Rittner is a law enforcement officer but denies the remaining assertions of this paragraph.

214.   The Defendant denies the assertions of this paragraph.

### Response to Harassed for Following Policy

215.   The Defendant admits that the Plaintiff made a complaint on or about December 2, 2018. The Defendant denies the remaining assertions of this paragraph.

### Response to Declined Promotion(s): Mental Health Security Officer III

216.   The Defendant admits that Plaintiff was interviewed for two Mental Health Security Officer III positions.

217.   The Defendant denies the assertions of this paragraph.

218.   The Defendant admits that this portion of the announcement is quoted accurately.

219.   The Defendant denies the assertions of this paragraph.

220.   The Defendant denies the assertions of this paragraph.

221.   The Defendant admits that there is the potential that the candidate selected will have direct contact with the clients/patients.  The Defendant denies the remaining assertions of this paragraph.

222.   The Defendant denies the assertions of this paragraph.

223.   The Defendant admits that the Plaintiff was not selected as a Mental Health Security Officer III (Captain) and that Booth was named as Interim Captain

when Anderson resigned.  The Defendant admits that Rittner, who was a member of the panel, told the Plaintiff that he did well in the interview.

224.   The Defendant denies the assertions of this paragraph.

225.   The Defendant admits that Jackson appointed Booth.  The Defendant denies the remaining assertions of this paragraph.

226.   The Defendant admits that Long stated that the panel recommended Booth for the position.   The Defendant denies the remaining assertions of this paragraph.

227.   The Defendant admits the assertions of this paragraph.

228.   The Defendant admits that the Plaintiff was interviewed for a Mental Health Security Officer III position at Bryce Hospital.  The Defendant denies the remaining assertions of this paragraph.

229.   The Defendant denies the assertions of this paragraph.

230.   The Defendant admits the assertions of this paragraph.

231.   The Defendant denies, as stated, the assertions of this paragraph.

**Response to Booth's Powers, Rights & Duties as Assignee**

232.   The Defendant admits that Booth signed, on December 19, 2018, a document that listed his job responsibilities and that the five responsibilities listed in this paragraph are included in that document.  The Defendant admits that third full sentence of this paragraph. The Defendant denies the remaining assertions of this paragraph.

### Response to Report & Request for Appeal Rights

233.   The Defendant admits that the Plaintiff filed an additional complaint regarding what he considered unlawful personnel matters within the personnel department and that he did not receive a response to this complaint.

### Response to Improper Complaint Method

234.   The Defendant admits the first sentence of this paragraph.   The Defendant denies the second sentence of this paragraph.

### Response to Reassignment to Day-Shift & Five-Day Unpaid Suspension

235.   The Defendant admits that the Plaintiff was considered for transfer to day shift and that other officers who work in that shift presented a letter to Jackson. The Defendant denies the remaining assertions of this paragraph.

236.   The Defendant denies the assertions of this paragraph.

237.   The Defendant denies the assertions of this paragraph.

238.   The Defendant admits that the Plaintiff provided a written response to the letter.  The Defendant denies the remaining assertions of this paragraph.

239.   The Defendant admits that the Plaintiff wrote a letter to Officer Darrin Paris demanding a retraction of defamation/libel.   The Defendant denies the remaining assertions of this paragraph.

240.   The Defendant denies the assertions of this paragraph.

241.   The Defendant admits that a pre-disciplinary conference was scheduled.  The Defendant denies the remaining assertions of this paragraph.

242.   The Defendant admits that the Plaintiff attempted to make a complaint on behalf of other officers.  The Defendant denies the remaining assertions of this paragraph.

243.   The Defendant admits that the Plaintiff attended the scheduled pre-disciplinary conference and presented rebuttals to charges.  The Defendant denies the remaining assertions of this paragraph.

244.   The Defendant denies the assertions of this paragraph.

245.   The Defendant denies the assertions of this paragraph.

246.   The Defendant denies the assertions of this paragraph.

247.   The Defendant admits that a Caucasian officer during his probationary employment period used the camera system inappropriately.  The Defendant denies the remaining assertions of this paragraph.

248.   The Defendant admits the Jackson decided to suspend the Plaintiff for five days without pay, that he had never been suspended by the Department, and that he filed a formal complaint and appeal.  The Defendant denies the remaining assertions of this paragraph.

