FILED

2019 Dec-30  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **DERRICK J. WILLIAMSON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    7:19-CV-00669-LSC** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **MENTAL HEALTH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT JACKIE GRAHAM'S ANSWER
## TO SECOND AMENDED COMPLAINT

Defendant Jackie Graham ("Defendant"), in her individual and official capacities, State Personnel Director of the Alabama State Personnel Department ("SPD"), by and through undersigned counsel, file her Answer to Plaintiffs' Second Amended Complaint.  In support thereof, Defendant states as follows:

## **PLAINTIFF**

1.      Defendant admits the Plaintiff is Derrick James Williamson; however, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the paragraph.

2.      Defendant admits Plaintiff is currently a Mental Health Security Officer II, which is considered a law enforcement position. Defendant further admits that Plaintiff began his employment with the State of Alabama as a Mental Health Security Officer I at the Alabama Department of Mental Health ("DMH"). Defendant admits that Plaintiff was not disciplined as a

Mental Health Security Officer I. Defendant also admits Plaintiff is African-American. Defendant denies the remainder of the paragraph and demands strict proof thereof.

3.      Defendant admits the Plaintiff was promoted to Mental Health Security Officer II after he completed his six-month probationary period for the position of Mental Health Security Officer I. Defendant further admits Plaintiff did not have any disciplinary actions while in the position of Mental Health Security Officer I. Defendant denies the remainder of the paragraph and demands strict proof thereof.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

5.      Defendant admits Plaintiff has received several disciplinary actions while in the position of Mental Health Security Officer II. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of these allegations.

## <u>DEFENDANTS</u>

6.      Defendant admits the assertions in this paragraph.

7.      Defendant admits the assertions in this paragraph.

8.      Defendant admits the assertions in this paragraph.

9.      Defendant admits Taylor Hardin Secure Medical Facility is a maximum-security forensic facility operated by DMH and the State of Alabama. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

10.      Defendant admits DMH employs law enforcement officers in the positions of Mental Health Security Officers. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

11.      Defendant admits the assertions of this paragraph.

12.     Defendant admits the persons listed in paragraphs 13-21 are public officials and employees and are of the age of majority.  Defendant denies the remainder of the allegations in this paragraph.

13.     Defendant admits the assertions of this paragraph.

14.     Defendant admits the assertions of this paragraph.

15.     Defendant admits the assertions of this paragraph.

16.     Defendant admits the assertions of this paragraph.

17.     Defendant admits the assertions of this paragraph.

18.     Defendant admits Captain Robert Anderson, Jr. was previously employed by DMH as Mental Health Security Officer III and assigned to Taylor Hardin Secure Medical Facility. Defendant further admits Anderson is sued in his official and/or individual capacities. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

19.     Defendant admits the assertions of this paragraph.

20.     Defendant admits the assertions of this paragraph.

21.     Defendant admits the assertions of this paragraph.

## JURISDICTION & VENUE

22.     Defendant admits this court has jurisdiction over claims arising pursuant to the United States Constitution and federal statutes indicated in this paragraph. Defendant denies that the Plaintiff states a cause of action as alleged in this paragraph and demands strict proof thereof.

23.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

24.     Defendant admits Rule 65 of the *Federal Rules of Civil Procedure* pertains to Injunctions and Restraining Orders. Defendant denies the remainder of the allegations of this paragraph and demands strict proof thereof.

25.     Defendant admits that venue is proper.

## PREREQUISITES

26.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

## FACTS

27.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

28.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

29.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

30.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

31.     Defendant admits Plaintiff was appointed on November 16, 2016 at DMH and assigned to Bryce Hospital.  Defendant also admits that a Form 40 is a Position Classification Questionnaire. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

32.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

33.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

34.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

35.     Defendant admits Plaintiff was promoted effective June 1, 2017.  Defendant further admits Plaintiff had to serve a six-month probationary period.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

36.     Defendant admits the assertions of this paragraph.

37.     Defendant admits Plaintiff was assigned to Taylor Hardin Secure Medical Facility on June 1, 2017. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

38.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

39.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

40.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

41.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

42.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

43.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

44.     Defendant denies that Plaintiff has an employment contract with DMH. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

45.     Defendant denies that Hubbard has an employment contract with DMH. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

46.     Defendant denies that Long has an employment contract with DMH. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

