FILED

2020 Feb-25  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

DERRICK JAMES WILLIAMSON, JR.,
PRO SE

*PLAINTIFF*

V.

ALABAMA DEPARTMENT OF MENTAL
HEALTH AND MENTAL RETARDATION,
ET AL.

*DEFENDANTS*

CASE NO.: **7:19-CV-00669-LSC**

FIRST SET OF REQUEST FOR
PRODUCTION

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT JACQUELINE B. GRAHAM

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that Defendant produce the documents listed in this request. Please provide a response and/or remit the requested documents within 30 days of service of this Request for Production.

### RULE 34 - PRODUCING DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS, OR ENTERING ONTO LAND, FOR INSPECTION AND OTHER PURPOSES

(a) **IN GENERAL.** A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

7:19-CV-00669-LSC

2

## (b) **PROCEDURE.**

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) *Responses and Objections.*

(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

(C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

(D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

(c) **NONPARTIES.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

## INSTRUCTIONS

A. Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time. Documents that have been produced previously by Initial Disclosure need not be produced again.

B. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

C. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

D. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Email transcripts made be forwarded in PDF format unless otherwise specified.

E. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

F. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

G. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to the department, if applicable.

## DEFINITIONS

A. "Awareness" means being cognizant, having knowledge or information, or an idea of a specified topic, subject, category, or theme.

B. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

C. "Defendant" refers to the subject these Requests for Production are directed to unless another Defendant is specified by name.

D. "Department" refers to the Alabama Department of Mental Health, the named governmental agency in this case, and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the agency.

E. "Discipline" refers to any of the following: method of control gained by enforcing obedience or order; avenue of establishing orderly or prescribed conduct or pattern of behavior; punishment for any violation of a system of rules, policies, laws, and/or regulations; or any form of discipline as proscribed within Alabama Department of Mental Health Policy 60-40 ("Progressive Discipline"). Such "discipline" includes, but is not limited to, any form of documents as proscribed below.

F. "Document", "documents", and "writing" mean all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts;

agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within specified defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English style or text.

G. "Identify," "identifying," and "identification" when referring to a person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home, and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the department.

H. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to clarify such document:

   a. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

   b. The identity or descriptive code number, file number, title or label of such document;

   c. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

   d. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

   e. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

   f. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

including but not limited to disciplinary records, supervisor's notes, attendance records, work excuses, letters of recommendation/commendation, performance service reviews (performance appraisals) [2], counseling, memoranda, and testing/evaluations. *Please omit medical records.*

    a.  Annie Delois Jackson
    b.  Joe K. Long
    c.  Joseph W. Rittner
    d.  Karen Lynn Hubbard
    e.  Robert E. Anderson, Jr.
    f.  Zelda Diane Baugher

2. Certified copy of the performance service reviews and/or performance appraisals, with attachments, of the following persons employed, or former employed, by the Alabama Department of Mental Health. *Please excuse records satisfied by the preceding request.*

    *a.  Annie Delois Jackson*
    b.  Anthony D. Fuller
    *c.  Bessie L. Carter*
    d.  Carlos D. Williams
    e.  Joe K. Long
    *f.  Joseph W. Rittner*
    *g.  Karen Lynn Hubbard*
    h.  Lorenzo A. Gamble
    *i.  Robert E. Anderson, Jr.*
    j.  Russell C. Smelley
    k.  Tony C. Porter
    l.  Tony M. Polion
    *m.  Zelda Diane Baugher*

---

*copy of the document to the employee no later than ten days after its inclusion in his personnel file. In the event that the document is not provided to the employee within the ten days as required, the document shall be removed from the employee's personnel file and shall not be used against the employee in any future proceeding or disciplinary action."*

[2] Alabama Administrative Code 580-6-34-.05: *"The Department shall comply with the performance appraisal system as published by the State Personnel Department in regards to merit system employees. Exempt employees shall be rated in accordance with the provisions of this system at least once each calendar year."*

Alabama Administrative Code 670-X-16-.01: *"In compliance with the Act requiring periodic service ratings for all employees, the Director shall maintain a service rating system, which will require ratings to be furnished to the Department at specified intervals. The Director shall provide the forms and establish standards for a uniform system, which may be changed or amended for the good of the service."*

The foregoing records may be provided via electronic mailing within Portable Document Format (PDF) or mailed if more appropriate. Furthermore, due to the expanse of the request, the Defendant may, and is encouraged to, remit portions of this Request until fully completed by the due date of **Wednesday, March 25, 2020**.

Respectfully Requested,

**DERRICK JAMES WILLIAMSON, JR.**, *Pro Se*
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405-8854
**Cellular Phone:** (205) 422-9664
**Email:** aeonpctech@live.com
**E-Fax:** aeonpcinno@hpeprint.com