IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR. PRO SE | )( )( |
| Plaintiff, | )( )( |
| v. | )( )( |
| | )( Case No. 7:19-cv-00669-LSC |
| ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, ET AL., | )( )( OPPOSED )( |
| | )( |
| Defendants | )( |

## DEFENDANTS' MOTION TO QUASH SUBPOENA

**The Defendants respectfully request that this Motion be heard at the hearing scheduled for August 19, 2020 at 10 a.m.**

COME NOW Defendants Alabama Department of Mental Health, Lynn Beshear, Zelda Diane Baugher, Dr. Tammie McCurry, Lynn Hubbard, Annie Delois Jackson, Joe Long, Joseph Rittner, and Jeremy Booth (hereinafter "Defendants") and move, pursuant to Federal Rule of Civil Procedure 45(d)(3)(iii), this Honorable Court to enter an order quashing, in part, the Non-Party Subpoena, issued by Plaintiff, Derrick James Williamson, Jr., to the Alabama Department of Finance. Counsel for the Defendants and the Plaintiff discussed this issue by email on July 9, 2020, and during a telephone discovery conference held on August 5, 2020. The parties agree that the warrants and checks that show the amount of the expenses and fees paid by the State of Alabama to defense counsel are responsive to the Plaintiff's Non-Party Subpoena

1

to the Alabama Department of Finance. The parties disagree on the issue of whether the invoices and detailed billing documents from defense counsel are privileged and due to be produced by Finance in response to the Plaintiff's subpoena. The Defendants' position is that these documents are privileged and not to be produced. The Plaintiff opposes the Defendants' Motion.

On July 7, 2020, the Plaintiff sent the attached "Plaintiff's Notice of Pending Issuance of Third-Party Subpoena" to all counsel. (Exhibit 1). It states that the Plaintiff "provides notice of pending issuance and intended service via United States Postal Service Certified Mail of the attached subpoena duces tecum upon July 13, 2020, or as soon thereafter as service may be effectuated. . . ." (Exhibit 1). The Plaintiff intended to file a Non-Party Subpoena to the Alabama Department of Finance requesting "a copy of the following purchase orders or established contracts from fiscal years 2019 and 2020 indicated, submitted, or referenced below and any attachments detailing the subjects of such records," listing 23 requested purchase orders. (Exhibit 1). All of these purchased orders were related to amounts paid by the State of Alabama to Phelps, Jenkins, Gibson, & Fowler, L.L.P.

Undersigned defense counsel responded to the Plaintiff's email on July 9, 2020 and stated:

> I do not have an objection to the subpoena to the extent that it requests documents that are public records and subject to the Open Records Act. It is my understanding that the purchase orders and the checks are public records; however, my detailed invoices to the state are not. They

2

> are attorney-client communications and are not public records. The amount paid to my firm is public information, but the invoices from my firm are not. While I am not entirely sure what you are requesting, I do object to the production of any attorney-client information or communications. Again, I do not object to the production of any public records. If we need to discuss this further, please let me know.

(Exhibit 2). The Plaintiff responded:

> These concerns have only surfaced because you declined discussing your fees thus far on three separate occasions from my record by raising this privilege. I do recall mentioning the state's open paybook. In the event you were aware that the amounts paid were public record, particularly regarding this case, I would have appreciated your cooperation in advising the amount received thus far. I can understand your position on the detailed invoices from the firm but I do believe there is a balance required between public records and what is protected by the attorney-client privilege. From my understanding, statutory law regarding public records will supersede any concern for such privilege but I may be incorrect. The only information being sought is the amounts, and dates, of fees paid from the general liability fund. I believe it is clear why I am investigating such fees when I am viewing amounts totaling in six figures.
>
> You may elect to remit the amounts paid, with applicable dates, in order to mitigate the issuance of this subpoena. Otherwise, I will draft an outline to more appropriately discuss these concerns when we potentially discuss discovery disputes.

