FILED
2021 Aug-30 PM 12:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| Derrick James Williamson, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:19-cv-00669-LSC |
| ) | |
| Alabama Department of Mental ) | |
| Health and Mental Retardation, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Memorandum of Opinion granting Defendants' Motion for Summary Judgment. (Doc. 285.) For the reasons discussed below, the Court DENIES Plaintiff's Motion for Reconsideration.

## I.   Background

The initial background of this case has been presented in previous Memoranda of Opinion and Order. (*See* Doc. 285.) On August 13, 2021, the Court issued a Summary Judgment Memorandum of Opinion in this case. (Doc. 285.) Williamson's

Motion asks the Court to reconsider its decision to grant summary judgment. (Doc. 287.)

## II. Discussion

Plaintiff's Motion asks the Court to reconsider its August 13th Opinion for reasons such as (1) Defendants' did not brief all Plaintiff's claims asserted; (2) the Court made credibility determinations; and (3) the Court disregarded Plaintiff's cited authority. (Doc. 287.)

The "[o]nly grounds for granting [a] motion to alter or amend judgment are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King, 500 F.3d 1335* (11th Cir. 2007), certiorari denied 552 U.S. 1040, 169 (2007). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Further, the decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

The Court finds no manifest error of law or fact. The Court has carefully considered Plaintiff's arguments. The Court fully explained its reasoning in its Opinion, and nothing Plaintiff argues in his motion changes the Court's conclusions.

Although Plaintiff claims the Court made credibility determinations, the Court finds none.

Further, Plaintiff's claim that the Court has disregarded Plaintiff's cited authority is false. Although Plaintiff attempts to do so, Plaintiff cannot use his Motion to Reconsider as an opportunity to raise arguments Plaintiff previously made or could have made. *See Arthur,* 500 F.3d at 1335. The Court considered all relevant authority when ruling on Defendants' Motion for Summary Judgment. Thus, there is no manifest error of law or fact that warrants the granting of Plaintiff's Motion.

Plaintiff also presents no newly discovered evidence. Newly discovered evidence is not "evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Thus, evidence is not newly discovered simply because it became available after a party filed its brief on a motion but before the court issued its decision. *See id. and Grange Mut. Cas. Co. v. Slaughter*, No. 1:16-CV-03058-SCJ, 2018 WL 11312208, at *2 (N.D. Ga. July 26, 2018) ("A Rule 59(e) motion is not a vehicle for introducing evidence that could have been raised prior to the entry of judgment.").

Plaintiff's "newly discovered evidence" is Facebook posts from Defendant Booth that were posted by Booth in February of 2021. (Doc. 287-1.) Plaintiff claims that these posts are newly discovered because they "only became available [] after

the parties' close of discovery and following the Defendants' motion for summary judgment." (Doc. 287 at 55.) Plaintiff is mistaken. Because the evidence was available for a minimum of five months before the entry of judgment on August 13, 2021 and could have been used by Plaintiff prior to the entry of judgment, it cannot be considered new. As a result, the Court does not consider Plaintiff's presentation of the Facebook posts when ruling on Plaintiff's Motion.

Given that the decision to grant Plaintiff's Motion lies with the Court's sound discretion and that Plaintiff has failed to show a manifest error of law or fact or any newly discovered evidence that would warrant reconsideration, the Court denies Plaintiff's Motion to Reconsider.

## II. Conclusion

For the reasons stated above, Plaintiff's Motion to Reconsider is hereby DENIED.

**DONE** and **ORDERED** on August 30, 2021.

_____
L. Scott Coogler
United States District Judge

206888