249.   The Defendant admits that the Plaintiff filed a formal complaint and appeal.  The Defendant denies the remaining assertions of this paragraph.

### Response to Arrest of Boris Alan McCarroll

250.   The Defendant admits that the employee was arrested for possession of marijuana and was transported to jail by the Plaintiff.  The Defendant denies the remaining assertions of this paragraph.

### Response to Letter of Concern to Beshear

251.   The Defendant admits that the Plaintiff sent a letter to Beshear.  The Defendant denies the remaining assertions of this paragraph.

252.   The Defendant admits that the Plaintiff has quoted portions of this letter accurately but denies that that Plaintiff has quoted the letter in its entirety or that he has quoted all portions of the letter.  The Defendant denies the remaining assertions of this paragraph.

253.   The Defendant denies the assertions of this paragraph.

254.   The Defendant denies the assertions of this paragraph.

### Response to Hubbard's Administrative & Human Resources Investigations

255.   The Defendant admits that the Plaintiff sent a letter to Beshear.  The Defendant denies the remaining assertions of this paragraph.

### Response to Post-Suspension Hearing

256.   The Defendant admits that the Plaintiff was transferred to the 6:00 a.m. to 2:00 p.m. shift.  The Defendant denies the remaining assertions of this paragraph.

257.   The Defendant admits the assertions of this paragraph.

258.   The Defendant denies the assertions of this paragraph.

259.   The Defendant denies the assertions of this paragraph.

260.   The Defendant admits that Beshear upheld the five-day suspension. The Defendant denies the remaining assertions of this paragraph.

261.   The Defendant admits the assertions of this paragraph.

262.   The Defendant also admits that ADMH's policy 60-102 is quoted, in part, correctly.  The Defendant denies the remaining assertions of this paragraph.

263.   The Defendant denies the assertions of this paragraph.

### Response to Fifth EEOC Charge

264.   The Defendant admits the assertions of this paragraph.

### Response to Report to Occupational Safety & Health Administration (OSHA)

265.   The Defendant denies the assertions of this paragraph.

### Response to Detention & Arrest Permission Required

266.   The Defendant denies the assertions of this paragraph.

### Response to Jackson's & Baugher's Communication Regarding this Lawsuit

267.   The Defendant admits the assertions of this paragraph.

268.   The Defendant admits that the Plaintiff quoted this document accurately.

### Response to General Facts Continued

269.   The Defendant the part of this paragraph in quotation marks is accurately quoted. The Defendant denies the remaining assertions of this paragraph.

270.   The Defendant admits that the Plaintiff was interviewed for the position.

271.   The Defendant admits that the Plaintiff was interviewed for the position.

272.   The Defendant denies the assertions of this paragraph.

273.   The Defendant denies the assertions of this paragraph.

**Response to Report of Unlawful Uniform Crime Reporting Statistics**

274.   The Defendant admits that Plaintiff made a complaint. The Defendant denies the remaining assertions of this paragraph.

275.   The Defendant admits that Rittner did give an update. The Defendant denies the remaining assertions of this paragraph.

**Response to General Facts Continued**

276.   The Defendant denies the assertions of this paragraph.

**Response to Investigated for Lawful Detention of Staff**

277.   The Defendant denies the assertions of this paragraph.

278.   The Defendant denies that the Plaintiff's checking the Sheriff's office website for current staff members is done according to Department policy.

279.   The Defendant denies that there have been "several" instances. The Defendant admits the remaining assertions of this paragraph.

280.   The Defendant admits that there have been facility employees who were arrested for or charged with drug-related offenses. The facility investigated these issues and dealt with them appropriately.

281.   The Defendant admits the assertions of this paragraph.

## Response to General Facts Continued

282.   The Defendant admits that another security officer was appropriately using the video review system.  The Defendant denies the remaining assertions of this paragraph.

283.   The Defendant admits that the security officer was Caucasian.  The Defendant denies the remaining assertions of this paragraph.

## Response to Declined Promotion: Administrator II (Clinical Investigator)

284.   The Defendant admits that the Plaintiff was not selected for the position of Administrator II (Clinical Investigator at Harper) and that he received written notification.  The Defendant has no knowledge of the date that the Plaintiff received the written notification.  Therefore, the Defendant denies the remaining assertions of this paragraph.