47.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

48.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

49.     Defendant admits Plaintiff received an unsatisfactory comment for "Cooperation with co-workers." Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

50.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

51.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

52.     Defendant denies Plaintiff has an employment contract with DMH. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

6

53.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

54.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

55.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

56.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

57.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

58.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

59.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

60.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

61.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

62.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

63.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

64.     Defendant denies Plaintiff has an employment contract with the DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

65.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

66.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

67.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

68.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

69.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

70.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

71.     Defendant admits Plaintiff did receive a written reprimand for sending information pertaining to DMH and Taylor Hardin Secure Medical Facility without the approval of the Director of Police Services and/or the Facility Director.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

72.     Defendant denies that the Alabama State Employees' Association ("ASEA") is a collective bargaining association. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

73.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

74.     Defendant admits Plaintiff's reprimand was not rescinded. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

75.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

76.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

77.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

78.     Defendant denies the allegations in this paragraph and demand strict proof thereof.

79.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

80.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

81.     Defendant admits Plaintiff received a reprimand on May 2, 2018. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

82.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

83.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

84.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

85.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

86.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

87.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

88.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

89.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

90.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

91.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

92.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

93.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

94.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

95.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

96.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

97.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

98.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

99.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

100.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

101.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

102.     Defendant denies Anderson had an employment contract with DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

103.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

104.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

105.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

106.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

107.    Defendant admits Jacob Harrison is a Fiscal Manager II. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

108.    Defendant denies Plaintiff had an employment contract with DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

109.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

110.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

111.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

112.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

113.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

114.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

115.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

116.     Defendant admits Justin Gosa resigned from his employment with DHM while disciplinary action was pending. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

117.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

118.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

119.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

120.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

121.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

122.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

123.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

124.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

125.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

126.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

127.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

128.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

129.    Defendant admits Jason Manasco is General Counsel at the Alabama State Employees Association. However, Defendant denies that ASEA is a collective bargaining association. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

130.    Defendant denies Jackson has an employment contract with DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

131.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

132.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

133.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

134.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

135.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

136.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

137.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

138.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

139.     Defendant admits John Perdue is an Investigator/Auditor with the Alabama Peace Officers Standards and Training Commission. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

140.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

141.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

142.     Defendant denies that Commissioner Beshear requested to place Anderson on mandatory leave from his position with DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

143.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

144.     Defendant admits Plaintiff received a warning on August 23, 2018. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

145.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

146.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

147.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

148.    Defendant admits Anderson retired from State service with DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

149.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

150.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

151.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

152.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

153.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

154.    Defendant admits the accuracy of *Ala. Admin. Code* r. 670-X-19-.01(1)(b)(2). However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

155.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

156.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

157.     Defendant admits Plaintiff received a written reprimand on September 19, 2018 for a situation pertaining to a "Code Green" that he issued. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

158.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

159.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

160.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

161.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

162.     Defendant denies Plaintiff has an employment contract with DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

163.     Defendant admits Plaintiff received a warning for neglect and inattention to job duties and constant observation of a patient on October 11, 2018. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

164.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

17

165.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

166.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

167.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

168.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

169.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

170.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

171.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

172.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

173.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

174.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

175.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

176.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

177.    Defendant admits that on or about October 20, 2018, Defendant received his annual performance appraisal, which indicated a score of 14.11 (Partially Meets Standards) and his various disciplinary actions. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

178.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

179.    Defendant admits the assertions of this paragraph.

180.    Defendant admits DMH submitted a revised performance appraisal for Plaintiff in which the date under the signature of Annie Jackson was changed. Defendant further admits Plaintiff did not receive an annual merit raise due to his score of 14.11. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

181.    Defendant admits Plaintiff's performance appraisal was received and processed. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

182.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

183.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

184.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

185.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

186.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

187.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

188.    Defendant admits Erika Van Beek resigned from her position as Psychologist II . Defendant admits Van Beek listed several reasons as to why she was resigning, including that she has yet to obtain her license. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

189.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

190.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

191.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

192.    Defendant admits Audrey McShan is employed by BMH as the Facility Director for Bryce Hospital. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

193.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

194.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

195.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

196.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

197.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

198.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

199.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

200.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

201.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

202.    Defendant admits Hubbard holds the position of Mental Health Personnel Manager V assigned to the personnel division of DMH in Montgomery, Alabama. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

203.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

204.    Defendant admits that Plaintiff sent various documents to the State Personnel Department. Defendant denies the remainder of the allegations of this paragraph.