(Exhibit 2). On July 10, 2020, the Plaintiff sent to undersigned counsel a document that set forth his response to the Defendants' objection to the subpoena to Finance.

Defense counsel assumed that the Plaintiff had not issued the subpoena to Finance based on this response that counsel would discuss this issue during their discovery conference. Defense counsel learned on July 29, 2020 for the first time

3

that Plaintiff had served the subpoena on Finance even after the above email exchange.

Plaintiff's subpoena directs the Finance to produce "*any attachments* detailing the subjects of such records." (Exhibit 1). As such, Plaintiff essentially requests all documents accompanying the purchase orders. This includes, *inter alia*, defense counsel's attorney invoices, containing itemized, exhaustive descriptions of the legal work performed by counsel. The subpoena is improper to the extent it seeks attorney invoices or other documents describing legal work for two reasons: 1) such documents are privileged, and 2) not every public document falls within the scope of the Alabama Open Records Act.

First, Plaintiff's demand for any documents that contain descriptions of defense counsel's legal work is improper, as the descriptions are protected by the attorney-client privilege. The privilege protects against the disclosure of statements made between an attorney and his or her client when there is 1) an attorney-client relationship, 2) a communication, and 3) an intention for the communication to be held confidential. McClary v. Walsh, 202 F.R.D. 286, 290 (N.D. Ala. 2000) (citing ALA. R. EVID. 502(b)). Courts' application of the privilege to attorney invoices have established the general rule that the attorney-client privilege does not protect against the disclosure of attorney fees. U.S. v. Patel, 2010 WL 742983, No. 2:08-CR-210-WKW, *5 (M.D. Ala. Feb. 26, 2010). It is, however, widely recognized that this rule

does not extend to portions of an attorney's invoices that "contain descriptions of legal services that reveal confidential communications." Id.; see also Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Correspondence, bills, ledgers, statements, and time records which also reveal…litigation strategy or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege."); In re Grand Jury Proceedings Subpoena to Testify to Wine, 841 F.2d 230, 232 (8th Cir. 1988); (granting motion to quash portions of the plaintiff's subpoena seeking defense attorney's billing records to the extent the records contained descriptions of legal services that revealed confidential communications); Real v. Continental Group, Inc., 116 F.R.D. 211, 214 (N.D. Cal. 1986) (denying plaintiff's discovery requests for defense counsel's fee statements and billing computer printouts due to them containing "highly detailed itemizations of all work performed," that "would necessarily reveal the nature of legal services provided").

Here, Plaintiff's pursuit of defense counsel's attorney invoices, as part of his demand for purchase orders and contracts, is directly contrary to the protection of the attorney-client privilege. Defense counsel's invoices certainly contain confidential communications, as they contain highly detailed itemizations of work performed, including, but not limited to, research theories, correspondence with clients, commentary, and other text related to specific work performed. Thus,

requiring the Finance to comply with the subpoena to produce "*any attachments detailing the subjects of such record,*" including documents containing descriptions of legal work, would completely undermine the purpose of the attorney-client privilege Defendants share with their attorney.

Additionally, the Alabama Open Records Act permits "every citizen…to inspect and take a copy of any public writing of this state." ALA. CODE § 36-12-40. The Supreme Court of Alabama has held, however, that not every public record falls within the purview of the Act. See Stone v. Consolidated Pub. Co., 404 So. 2d 678, 681 (Ala. 1981). Instead, the court has promulgated a balancing test to determine whether certain public documents are excluded from the Act. The rule-of-reason test balances "the interest of the citizens in knowing what their public officers are doing…against the interest of the general public in having the business of government carried on efficiently and without undue influence." Id. The application of this rule has resulted in weighing the privacy interests of certain public documents against the need for disclosure. Graham v. Alabama State Employees Ass'n, 991 So. 2d 710, 720 (Ala. Civ. App. 2007). Pursuant to the test, the court has set forth examples of documents that are categorically protected from the Act, including those received by a public officer in confidence and those that the disclosure of which would be detrimental to the best interests of the public. Stone, 404 So. 2d at 681.