## Response to General Facts Continued

285.   The Defendant denies the assertions of this paragraph.

286.   The Defendant admits that the EEOC issued a right to sue letter on July 9, 2009, on Charge No. 420-2018-02230.  The Defendant has no knowledge of when

the Plaintiff received the notice from the EEOC. Therefore, the Defendant denies the remaining assertions of this paragraph.

## Response to Report of Unfairness in Leave Usage

287.   The Defendant admits that the Plaintiff discussed the use of sick leave with Booth and that the Plaintiff told Booth he was experiencing anxiety-related medical issues. The Defendant denies the remaining assertions of this paragraph.

288.   The Defendant denies the assertions of this paragraph.

289.   The Defendant admits that the Plaintiff was assigned a clinical investigation but denies that that was retaliation. The Defendant denies the remaining assertions of this paragraph.

290.   The Defendant denies the assertions of this paragraph.

291.   The Defendant admits the assertions of this paragraph.

292.   The Defendant admits that the Plaintiff requested meetings with Defendant Jackson and that Jackson is Booth's immediate supervisor. The Defendant denies the remaining assertions of this paragraph.

## Response to General Facts Continued

293.   The Defendant admits that Hubbard sent an agency-wide email on August 16, 2019, stating that all supervisors would be assigned a mandatory performance appraisal training in Relias. The Defendant denies the remaining assertions of this paragraph.

294.    The Defendant has no knowledge of what the Plaintiff was informed. The Defendant denies the remaining assertions of this paragraph.

295.   The Defendant admits that the Plaintiff made a claim of injury to the State Employee Injury Compensation Trust Fund but has no other information about such injury or injuries.  Therefore, the remaining assertions of this paragraph are denied.

**Response to THSMF Staff Shortage & Appalling Safety Concerns**

296.   The Defendant admits that there are vacancies for Mental Health Worker positions.

297.   The Defendant admits that vacancies of direct care staff at Taylor Hardin are within the 30-35% range.  The Defendant admits that, at times, mental health workers and police officers do respond to manage and/or intervene in physical altercations between patients.  The Defendant admits that at times direct care staff are requested to work overtime.  The Defendant denies the remaining assertions of this paragraph.

298.   The Defendant admits that, if staff coverage does not allow for visitation, visitation is canceled.  The Defendant denies the remaining assertions of this paragraph.

299.   The Defendant admits that any injuries that have occurred to the staff have been attributable to insufficient staffing levels.  The Defendant denies the remaining assertions of this paragraph.

### Response to Bryce Hospital Unlawful Obstruction of Arrest

300.   The Defendant denies the assertions of this paragraph.

### Response to General Facts Continued

301.   The Defendant admits that the Plaintiff had a meeting with Jackson but has no knowledge of the date of the meeting.   The Defendant further admits that Defendant Jackson told the Plaintiff that she told Booth to limit his communications with the Plaintiff to work-related matters.   The Defendant denies the remaining assertions of this paragraph.

302.   The Defendant denies the assertions of this paragraph.

### Response to Harassed by Staff Presented in this Action

303.    The Defendant denies the assertions of this paragraph.

304.   The Defendant admits that the Plaintiff notified certain employees of ADMH regarding an alleged incident with another staff member.

305.   The Defendant denies the assertions of this paragraph.

### Response to Attempt to Force Plaintiff to Follow Arbitrary Directives

306.   The Defendant admits that there was a meeting with the Plaintiff, Booth, and Jackson. The Defendant denies the remaining assertions of this paragraph.

307.   The Defendant admits that the exchange of words quoted in this paragraph were spoken.

308.   The Defendant denies the assertions of this paragraph.

309.   The Defendant admits that the Plaintiff did forward a Complaint about Booth and that Jackson declined to conduct a disciplinary review or to discipline Booth.

310.   The Defendant admits that the Plaintiff's Complaint was disseminated. The Defendant denies the remaining assertions of this paragraph.

## Response to General Facts Continued

311.   The Defendant admits that the Plaintiff has quoted portions of Carpenter's separation letter. The Defendant denies the remaining assertions of this paragraph.

312.   The Defendant admits that the Plaintiff's 2019 competency assessment had not been completed as of October 1, 2019. The Defendant further admits that no competency assessment was performed in 2018.