205.    Defendant admits Plaintiff referenced various laws, rules, and regulations. Defendant denies the remainder of the allegations of this paragraph.

206.    Defendant admits her position is State Personnel Director. Defendant admits Alice Ann Byrne is the Deputy Director of the State Personnel Department. Defendant admits that Plaintiff produced a Read Receipt showing the email was opened by Defendant.  Defendant denies the remainder of the allegations of this paragraph.

207.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

208.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

209.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

210.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

211.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

212.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

213.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

214.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

215.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

216.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

217.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

218.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

219.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

220.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

221.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

222.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

223.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

224.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

225.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

226.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

227.    Defendant admits Plaintiff was promoted after approximately six months. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

228.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

229.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

230.    Defendant admits Deborah Marks holds the position of Mental Health Personnel Manager III with DMH and assigned to Bryce Hospital. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

231.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

232.    Defendant denies Booth has an employment contract with DMH. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

233.    Defendant admits she and Byrne received an email with various documents. Defendant admits the State Personnel Board rules provide for an appeal by an employee "who has reason to believe that he has been discriminated against because of religious or political opinions or affiliations or race, sex, national origin, age, or disability, or any other statutorily protected nonmerit factors …" Defendant denies the remainder of the allegations of this paragraph.

234.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

235.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

236.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

237.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

238.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

239.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

240.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

241.     Defendant admits Plaintiff was notified of a pre-disciplinary conference pertaining to his conduct and accountability, use of DMH equipment, use of abusive or threatening language, misuse of his law enforcement authority, and conduct unbecoming an officer. However, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

242.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

243.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

244.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

245.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

246.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

247.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

248.    Defendant admits Plaintiff received and served a five-day suspension. Defendant further admits this was Plaintiff's first suspension. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

249.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

250.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

251.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

252.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

253.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

254.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

255.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

256.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

257.     Defendant admits Eric Carpenter holds the position of Facility Director II with DMH. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

258.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

259.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

260.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

261.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

262.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

263.     Defendant admits Carpenter was separated from State service from DMH during his probationary period. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

264.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

265.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

266.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

267.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

268.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

269.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

270.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

271.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

272.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

273.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

274.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

275.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

276.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

277.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

278.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

279.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

280.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

281.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

282.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

283.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

284.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

285.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

286.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

287.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

288.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

289.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

290.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

291.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

292.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

293.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

294.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

295.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

296.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

297.     Defendant admits the Mental Health Workers and Mental Health Security Officers at times are required to manage and/or intervene in physical altercations between patients. Defendant further admits Mental Health Workers work overtime. Defendant lacks knowledge and

information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

298.    Defendant admits employees will call-in sick and will take accrued leave whether sick or annual leave or compensatory time. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

299.    Defendant admits that on-the-job injuries occur at DMH. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

300.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

301.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

302.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

303.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

304.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

305.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

306.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

307.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

308.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

309.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

310.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

311.    Defendant admits Carpenter was separated from State service with DMH during his probationary period.  Defendant further admits that Carpenter was informed that this action was regrettable and was also for the good of the DMH. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

312.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

313.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

314.    Defendant admits Plaintiff received a score of 14.11 on his annual performance appraisal. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

315.    Defendant admits James Washington received a score of 30 on a performance appraisal when he held the position of Mental Health Security Officer I. Defendant lacks

knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

316.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

317.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

318.    Defendant admits a score of 14.11 on an annual performance appraisal would not result in annual merit raise. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

319.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

320.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

321.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

322.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

323.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

324.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

325.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

326.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

327.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

328.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

329.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

330.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

331.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

332.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

333.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

334.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

335.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

336.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

337.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

338.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

339.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

340.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

341.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

342.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

343.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

344.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

345.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

346.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

347.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

348.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

349.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

350.    Defendant denies all allegations as stated in this paragraph and demands strict proof thereof.

351.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

352.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

353.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

354.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

355.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – FIRST AMENDMENT**
**SPEECH, ASSOCIATION, ACCESS TO PRESS, REDRESS & PRIVACY**
***Beshear, Baugher, Hubbard, Long, Jackson, Anderson***
***(Official & Individual Capacity)***