Defendants recognize that the *purchase orders and contracts* Plaintiff seeks are subject to the Open Records Act. Defendants, therefore, do not dispute the discoverability of these particular records. To the contrary, defense counsel's detailed invoices are excluded from the Open Records Act pursuant to the above-cited balancing test. The invoices contain significant confidential information, and thus, obtain a privacy interest that far outweighs the need for public disclosure. The disclosure of the invoices would be detrimental to the preservation of the clients' interest in having confidential communications with their attorney protected. Therefore, the itemized, detailed invoices hold a privacy interest that considerably outweighs Plaintiff's need to obtain them through the Open Records Act.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order quashing the Plaintiff's subpoena issued to Finance to the extent that the response would require disclosure of privileged matter and no exception to the privilege applies.

>Respectfully submitted,
>
>TERRI OLIVE TOMPKINS
>JOSEPH R. LATHAM
>
>*/s/ TERRI OLIVE TOMPKINS*
>Attorneys for Defendants
>PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.
>1201 Greensboro Avenue
>Tuscaloosa, Alabama 35401
>Telephone: (205) 345-5100

THOMAS B. KLINNER
EDWARD C. HIXON
**/s THOMAS B. KLINNER**
Attorneys for Defendants
Alabama Department of Mental Health
Bureau of Legal Services
Department of Mental Health
P. O. Box 301410
Montgomery, AL 36130-1410

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading or paper has been served upon:

Derrick James Williamson, Jr.
8816 Old Greensboro Road, Apt. 20104
Tuscaloosa, AL 35405

Alice Ann Byrne
Laury B. Morgan
Tara S. Hetzel
Alabama Department of Personnel
Legal Department
64 North Union Street, Suite 316
Montgomery, AL 36130

on this 7th day of August, 2020, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

**/s/ TERRI OLIVE TOMPKINS**
Attorney for Defendants

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR., PRO SE  *PLAINTIFF*  V.  ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, ET AL  *DEFENDANTS* | CASE NO.: **7:19-CV-00669-LSC**  NOTICE |

## PLAINTIFF'S NOTICE OF PENDING ISSUANCE OF THIRD-PARTY SUBPOENA

**COMES NOW**, the Plaintiff, **DERRICK JAMES WILLIAMSON, JR.**, and provides notice of pending issuance and intended service via United States Postal Service Certified Mail of the attached subpoena duces tecum upon July 13, 2020, or as soon thereafter as service may be effectuated, upon:

**ALABAMA DEPARTMENT OF FINANCE**
600 Dexter Avenue, Suite E-307
Montgomery, Alabama, 36130-3021

Respectfully Noticed,

*/s/ Derrick Williamson, Jr.*
**DERRICK JAMES WILLIAMSON, JR.**, *Pro Se*
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405-8854
**Cellular Phone:** (205) 422-9664
**Email:** aeonpctech@live.com
**E-Fax:** aeonpcinno@hpeprint.com

7:19-CV-00669-LSC
**EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

**COPY FEES INCURRED, WITNESS FEE OF $40.00, AND/OR ROUND-TRIP MILEAGE FEE OF .58 CENTS PER MILE ARE THE RESPONSIBILITY OF THE PLAINTIFF**

DERRICK JAMES WILLIAMSON, JR.
*Plaintiff*
v.
ALABAMA DEPARTMENT OF MENTAL HEALTH & MENTAL RETARDATION ET AL
*Defendant*

Civil Action No. 7:19-CV-00669

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ALABAMA DEPARTMENT OF FINANCE
600 DEXTER AVENUE, SUITE E-307, MONTGOMERY, ALABAMA, 36130-3021