## Response to Preliminary Performance Appraisal

313.   The Defendant admits the assertions of this paragraph.

314.   The Defendant admits the assertions of this paragraph.

315.   The Defendant admits that Lt. James Washington received a 30 and that Lt. William Hicks received a 33.  The Defendant denies the remaining assertions of this paragraph.

316.   The Defendants admits that Washington, Hicks, and the Plaintiff are all classified as Lieutenants.  The Defendant denies the remaining assertions of this paragraph.

317.   The Defendant denies the assertions of this paragraph.

318.   The Defendant admits the assertions of this paragraph.

319.   The Defendant admits that the Plaintiff filed an appeal and refused to sign the performance appraisal.  The Defendant denies the remaining assertions of this paragraph.

320.   The Defendant admits that Alabama Administrative Code § 670-X-19-.01 is titled "employee work rules."  The Defendant denies the remaining assertions of this paragraph.

### Response to Sixth EEOC Charge (Disparate Impact)

321.   The Defendant admits that, on October 18, 2019, the Plaintiff did file a charge with the EEOC, claiming disparate impact related to the positions of firearms instructor, training officer, and investigator.  The Defendant denies the remaining assertions of this paragraph.

322.   The Defendant denies the assertions of this paragraph.

323.   The Defendant denies the assertions of this paragraph.

### Response to Jackson's Attempted Establishment of "Mental Health Court:

324.   The Defendant admits that, on October 23, 2019, Jackson circulated a proposed policy on Patient Arrests.  The Defendant denies the remaining assertions of this paragraph.

325.   The Defendant admits that Jackson requested feedback and that the Plaintiff responded the same day with feedback, including concerns related to the

First Amendment and the Fourteenth Amendment.  The Defendant denies the remaining assertions of this paragraph.

## Response to General Facts Continued

326.   The Defendant admits that, on or about October 30, 2019, Booth asked the Plaintiff to leave the control room so that he could speak with another officer about confidential information and that Booth declined to share the confidential information with the Plaintiff.  The Defendant admits that the Plaintiff notified Jackson and Long of his concerns.  The Defendant denies the remaining assertions of this paragraph.

327.   The Defendant admits that the Plaintiff was in possession of a letter dated October 31, 2019, that purported to be from the second shift.  The Defendant denies the remaining assertions of this paragraph.

328.   The Defendant admits that the Plaintiff notified Jackson of concerns on November 1, 2019.   The Defendant denies the remaining assertions of this paragraph.

329.   The Defendant admits that the Plaintiff was in possession of another letter that purported to be from the second shift dated November 5, 2019. The Defendant denies the remaining assertions of this paragraph.

## Response to Booth's Hostile Communications

330.   The Defendant denies the assertions of this paragraph.

331.   The Defendant admits that on or about November 6, 2019, Booth asked the Plaintiff whether he had heard complaints of discrimination or racial slurs on the evening shift.  The Defendant admits that the Plaintiff did advise Booth that he had heard this but had not heard direct statements or something to that effect. The Defendant denies the remaining assertions of this paragraph.

332.   The Defendant admits that Booth did ask to speak with the Plaintiff in private and that the Plaintiff told Booth that he could talk with him in front of the others in the control room.  The Defendant denies the remaining assertions of this paragraph.

### Response to Report of Retaliatory Hostile Work Environment

333.   The Defendant admits that, on November 6, 2019, the Plaintiff did make a report of a "retaliatory hostile work environment" to Jackson, Long and Hubbard.  The Defendant denies the remaining assertions of this paragraph.

### Response to General Facts Continued

334.   The Defendant admits the assertions of this paragraph.

335.   The Defendant denies the assertions of this paragraph.

336.   The Defendant denies the assertions of this paragraph.

### Response to Relinquishment of Schedule Management

337.   The Defendant admits that, on November 21, 2019, the Plaintiff informed Booth, Long, Jackson, and Hubbard that he no longer intended to continue

entering leave slips.   The Defendant denies the remaining assertions of this paragraph.

338.   The Defendant admits that THSMF Policy 201 (titled "Director of Police Services") provides that the Director of Police Services shall fulfill certain duties, one of which is "Supervision of work assignments and work schedules of Police Services personnel."   The Defendant admits that Booth is the Director of Police Services and that the Plaintiff is not.   The Defendant admits that the Director of Police Services can designate this duty and that currently he has designated it to Officer Madden.   The Defendant denies the remaining assertions of this paragraph.