356.    This paragraph does not require a response.

357.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

358.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

359.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

360.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

361.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

362.    Defendant admits Plaintiff received various disciplinary actions. However, Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

363.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

364.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

365.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

366.    Defendant denies Plaintiff is entitled to the relief requested.

367.    Defendant denies Plaintiff is entitled to the relief requested.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION
*Beshear, Baugher, Hubbard, Long, Jackson, Anderson*
*(Official & Individual Capacity)*

368.    This paragraph does not require a response.

37

369.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

370.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

371.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

372.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

373.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

374.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

375.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

376.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

377.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

378.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

379.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

380.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

381.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
### ABRIDGMENT, EQUAL PROTECTION & PROCEDURAL DUE PROCESS
### *Beshear, Baugher, Hubbard, Long, Jackson, Anderson & Graham*
### *(Official & Individual Capacity)*

382.    This paragraph does not require a response.

383.    Defendant admits Plaintiff is an African-American and is holds a law enforcement position. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

384.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

385.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

386.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

387.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

388.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

389.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

390.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

391.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

392.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

393.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

394.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

395.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

### FOURTH CAUSE OF ACTION
**42 U.S.C. § 1983 – 42 U.S.C. § 1981 - DISCRIMINATION**
**MAKE & ENFORCE EMPLOYMENT CONTRACTS**
*Beshear, Hubbard, Long, Anderson & Booth*
*(Official & Individual Capacity)*

396.     This paragraph does not require a response.

397.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

398.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

399.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

400.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

401.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

402.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

403.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

404.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

405.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

406.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

407.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

408.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

409.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

410.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

411.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

412.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

413.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

414.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

415.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – 42 U.S.C. § 1981 – EQUAL RIGHTS**
***Beshear, Baugher, Rittner, Hubbard, Long & Anderson***
***(Official & Individual Capacity)***

416.    This paragraph does not require a response.

417.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

418.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

419.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

420.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

421.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

422.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

423.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

424.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

425.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

426.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

**SIXTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – 42 U.S.C. § 1981 - DISCRIMINATION**
*Beshear, Baugher, Rittner,  Hubbard, Long & Anderson*
*(Official & Individual Capacity)*

427.    This paragraph does not require a response.

428.    Defendant admits Plaintiff is an African-American. Defendant denies that Plaintiff has suffered a cause of action as alleged in this paragraph. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

429.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

430.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

431.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

432.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

433.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

434.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

435.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

436.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

437.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## SEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – 42 U.S.C. § 1981 - RETALIATION
*Beshear, Baugher, Rittner, Hubbard, Jackson, Long, Anderson & Booth*
*(Official & Individual Capacity)*

438.    This paragraph does not require a response.

439.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

440.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

441.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

442.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

443.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

444.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

445.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

446.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

447.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

448.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

449.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## EIGHTH CAUSE OF ACTION
### 42 U.S.C. § 1985(2) CLAUSE TWO - CONSIPRACY
### *Beshear, Baugher, Hubbard, Rittner, Long, Anderson & Booth*
### *(Official & Individual Capacity)*

450.     This paragraph does not require a response.

451.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

452.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

453.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

454.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

455.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

456.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

457.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

458.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

459.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

460.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

461.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

462.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

463.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

464.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

465.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

466.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

467.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

468.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

469.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

470.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

471.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

472.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

473.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

474.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

475.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

476.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

477.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## NINTH CAUSE OF ACTION
### 42 U.S.C. § 1985(3) - CONSPIRACY
***Beshear, Baugher, Hubbard, Rittner, Jackson, Long, Anderson & Booth***
***(Official & Individual Capacity)***

478.     This paragraph does not require a response.

479.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

480.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

481.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

482.     Defendant admits Plaintiff is African-American. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

483.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

484.     Defendant admits that Plaintiff has received disciplinary actions. Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

485.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

486.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

48

487.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

488.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

489.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

490.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

491.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

### TENTH CAUSE OF ACTION
### 42 U.S.C. § 1986 – ACTION FOR NEGLECT TO PREVENT
### *Beshear, Baugher, Hubbard, Long, Rittner & Graham*
### *(Individual Capacity)*

492.     This paragraph does not require a response.

493.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

494.     Defendant admits Breshear is the appointing authority for DMH and Hubbard is the personnel officer for DMH. Defendant further admits Long is the personnel officer for Taylor Hardin Secure Medical Facility. Defendant admits she is the State Personnel Director. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