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE "EXHIBIT A" AS ATTACHED HEREIN. ALSO SEE ABOVE HIGHLIGHTED NOTE REGARDING POTENTIAL FEES.

```
Witness fee of $40.00 and roundtrip mileage of $.575 per mile are the
responsibility of the ProSe Plaintiff.
```

| Place: 8816 OLD GREENSBORO RD, APT 20104<br>TUSCALOOSA, ALABAMA, 35405-8854<br>AEONPCTECH@LIVE.COM | Date and Time:<br>30 DAYS FROM RECEIPT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: N/A | Date and Time:<br>N/A |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7-7-2020

CLERK OF COURT

*Pamela Cook*
*Signature of Clerk or Deputy Clerk*

OR

_____N/A_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __DERRICK JAMES WILLIAMSON, JR., AEONPCTECH@LIVE.COM, (205) 422-9664__ , who issues or requests this subpoena, are:
N/A

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DERRICK JAMES WILLIAMSON, JR., PRO SE<br><br>*PLAINTIFF*<br><br>V.<br><br>ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, ET AL<br><br>*DEFENDANTS* | CASE NO.: **7:19-CV-00669-LSC**<br><br><br>EXHIBIT A |

**EXHIBIT A – SUBPOENA TO ALABAMA DEPARTMENT OF FINANCE**

**COMES NOW**, the Plaintiff, **DERRICK JAMES WILLIAMSON, JR.**, in accordance with Rule 45 of the Federal Rules of Civil Procedure, and demands the recipient remit the following:

A. Copy of the following purchase orders or established contracts from fiscal years 2019 and 2020 indicated, submitted, or referenced below and any attachments detailing the subject of such records:

1. PO 036 90000000166 (PO/Contract#)
2. PO 061 90000000176 (PO/Contract#)
3. PO 061 90000000178 (PO/Contract#)
4. PO 036 90000000175 (PO/Contract#)
5. PO 061 90000000186 (PO/Contract#)
6. PO 036 90000000230 (PO/Contract#)
7. PO 036 00000000026 (PO/Contract#)
8. PO 061 00000000043 (PO/Contract#)
9. PV 061 20000000264 (Transaction#)
10. PO 061 00000000053 (PO/Contract#)
11. PO 036 00000000049 (PO/Contract#)
12. PO 061 00000000052 (PO/Contract#)
13. PO 061 00000000097 (PO/Contract#)
14. PO 036 00000000105 (PO/Contract#)
15. PO 036 00000000118 (PO/Contract#)
16. PO 061 00000000128 (PO/Contract#)
17. PO 061 00000000129 (PO/Contract#)
18. PO 036 00000000165 (PO/Contract#)
19. PO 061 00000000163 (PO/Contract#)

      20. PO 061 90000000202 (PO/Contract#)
      21. PO 061 90000000203 (PO/Contract#)
      22. PO 036 00000000216 (PO/Contract#)
      23. PO 036 00000000215 (PO/Contract#)

      **WHEREFORE**, Plaintiff respectfully requests the Alabama Department of Finance (600 Dexter Avenue, Suite E-307, Montgomery, Alabama, 36130-3021) remit the requested records by electronic means or United States mail.

Respectfully Demanded,

*[signature]*

**DERRICK JAMES WILLIAMSON, JR.**, *Pro Se*
8816 Old Greensboro Road, APT 20104
Tuscaloosa, Alabama, 35405-8854
**Cellular Phone:** (205) 422-9664
**Email:** aeonpctech@live.com
**E-Fax:** aeonpcinno@hpeprint.com

| | |
|---|---|
| **From:** | Derrick Williamson |
| **To:** | Terri Tompkins; Hixon, Eddie; tommy.klinner@mh.alabama.gov; Morgan, Laury; Byrne, Alice Ann; Hetzel, Tara; Joseph Latham |
| **Subject:** | Re: NOTICE: Pending Subpoena to Alabama Department of Finance |
| **Date:** | Thursday, July 9, 2020 2:29:27 PM |
| **Attachments:** | image003.png<br>Outlook-lwt2topl.png |