### Response to Ill-Will & Deliberate Indifference of Defendants

339.   The Defendant denies the assertions of this paragraph.

340.   The Defendant denies the assertions of this paragraph.

341.   The Defendant denies the assertions of this paragraph.

342.   The Defendant admits that Long is responsible for reviewing disciplinary action prior to administration.   The Defendant denies the remaining assertions of this paragraph.

343.   The Defendant denies the assertions of this paragraph.

344.   The Defendant denies the assertions of this paragraph.

345.   The Defendant denies the assertions of this paragraph.

346.   The Defendant denies the assertions of this paragraph.

347.   The Defendant denies the assertions of this paragraph.

348.   The Defendant admits that the Plaintiff did complain about racial and retaliatory discrimination.   The Defendant further admits that the Plaintiff has received discipline but denies that it was related to his complaints about racial and retaliatory discrimination.   The Defendant denies the remaining assertions of this paragraph.

349.   The Defendant denies the assertions of this paragraph.

### Response to Law & Contractual Violations

350.   The Defendant denies the assertions of this paragraph.

### Response to Notice of Suit Rights Letters from the EEOC

351.   The Defendant admits the assertions of this paragraph.

352.   The Defendant admits the assertions of this paragraph.

353.   The Defendant admits the assertions of this paragraph.

354.   The Defendant admits the assertions of this paragraph.

355.   The Defendant admits the assertions of this paragraph.

### RESPONSE TO FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 FIRST AMENDMENT
### SPEECH, ASSOCIATION, ACCESS TO PRESS, REDRESS & PRIVACY

356.   This paragraph does not require a response.

357.   Count One does not allege a cause of action this Defendant.   Therefore, no response is required.

358.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

359.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

360.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

361.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

362.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

363.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

364.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

365.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

366.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

367.   Count One does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 FIRST AMENDMENT RETALIATION

368.   This paragraph does not require a response.

369.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

370.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

371.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

372.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

373.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

374.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

375.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

376.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

377.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

378.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

379.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

380.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

381.   Count Two does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 FOURTEENTH AMENDMENT
## ABRIDGMENT, EQUAL PROTECTION AND DUE PROCESS

382.   This paragraph does not require a response.

383.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

384.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

385.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

386.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

387.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

388.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

389.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

390.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

391.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

392.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

393.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

394.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

395.   Count Three does not allege a cause of action against this Defendant. Therefore, no response is required.

### RESPONSE TO FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 42 – 42 U.S.C. § 1981(b)(c) DISCRIMINATION, MAKE AND ENFORCE EMPLOYMENT CONTRACTS

396.   This paragraph does not require a response.

397.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

398.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

399.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

400.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

401.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

402.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

403.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

404.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

405.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

406.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

407.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

408.   Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

409.    Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

410.    Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

411.    Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

412.    Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

413.    Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

414.    Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

415.    Count Four does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO FIFTH CAUSE OF ACTION
## 42 U.S.C. § 1983 - 42 U.S.C. § 1981 EQUAL RIGHTS

416.    This paragraph does not require a response.

417.    Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

418.    Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

419.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

420.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

421.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

422.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

423.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

424.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

425.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

426.   Count Five does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO SIXTH CAUSE OF ACTION
## 42 U.S.C. § 1983 42 U.S.C. § 1981 DISCRIMINATION

427.   This paragraph does not require a response.

428.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

429.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

430.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

431.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

432.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

433.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

434.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

435.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

436.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

437.   Count Six does not allege a cause of action against this Defendant. Therefore, no response is required.

**RESPONSE TO SEVENTH CAUSE OF ACTION**
**42 U.S.C. § 1983 42 U.S.C. § 1981 RETALIATION**

438.   This paragraph does not require a response.

439.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

440.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

441.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

442.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

443.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

444.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

445.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

446.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

447.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

448.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

449.   Count Seven does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO EIGHTH CAUSE OF ACTION
## 42 U.S.C. § 1985(2) CLAUSE TWO CONSPIRACY

450.   This paragraph does not require a response.

451.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

452.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

453.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

454.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

455.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

456.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

457.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

458.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

459.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

460.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

461.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

462.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

463.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

464.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

465.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

466.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

467.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

468.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

469.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

470.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

471.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

472.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

473.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

474.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

475.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

476.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

477.   Count Eight does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO NINTH CAUSE OF ACTION
## 42 U.S.C. § 1985(3) CONSPIRACY