495.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

496.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

497.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## ELEVENTH CAUSE OF ACTION
### TITLE VII, 42 U.S.C. §§ 2000E TO 2000E-17 - DISCRIMINATION
*Alabama Department of Mental Health and Mental Retardation (ADMH)*

498.     This paragraph does not require a response.

499.     Defendant admits Plaintiff is African-American. Defendant admits Title VII establishes the regulations concerning discrimination in the workplace. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

500.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

501.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

502.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

503.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

504.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

505.     Defendant admits DMH is a State entity. Defendant admits that DMH does not have Eleventh Amendment immunity for claims brought under Title VII.

506.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

507.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

508.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

509.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

<u>**TWELFTH CAUSE OF ACTION**</u>
**TITLE VII, 42 U.S.C. §§ 2000E TO 2000E-17**
**RETALIATION & RETALIATORY HOSTILE WORK ENVIRONMENT**
*Alabama Department of Mental Health and Mental Retardation (ADMH)*

510.     This paragraph does not require a response.

511.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

512.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

513.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

514.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

515.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

516.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

517.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

518.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

519.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

520.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

521.    Defendant admits DMH is a State entity. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

522.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

523.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

524.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

525.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## THIRTEENTH CAUSE OF ACTION
### ALABAMA CODE § 36-26a-3 – STATE EMPLOYEES PROTECTION ACT (ASEPA) WHISTLEBLOWING – STATE LAW CLAIM
*Beshear, Baugher, Hubbard, Long, Jackson & Booth (Individual Capacity)*

526.    This paragraph does not require response.

527.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

528.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

529.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

530.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

531.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

532.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

533.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

534.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

535.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

536.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

537.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## <u>FOURTEENTH CAUSE OF ACTION</u>
### BREACH OF CONTRACT – STATE LAW CLAIM
*Beshear, Hubbard, Rittner, Jackson, Long &Booth (Official Capacity)*

538.   This paragraph does not require a response.

539.   Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

540.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

541.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

542.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

543.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

544.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

545.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

546.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

547.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

548.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

549.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

550.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

551.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

552.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

553.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

554.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

555.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

556.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

557.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

558.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## FIFTEENTH CAUSE OF ACTION
## DEFAMATION – STATE LAW CLAIM
### *Jackson (Official & Individual Capacity)*

559.     This paragraph does not require a response.

560.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

561.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

562.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

563.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

564.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

565.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

566.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

567.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

568.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

569.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

570.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

571.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

572.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

573.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

574.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

575.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

576.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

577.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

578.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

579.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## SIXTEENTH CAUSE OF ACTION
### NEGLIGENCE & WANTONNESS – STATE LAW CLAIM(S)
### *Beshear, Baugher & Jackson (Official & Individual Capacity)*

580.     This paragraph does not require a response.

581.     Defendant admits Jackson and Anderson were employees of DMH. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

582.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

583.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

584.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

585.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

586.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

587.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

588.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

589.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

590.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

591.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

592.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

593.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

594.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

595.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

596.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

597.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

598.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## NEGLIGENCE & WANTONNESS – STATE LAW CLAIM(S)
### *Graham (Official & Individual Capacity)*

599.    This paragraph does not require a response.

600.    Defendant admits at all relevant times she has been employed by the Alabama State Personnel Department, a State entity.   Defendant further admits that the State Personnel Department does provide guidance and instruction on various personnel processes, rules, regulations and laws.

601.    Defendant admits she has several responsibilities, including to "make such investigations concerning the administration and effect of [the State Merit System Act]" and to "devise and administer employee service ratings." Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

602.    Defendant admits Plaintiff sent various documents to her. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

603.    Defendant admits she is aware of her statutory duties.

604.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

605.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

606.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

<u>**SEVENTEENTH CAUSE OF ACTION**</u>
**TORTIOUS INTERFERENCE (CONTRACTUAL & BUSINESS RELATIONS)**
**STATE LAW CLAIM**
***Beshear, Hubbard, Jackson &Booth (Official & Individual Capacity)***