Good afternoon,

These concerns have only surfaced because you declined discussing your fees thus far on three separate occasions from my record by raising this privilege. I do recall mentioning the state's open paybook. In the event you were aware that the amounts paid were public record, particularly regarding this case, I would have appreciated your cooperation in advising the amount received thus far. I can understand your position on the detailed invoices from the firm but I do believe there is a balance required between public records and what is protected by the attorney-client privilege. From my understanding, statutory law regarding public records will supersede any concern for such privilege but I may be incorrect. The only information being sought is the amounts, and dates, of fees paid from the general liability fund. I believe it is clear why I am investigating such fees when I am viewing amounts totaling in six figures.

You may elect to remit the amounts paid, with applicable dates, in order to mitigate the issuance of this subpoena. Otherwise, I will draft an outline to more appropriately discuss these concerns when we potentially discuss discovery disputes.

Thank you,



**DERRICK J. WILLIAMSON, JR.**
**MAIN EMAIL:** CEO@AEONPCTech.com
**SECONDARY EMAIL:** AEONPCTECH@live.com
**PHONE:** 1.205.422.9664
**INTERNET FAX:** AEONPCInno@hpeprint.com
www.AEONPCTech.com
www.AEONComputerInnovations.com
www.Facebook.com/AEONPCTech

---

**From:** Terri Tompkins <TTompkins@pjgf.com>
**Sent:** Thursday, July 9, 2020 2:13 PM
**To:** Derrick Williamson <aeonpctech@live.com>; Hixon, Eddie <Eddie.Hixon@mh.alabama.gov>; tommy.klinner@mh.alabama.gov <tommy.klinner@mh.alabama.gov>; Morgan, Laury <laury.morgan@personnel.alabama.gov>; Byrne, Alice Ann <aliceann.byrne@personnel.alabama.gov>; Hetzel, Tara <tara.hetzel@personnel.alabama.gov>; Joseph Latham <jlatham@pjgf.com>
**Subject:** RE: NOTICE: Pending Subpoena to Alabama Department of Finance

Mr. Williamson,
I do not have an objection to the subpoena to the extent that it requests documents that are public records and subject to the Open Records Act.

**EXHIBIT 2**

It is my understanding that the purchase orders and the checks are public records; however, my detailed invoices to the state are not. They are attorney-client communications and are not public records. The amount paid to my firm is public information, but the invoices from my firm are not. While I am not entirely sure what you are requesting, I do object to the production of any attorney-client information or communications. Again, I do not object to the production of any public records. If we need to discuss this further, please let me know.

Terri

Terri Olive Tompkins
Phelps, Jenkins, Gibson & Fowler, LLP
1201 Greensboro Avenue
Tuscaloosa, AL 35401
Telephone: 205-345-5100
Telefax: 205-758-4394

**From:** Derrick Williamson <aeonpctech@live.com>
**Sent:** Tuesday, July 7, 2020 3:53 PM
**To:** Terri Tompkins <TTompkins@pjgf.com>; Hixon, Eddie <Eddie.Hixon@mh.alabama.gov>; tommy.klinner@mh.alabama.gov; Morgan, Laury <laury.morgan@personnel.alabama.gov>; Byrne, Alice Ann <aliceann.byrne@personnel.alabama.gov>; Hetzel, Tara <tara.hetzel@personnel.alabama.gov>; Joseph Latham <jlatham@pjgf.com>
**Subject:** NOTICE: Pending Subpoena to Alabama Department of Finance

Good afternoon,

See attached.

Thank you,



**DERRICK J. WILLIAMSON, JR.**
**MAIN EMAIL:** CEO@AEONPCTech.com
**SECONDARY EMAIL:** AEONPCTECH@live.com
**PHONE:** 1.205.422.9664
**INTERNET FAX:** AEONPCInno@hpeprint.com
www.AEONPCTech.com
www.AEONComputerInnovations.com
www.Facebook.com/AEONPCTech