478.   This paragraph does not require a response.

479.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

480.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

481.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

482.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

483.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

484.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

485.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

486.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

487.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

488.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

489.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

490.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

491.   Count Nine does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO TENTH CAUSE OF ACTION
## 42 U.S.C. § 1986 ACTION FOR NEGLECT TO PREVENT

492.   This paragraph does not require a response.

493.   Count Ten does not allege a cause of action against this Defendant. Therefore, no response is required.

494.   Count Ten does not allege a cause of action against this Defendant. Therefore, no response is required.

495.   Count Ten does not allege a cause of action against this Defendant. Therefore, no response is required.

496.   Count Ten does not allege a cause of action against this Defendant. Therefore, no response is required.

497.   Count Ten does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO ELEVENTH CAUSE OF ACTION
## TITLE VII, 42 U.S.C. §§ 2000E TO 2000E-17 – DISCRIMINATION

498.   This paragraph does not require a response.

499.   The Defendant admits that the Plaintiff is an African American and is a member of a protected class. The Defendant admits that Title VII prohibits discrimination in employment. The Defendant denies the remaining assertions of this paragraph.

500.   The Defendant denies the assertions of this paragraph.

501.   The Defendant denies the assertions of this paragraph.

502.   The Defendant admits that the Plaintiff is an African American.  The Defendant denies the remaining assertions of this paragraph.

503.   The Defendant denies the assertions of this paragraph.

504.   The Defendant denies the assertions of this paragraph.

505.   The Defendant admits that ADMH does not have Eleventh Amendment immunity for claims brought under Title VII.

506.   The Defendant denies the assertions of this paragraph.

507.   The Defendant denies the assertions of this paragraph.

508.   The Defendant denies that the Plaintiff is entitled to the relief requested.

509.   The Defendant denies that the Plaintiff is entitled to the relief requested.

### RESPONSE TO TWELFTH CAUSE OF ACTION
### TITLE VII, 42 U.S.C. §§ 2000E TO 2000E-17 RETALIATION
### AND RETALIATORY HOSTILE WORK ENVIRONMENT

510.   This paragraph does not require a response.

511.   The Defendant denies the assertions of this paragraph.

512.   The Defendant denies the assertions of this paragraph.

513. The Defendant admits that it had knowledge that the Plaintiff filed the EEOC charges listed in Paragraph 512.

514. The Defendant denies the assertions of this paragraph.

515. The Defendant denies the assertions of this paragraph.

516. The Defendant denies the assertions of this paragraph.

517. The Defendant denies the assertions of this paragraph.

518. The Defendant denies the assertions of this paragraph.

519. The Defendant denies the assertions of this paragraph.

520. The Defendant denies the assertions of this paragraph.

521. The Defendant admits that ADMH does not have Eleventh Amendment immunity for claims brought under Title VII.

522. The Defendant denies the assertions of this paragraph.

523. The Defendant denies the assertions of this paragraph.

524. The Defendant denies that the Plaintiff is entitled to the relief requested.

525. The Defendant denies that the Plaintiff is entitled to the relief requested.

## RESPONSE TO THIRTEENTH CAUSE OF ACTION
## ALABAMA CODE § 36-26A-3 STATE EMPLOYEES PROTECTION
## ACT (ASEPA) WHISTLEBLOWING-STATE LAW CLAIM

526. This paragraph does not require a response.

527. Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

528.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

529.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

530.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

531.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

532.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

533.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

534.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

535.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

536.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

537.   Count Thirteen does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO FOURTEENTH CAUSE OF ACTION
## BREACH OF CONTRACT - STATE LAW CLAIM

538.   This paragraph does not require a response.

539.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

540.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

541.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

542.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

543.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

544.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

545.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

546.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

547.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

548.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

549.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

550.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

551.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

552.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

553.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

554.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

555.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

556.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

557.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

558.   Count Fourteen does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO FIFTEENTH CAUSE OF ACTION DEFAMATION - STATE LAW CLAIM