607.     This paragraph does not require a response.

608.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

609.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

610.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

611.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

612.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

613.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

614.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

615.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

616.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

617.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

618.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## EIGHTEENTH CAUSE OF ACTION
### MISREPRESENTATION & DECEIT - STATE LAW CLAIM
*Beshear (Official & Individual Capacity)*
*Hubbard & Jackson (Individual Capacity)*

619.     This paragraph does not require a response.

620.     Defendant admits Plaintiff was assigned various law enforcement duties. Defendant denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

621.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

622.     Defendant admits Beshear is the appointing authority for DMH.

623.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

624.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

625.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

626.     Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

627.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

628.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

629.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

630.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

631.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

632.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

633.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## DAMAGES & INJURIES

634.    Defendant denies the allegations as stated in this paragraph and demands strict proof thereof.

## PLAINTIFF'S PRAYER FOR RELIEF

A. – CC.     Defendant denies that Plaintiff is entitles to any relief as stated in these paragraphs and demands strict proof thereof.

## JURY DEMAND

This paragraph does not require a response.

## DEFENSES AND STATEMENT OF POSITION

To the extent that any allegations or claims in Plaintiff's Second Amended Complaint require an answer at this time and such have not been admitted herein, they are denied.  Now having answered each and every paragraph of Plaintiff's Second Amended Complaint, Defendant asserts the following defenses, but does not assume the burden of proof on any such defense, except as required by applicable law with respect to the particular defenses asserted.  Defendant expressly disavows any intent to waive defenses by operation of FED. R. CIV. P. 12(h).  Defendant reserves the right to assert additional defenses and/or otherwise to supplement.

1.     Defendant alleges that the Second Amended Complaint fails to state a claim upon which relief can be granted.

2.     Defendant did not discriminate (intentional or otherwise) against Plaintiff on the basis of race or any other basis.

3.     Plaintiff is employed by DMH pursuant to *Ala. Code*, 1975, § 22-50-40; therefore, Defendant lacks the authority to grant the requested relief.

4.     Defendant pleas the general defense.

5.     Defendant alleges that Plaintiff has suffered no legal loss or damage as a result of her action or inaction.

6.     Plaintiff fails to state a justiciable claim.

7.     Defendant is entitled to absolute immunity Eleventh Amendment immunity from suit.

8.     As a result of the application of the doctrine of absolute immunity in this case, this court lacks subject matter jurisdiction.

9.     Plaintiff assumed the risk of injuries with his own actions.

10.    Plaintiff's claims for damages are barred in whole or in part because of his own actions and omissions.

11.    Defendant asserts each defense available under Rule 12(b) of the *Federal Rules of Civil Procedure*.

12.    Subjecting Defendant to punitive damages in this case or affirming an award of punitive damages would violate the United States Constitution, as well as the Constitution of Alabama. Furthermore, Defendant adopt all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

13.    Some or all of the Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that he would be entitled to receive under the statutory provisions or Constitutional amendments at issue.

14.    Plaintiff's claims for damages are limited in whole or in part by statute.

15.    Plaintiff's claims are barred because Defendant has committed no act or omission with the intent to cause harm, injury, or other damage to Plaintiff.

16.     Plaintiff is not entitled to a jury trial on his claims for equitable relief.

17.    Plaintiff is not entitled to equitable relief as Plaintiff have not suffered irreparable harm and has adequate remedies at law.

18.    Plaintiff lacks capacity and/or standing to bring this action.

19.    This case is not ripe for review.

20.    To the extent that Plaintiff's claims are based upon matters which occurred or failed to occur, outside of the applicable statute of limitations for any of his claims, those claims are barred by the statute of limitations.

21.     Defendant is entitled to Article I, § 14 immunity of the Alabama Constitution.

22.     Defendant is not the proper party to this litigation.

23.     Defendant relies on the decision *Ex parte Melof*, 735 So. 2d 1172 (1999) ("we hold that Alabama has no such 'equal-protective' provision.").

24.     Defendant has afforded the proper and adequate due process to the Plaintiff.

25.     Plaintiff failed to exhaust administrative remedies. Defendant relies on *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) for the proposition that the Plaintiff did not suffer a substantive due process right and if so the Plaintiff should have utilized the procedural due process right set forth by the Alabama Administrative Procedure Act, *Ala. Code*, 1975, § 41-22-1, *et seq*.

26.     Plaintiff cannot recover punitive damages against Defendant for any of his claims. Furthermore, Plaintiff would not be entitled to an award of punitive damages, as he has not been sufficiently pled and cannot prove facts sufficient to support an award under applicable law.  Defendant pleads all defenses made available to her by the United States Supreme Court's decision in *Kolstad v. American Dental Assoc.*, 119 S. Ct. 2118 (1999), as well as all other statutory, case law and constitutional principles and limitations.

27.     Defendant did not commit any wrongful act or omission under color of state law or authority.

28.     Defendant denies Plaintiff is entitled to recover attorneys' fees and/or costs.

29.     Plaintiff cannot recover damages against the State or any of its agencies or officials for claims under the Fourth and Fourteenth Amendment(s) by 42 U.S.C. § 1983.

30.     Defendant, in her official capacity, asserts absolute Eleventh Amendment immunity as to Plaintiff's § 1983 claims for all claims other than those seeking prospective injunctive relief.

31.     Plaintiff's substantive due process rights fail as matter of law as no fundamental rights or liberty interest are implicated.

32.     Plaintiff was not deprived of due process protections, if entitled to protection.

33.     Defendant is entitled to the protection of qualified immunity for any claims arising out of alleged violations of federal law.

34.     Defendant is entitled to the protection of State agent immunity. Defendant also asserts any other immunities or defenses set forth under the Alabama Constitution or any other source of Alabama law as applicable to Plaintiff's claims arising under state law, including but not limited to Article I, Section 14 of the Alabama Constitution.

35.     Some or all of Plaintiff's claims are barred to the extent that Plaintiff seeks remedies beyond those that he would be entitled to receive under any statute or Constitutional provision at issue.

36.     Defendant denies any liability under theories of respondeat superior, vicarious liability, agency or otherwise.

37.     Defendant states that she has adhered to all aspects of the State Merit System Act, State Personnel Board Rules, and the State Personnel policies and procedures in any decisions that were made regarding Plaintiff.

38.     Plaintiff's claims are barred because Defendant has committed no act or omission with the intent to cause harm, injury, or other damage to Plaintiff.

39.     Plaintiff has failed to properly mitigate his damages alleged in this lawsuit.

40.     Plaintiff's claims are barred by laches, estoppel, unclean hands, and waiver.

41.     To the extent that Plaintiff's claims are fraudulently brought, they are barred.

42.     Plaintiff is not entitled to a jury trial on any claimed equitable relief.

43.     Defendant denies that she intentionally, willfully, or maliciously violated any law upon which Plaintiff relies. To the extent that Plaintiff's claims against Defendant rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, the relief requested in the Second Amended Complaint is not recoverable.

44.     Defendant reserves the right to amend and assert other defenses at a later date.

Respectfully submitted,

STEVE MARSHALL
ALABAMA ATTORNEY GENERAL

/s/ *Alice Ann Byrne*

ALICE ANN BYRNE      (BYR 015)
TARA S. HETZEL        (KNE 003)
LAURY B. MORGAN      (BAS 026)
Attorney for Defendant Jackie Graham, Director of the Alabama State Personnel Department, in her Official and Individual Capacity

**OF COUNSEL:**
ALABAMA STATE PERSONNEL DEPARTMENT
Folsom Administrative Building
64 North Union Street, Suite 316
Montgomery, Alabama  36130-1400
Telephone:     (334) 353-0046
Facsimile:     (334) 353-4481
E-mail:        aliceann.byrne@personnel.alabama.gov
               tara.hetzel@personnel.alabama.gov
               laury.morgan@personnel.alabama.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of December, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF e-filing system, which will send notification of such filing to the following:

Derrick J. Williamson, Jr., *Pro Se*
8816 Old Greensboro Road, Apt. 20104
Tuscaloosa, Alabama 35405
aeonpctech@live.com

Edward C. Hixon, Esq.
Thomas B. Klinner, Esq.
ALABAMA DEPARTMENT OF MENTAL HEALTH
P.O. Box 301410
Montgomery, AL 36130-1410
eddie.hixon@mh.alabama.gov
tommy.klinner@mh.alabama.gov

Terri O. Tompkins, Esq.
PHELPS JENKINS GIBSON & FOWLER
1201 Greensboro Avenue
P O Box 020848
Tuscaloosa, AL 35402-0848
ttompkins@pjgf.com

/s/ ***Alice Ann Byrne***_____
OF COUNSEL