559.   This paragraph does not require a response.

560.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

561.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

562.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

563.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

564.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

565.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

566.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

567.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

568.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

## Response to Booth (Official & Individual Capacity)

569.   This paragraph does not require a response.

570.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

571.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

572.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

573.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

574.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

575.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

576.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

577.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

578.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

579.   Count Fifteen does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO SIXTEENTH CAUSE OF ACTION
## NEGLIGENCE & WANTONNESS – STATE LAW CLAIMS
## NEGLIGENT RETENTION, SUPERVISION & HIRING –
## STATE LAW CLAIMS

580.   This paragraph does not require a response.

581.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

582.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

583.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

584.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

585.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

586.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

587.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

588.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

589.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

590.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

591.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

592.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

593.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

594.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

595.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

596.   Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

597.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

598.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO NEGLIGENCE & WANTONNESS – STATE LAW CLAIM

599.    This paragraph does not require a response is required.

600.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

601.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

602.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

603.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

604.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

605.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

606.    Count Sixteen does not allege a cause of action against this Defendant. Therefore, no response is required.

## <u>RESPONSE TO SEVENTEENTH CAUSE OF ACTION</u>
## <u>TORTIOUS INTERFERENCE (CONTRACTUAL & BUSINESS</u>
## <u>RELATIONS) – STATE LAW CLAIM</u>

607.   This paragraph does not require a response.

608.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

609.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

610.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

611.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

612.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

613.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

614.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

615.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

616.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

617.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

618.   Count Seventeen does not allege a cause of action against this Defendant.  Therefore, no response is required.

## RESPONSE TO EIGHTEENTH CAUSE OF ACTION
## MISREPRESENTATION & DECEIT – STATE LAW CLAIM

619.   The Defendant denies the assertions of this paragraph.

620.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

621.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

622.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

623.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

624.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

625.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

626.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

627.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

628.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

629.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

630.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

631.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

632.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

633.   Count Eighteen does not allege a cause of action against this Defendant. Therefore, no response is required.

## RESPONSE TO PARAGRAPH REGARDING DAMAGES AND INJURIES

634.   The Defendant denies the assertions of this paragraph.

## PRAYER FOR RELIEF

The Defendant denies that the Plaintiff is entitled to the requested relief in his prayer for relief.

## DEFENSES

## DEFENSE ONE

Plaintiff's claims are barred by the applicable statutes of limitation.

## DEFENSE TWO

The Alabama Department of Mental Health did not discriminate (intentional or otherwise) against the Plaintiff on the basis of race or any other basis.

## DEFENSE THREE

The Complaint fails to state a claim upon which relief can be granted.

## DEFENSE FOUR

The Court lacks jurisdiction over the persons involved in this action.

## DEFENSE FIVE

The Court lacks jurisdiction over the subject matter of this action.

## DEFENSE SIX

The Defendant denies generally that the Plaintiff is entitled to receive any portion of the relief requested in the Complaint.

## DEFENSE SEVEN

The Defendant is absolutely immune from suit for monetary damages or other relief pursuant to the Eleventh Amendment to the United States Constitution.

## DEFENSE EIGHT

The Defendant is absolutely immune to Plaintiff's state law claims pursuant to Article 1, § 14 of the Constitution of the State of Alabama.

## DEFENSE NINE

The Defendant asserts that the portions of the Plaintiff's Complaint which attempt to state a cause of action pursuant to 42 U.S.C. Section 1983 fail to establish a claim upon which relief can be granted.

## DEFENSE TEN

The proper name of this Defendant is the Alabama Department of Mental Health.

## DEFENSE ELEVEN

The Plaintiff did not exhaust the required administrative remedies.

Respectfully submitted,

TERRI OLIVE TOMPKINS

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendant ADMH
PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.
1201 Greensboro Avenue
Tuscaloosa, Alabama 35401
Telephone: (205) 345-5100

THOMAS B. KLINNER
EDWARD C. HIXON

*/s THOMAS B. KLINNER*
Attorneys for Defendant ADMH
Alabama Department of Mental Health
Bureau of Legal Services
Department of Mental Health
P. O. Box 301410
Montgomery, AL 36130-1410

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading or paper has been served upon:

Derrick James Williamson, Jr.
8816 Old Greensboro Road, Apt. 20104
Tuscaloosa, AL 35405

Jacqueline Graham
Director of State of Alabama Personnel Department
64 North Union Street, Suite 300
Montgomery, AL 36104

on this 17th day of December, 2019, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendants